# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IRONBURG INVENTIONS LTD. a United Kingdom Limited Company, <br><br> Plaintiff, <br><br> vs. <br><br> VALVE CORPORATION, a Washington Corporation, <br><br> Defendant. | Civil Action No. 1:15-cv-04219-MHC <br><br> **[DEMAND FOR JURY TRIAL]** |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Pursuant to Federal Rules of Civil Procedure 12 and 15, in response to the Motion to Dismiss filed by Valve Corporation ("Defendant") (Dkt. #13), Plaintiff Ironburg Inventions Ltd. ("Plaintiff"), by and through counsel, files this first amended complaint for patent infringement and demand for jury trial ("Complaint") against Defendant Valve Corporation.

Plaintiff alleges as follows:

## PARTIES

1. Plaintiff Ironburg Inventions Ltd. ("Ironburg") is a company organized and existing under the laws of the United Kingdom having its principal place of business at 10 Market Place, Wincanton, BA9 9LP, Great Britain.

2. Ironburg conducts business in the United States by and through Scuf Gaming International, LLC ("Scuf Gaming"), a Georgia-based manufacturer, wholesaler, retailer, and restorer of custom video game equipment and accessories, including video game controllers ("gaming controllers"), which include Plaintiff's patented technology.

3. On information and belief, Defendant Valve Corporation ("Valve") is a corporation organized and existing under the laws of the State of Washington, having a place of business at 10900 NE 4th Street, Suite 500, Bellevue, Washington 90084.

## JURISDICTION AND VENUE

4. This is a Complaint for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1138(a).

5.    Defendant has committed acts and continues to commit acts within this District giving rise to this action, and venue is proper under 28 U.S.C. § 1391(b) and §1400(b).

6.    On February 4, 2014, United States Patent No. 8,641,525 (hereafter the "'525 Patent") entitled, "CONTROLLER FOR VIDEO GAME CONSOLE," was duly and legally issued to Plaintiff Ironburg.  A copy of the '525 Patent is annexed hereto as **Exhibit A**.

7.    On July 28, 2015, United States Patent No. 9,089,770 (hereafter the "'770 Patent") entitled, "CONTROLLER FOR VIDEO GAME CONSOLE," which is a continuation of the '525 Patent, was duly and legally issued to Plaintiff Ironburg. A copy of the '770 Patent is annexed hereto as **Exhibit B**.

8.    On March 22, 2016, United States Patent No. 9,289,688 (hereafter the "'688 Patent") entitled, "GAMES CONTROLLER," was duly and legally issued to Plaintiff Ironburg.  A copy of the '688 Patent is annexed hereto as Exhibit C.

9.    Plaintiff Ironburg is the owner and assignee of record of the '525, the '770, and the '688 Patents (together the "Patents-in-Suit").

## FACTUAL BACKGROUND

10.   As part of its business, Plaintiff licenses its patents, including to Scuf Gaming and Microsoft Corporation.

3

11.     Defendant is presently making, using, importing, marketing, selling, and/or offering to sell gaming controllers, including but not limited to Defendant's Steam Controller[1], in this District and elsewhere in the United States that incorporate Plaintiff's patented technology.

12.     At least as early as March 7, 2014, in written and oral communications with Valve, Ironburg informed Valve that its marketing of gaming controllers, including Defendant's Steam Controller, infringe Ironburg patents.  In those pre-suit communications with Valve, Ironburg specifically identified Claim 1 and Claim 20 of the '525 Patent (the two independent claims of that patent), as well as Ironburg's then-pending patent applications, including one now issued as the '770 Patent placed at issue in this Complaint.

## COUNT I
### (Infringement Of U.S. Patent No. 8,641,525)

13.     Plaintiff repeats and realleges Paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14.      Gaming controller products made, used and sold by the defendant, including Defendant's Steam Controller, infringe the '525 patent.  Defendant's Steam Controller is a hand held controller that closely resembles the controller depicted in

---

[1] Pictures of Defendant's Steam Controller from Defendant's website (http://store.steampowered.com), which has been marketing its controller at least since March 2014, are annexed hereto as **Exhibit D**.

4

the patent. Each and every claim in the '525 patent is directed to a hand held controller. There are only two independent claims in the '525 patent: Claims 1 and 20. They are similar, but Claim 1 includes a limitation that Claim 20 does not (Claim 20 does not specify that an element is resilient and flexible). Claims 1 and 20 include the following claim elements: (1) an outer case, (2) a front control, (3) shaped to be held in the hand of a user such that the user's thumb is positioned to operate the front control, and (4) two back controls with elongated members. Defendant's Steam Controller is a hand held controller that includes the aforementioned claim elements, viz., (1) an outer case, (2) a front control, (3) shaped to be held in the hand of a user such that the user's thumb is positioned to operate the front control, and (4) two back controls with elongated members. The remaining claims of the patent include the elements of Claim 1 and add additional limitations. For example, Claim 2 further requires a top control, Claim 7 further requires that each elongate member is mounted within a recess of the case of the controller, and Claim 15 further requires a switch mechanism disposed between each of the elongate members and an outer surface of the back of the controller. The Steam Controller includes each element of exemplary Claims 1, 2, 7 and 15. Plaintiff contends that the infringement is literal, but reserves the right to rely on the doctrine of equivalents.

15.     Defendant's acts of infringement of the '525 Patent have caused and will continue to cause Plaintiff substantial and irreparable injury, for which Plaintiff is entitled to receive injunctive relief and damages adequate to compensate Plaintiff for such infringement.

16.     Plaintiff is entitled to damages under 35 U.S.C. § 284 for Defendant's infringement of one or more claims of the '525 Patent.

## COUNT II
### (Infringement Of U.S. Patent No. 9,089,770)

17.     Plaintiff repeats and realleges Paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18.     Gaming controller products made, used and sold by the defendant, including Defendant's Steam Controller, infringe the '770 patent. Defendant's Steam Controller is a hand held controller that closely resembles the controller depicted in the patent. Each and every claim in the '770 patent is directed to a gaming controller. There is only one independent claim in the '770 patent: Claim 1. Claim 1 includes the following claim elements: (1) an outer case, (2) two back controls with elongated members, (3) the first back control extending at least half the distance between the top and bottom of the controller, and (4) the second back control also extending at least half the distance between the top and bottom of the controller. Defendant's Steam Controller is a hand held controller that includes the

aforementioned claim elements, viz., (1) an outer case, (2) two back controls with elongated members, (3) the first back control extending at least half the distance between the top and bottom of the controller, and (4) the second back control also extending at least half the distance between the top and bottom of the controller. The remaining claims of the patent include the elements of Claim 1 and add additional limitations.  For example: Claim 3 further requires that the bottom edge of the controller includes a first and a second convex handle with a medial portion in between; Claim 4 further requires that the first distance [for measuring length of back controls] is between the top edge and the medial portion in Claim 3; Claim 5 further requires that the medial portion in Claim 3 is closer to the top edge than a distal end of the first and second handles; Claim 6 further requires that the back includes a recesses between the first and second handles; Claim 7 further requires that the recess in Claim 6 is recessed towards the front; Claim 8 further requires that the two elongate members are positioned at or adjacent the transition edge between each handle and the recess; and, Claim 9 further requires that the first and second handles protrude outwards from the recess. The Steam Controller includes each element of exemplary Claims 1, 3, 4-6 and 7-9.  Plaintiff contends that the infringement is literal, but reserves the right to rely on the doctrine of equivalents.

19.     Defendant's acts of infringement of the '770 Patent have caused and will continue to cause Plaintiff substantial and irreparable injury, for which Plaintiff is entitled to receive injunctive relief and damages adequate to compensate Plaintiff for such infringement.

20.     Plaintiff is entitled to damages under 35 U.S.C. § 284 for Defendant's infringement of one or more claims of the '770 Patent.

## COUNT III
### (Infringement Of U.S. Patent No. 9,289,688)

21.     Plaintiff repeats and realleges Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22.     Gaming controller products made, used and sold by the defendant, including Defendant's Steam Controller, infringe the '688 patent.  Defendant's Steam Controller is a hand held controller that closely resemble the controller depicted in the patent.  Each and every claim in the '688 patent is directed to a games controller.  There are only two independent claims in the '688 patent:  Claims 1 and 30.  They are similar, but Claim 1 is directed to a controller with certain features and controls, and Claim 30 is directed to features and controls.  Claim 1 includes the following claim elements: (1) an outer case, (2) multiple controls on the front and top of the case, (3) the case shaped to be held in two hands with the user's thumbs operating the top controls and index fingers operating the front controls,

(4) at least one additional back control with an elongate member that is operable by the user's middle, ring or little finger, (5) and the elongate member has one side disposed proximate an outer surface of the case and the opposite side is non-parallel with that outer surface.  Defendant's Steam Controller is a hand held controller that includes the aforementioned claim elements, viz., (1) an outer case, (2) multiple controls on the front and top of the case, (3) the case shaped to be held in two hands with the user's thumbs operating the top controls and index fingers operating the front controls, (4) at least one additional back control with an elongate member that is operable by the user's middle, ring or little finger, (5) and the elongate member has one side disposed proximate an outer surface of the case and the opposite side is non-parallel with that outer surface. The remaining claims of the patent include the elements of Claim 1 and add additional limitations.  The Steam Controller includes each element of exemplary Claim 1.  Plaintiff contends that the infringement is literal, but reserves the right to rely on the doctrine of equivalents.

23.   Defendant's acts of infringement of the '688 Patent have caused and will continue to cause Plaintiff substantial and irreparable injury, for which Plaintiff is entitled to receive injunctive relief and damages adequate to compensate Plaintiff for such infringement.

24. Plaintiff is entitled to damages under 35 U.S.C. § 284 for Defendant's infringement of one or more claims of the '688 Patent.

## WILLFUL INFRINGEMENT

25. Plaintiff repeats and realleges Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. On information and belief, Defendant acted despite an objectively high likelihood that its actions, including but not limited to its marketing and sales of Defendant's Steam Controller, constituted infringement of Patents-in-Suit. Defendant acted despite the fact that the objectively defined risk of infringement was either known or should have been known to the Defendant. Defendant's infringement, including but not limited to its marketing and sales of Defendant's Steam Controller, has been with actual notice of Patents-in-Suit, including as a result of Ironburg's pre-suit communications with Valve regarding Defendant's Steam Controller, the '525 Patent, and Ironburg's patent applications, including one that has now issued as the '770 Patent. Defendant's infringement, therefore, has been and is willful, so Plaintiff is entitled to enhanced damages for willful infringement.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the

following relief:

    A.  The entry of judgment declaring that Defendant has infringed each of the Patents-in-Suit;

    B.  An award of all available damages, including, but not limited to any lost profits from Defendant's infringement of the Patents-in-Suit, but in any event not less than a reasonable royalty, together with pre-judgment and post-judgment interest;

    C.  An injunction restraining Defendant and its affiliates, subsidiaries, officers, directors, agents, servants, employees, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, from further infringement of the Patents-in-Suit (as well as inducements of infringement and contributions to infringement of the Patents-in-Suit);

    D. The entry of an order declaring that this is an exceptional case and awarding Plaintiff its costs, expenses, and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law;

    E.  Enhanced and treble damages for willful infringement; AND

    F.  An order awarding Plaintiff any such other relief as the Court may deem just and proper under the circumstances.

    ///

///

///

///

///

///

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all claims and issues so triable.

Dated:      May 16, 2016              Respectfully submitted,


By: */s/ Robert D. Becker*
 Robert D. Becker, *pro hac vice*
 CA Bar No. 160648
 MANATT, PHELPS & PHILLIPS, LLP
 1841 Page Mill Road, Suite 200
 Palo Alto, CA 94304
 Telephone: (650) 812-1300
 Facsimile: (650) 213-0260

 Cynthia R. Parks, local counsel
 GA Bar No. 563929
 PARKS IP LAW LLC
 730 Peachtree St. NE, Suite 600
 Atlanta, GA 30308
 Telephone: (678) 365-4444
 Facsimile: (678) 365-4450

 Attorneys for Plaintiff
 IRONBURG INVENTIONS LTD.

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

>  */s/ Robert D. Becker*
>  Robert D. Becker

317003247.2