# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

IRONBURG INVENTIONS LTD. a
United Kingdom Limited Company,

Plaintiff,

vs.

VALVE CORPORATION, a
Washington Corporation,

Defendant.

**[DEMAND FOR JURY TRIAL]**

Civil Action No.
1:15-cv-04219-TWT

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Pursuant to Stipulation and Order (Dkt. No. 43.), Plaintiff Ironburg

Inventions Ltd. ("Plaintiff"), by and through counsel, files this Second Amended

Complaint for patent infringement and demand for jury trial against Defendant

Valve Corporation ("Defendant").

Plaintiff alleges as follows:

**PARTIES**

1.      Plaintiff Ironburg Inventions Ltd. ("Ironburg") is a company organized and

existing under the laws of the United Kingdom having its principal place of

business at 10 Market Place, Wincanton, BA9 9LP, Great Britain.

2.      Ironburg conducts business in the United States by and through Scuf

Gaming International, LLC ("Scuf Gaming"), a Georgia-based manufacturer,

wholesaler, retailer, and restorer of custom video game equipment and accessories,

including video game controllers ("gaming controllers"), which include Plaintiff's

patented technology.

3.      On information and belief, Defendant Valve Corporation ("Valve") is a

corporation organized and existing under the laws of the State of Washington,

having a place of business at 10900 NE 4th Street, Suite 500, Bellevue,

Washington 90084.

///

## JURISDICTION AND VENUE

4.      This is a complaint for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1138(a).

5.      Defendant has committed acts and continues to commit acts within this District giving rise to this action, and venue is proper under 28 U.S.C. § 1391(b) and §1400(b).

6.      On February 4, 2014, United States Patent No. 8,641,525 (hereafter the "'525 Patent") entitled, "CONTROLLER FOR VIDEO GAME CONSOLE," was duly and legally issued to Plaintiff Ironburg.  A copy of the '525 Patent is annexed hereto as **Exhibit A**.

7.      On July 28, 2015, United States Patent No. 9,089,770 (hereafter the "'770 Patent") entitled, "CONTROLLER FOR VIDEO GAME CONSOLE," which is a continuation of the '525 Patent, was duly and legally issued to Plaintiff Ironburg. A copy of the '770 Patent is annexed hereto as **Exhibit B**.

8.      On March 22, 2016, United States Patent No. 9,289,688 (hereafter the "'688 Patent") entitled, "GAMES CONTROLLER," was duly and legally issued to Plaintiff Ironburg.  A copy of the '688 Patent is annexed hereto as **Exhibit C**.

9.      On May 31, 2016, United States Patent No. 9,352, 229 (hereinafter the '229

Patent) entitled "CONTROLLER FOR A GAMES CONTROLLER," was duly and

legally issued to Ironburg.  A copy of the '229 Patent is annexed hereto as

**Exhibit D**.

10.     Plaintiff Ironburg is the owner and assignee of record of the '525, the '770,

the '688 and the '229 Patents (together the "Patents-in-Suit").

## FACTUAL BACKGROUND

11.     As part of its business, Plaintiff licenses its patents, including to Scuf

Gaming and Microsoft Corporation.

12.     Defendant is presently making, using, importing, marketing, selling, and/or

offering to sell gaming controllers, including but not limited to Defendant's Steam

Controller[1], in this District and elsewhere in the United States that incorporate

Plaintiff's patented technology.

13.     The Patents-in-Suit all have claims directed to gaming controllers with

controls located on the back of the controllers.

14.     At least as early as March 7, 2014, in written and oral communications with

Valve, Ironburg notified Valve that its marketing of gaming controllers, including

Valve's Steam Controller, infringed Ironburg's gaming controller patents.  In those

---

[1] Pictures of Defendant's Steam Controller from Defendant's website
(http://store.steampowered.com), which has been marketing its controller at least
since March 2014, are annexed hereto as **Exhibit E**.

pre-suit communications with Valve, Ironburg specifically identified Claims 1 and 20 of the '525 Patent at issue in this suit (the two independent claims of that patent), as well as Ironburg's then-pending patent applications, including one now issued as the '770 Patent at issue in this suit.

15.     On December 3, 2015, Ironburg notified Valve in writing that its marketing of gaming controllers, including Defendant's Steam Controller, infringed the '525 and '770 Patents at issue in this suit.

16.     On December 3, 2015, Ironburg filed the complaint which initiated this suit. In that Complaint, Ironburg notified Valve in writing that its marketing of gaming controllers, including Defendant's Steam Controller, infringed the '525 and '770 Patents at issue in this suit.

17.     On May 16, 2016, Ironburg filed its First Amended Complaint, which included allegations that Valve's marketing of its gaming controllers, including Defendant's Steam Controller, infringed upon the '688 Patent, as well as the '525 and '770 Patents.

18.     On June 13, 2016, Ironburg notified Valve in writing that its marketing of gaming controllers, including Defendant's Steam Controller, infringed not only the '525, '770 and '688 Patents at issue in this suit, but also the newly-issued '229 Patent, including Claim 3 of the '229 Patent.

19.     Despite the June 13, 2016 notice, as well as Ironburg's previous

communications with Valve regarding the '525, '770, and '688 Patents being

infringed by Valve's marketing of its controllers, as well as Ironburg filing suit on

December 3, 2015, as of the date of this filing, Valve still continues to market

those controllers in the U.S., including through its website (*see*

http://store.steampowered.com/app/353370), and U.S. retailers like Amazon

continue to sell those controllers (*see, e.g.,* https://www.amazon.com/Steam-

Controller-SteamOS/dp/B016KBVBCS).

## COUNT I
### (Infringement Of U.S. Patent No. 8,641,525)

20.     Plaintiff repeats and realleges Paragraphs 1 through 19 of this complaint as

if fully set forth herein.

21.     Gaming controller products made, used and sold by the defendant, including

Defendant's Steam Controller, infringe the '525 patent.  Defendant's Steam

Controller is a hand held controller that closely resembles the controller depicted in

the patent.  Each and every claim in the '525 patent is directed to a hand held

controller.  There are only two independent claims in the '525 patent:  Claims 1 and

20.  They are similar, but Claim 1 includes a limitation that Claim 20 does not

(Claim 20 does not specify that an element is resilient and flexible).  Claims 1 and

20 include the following claim elements: (1) an outer case, (2) a front control, (3)

shaped to be held in the hand of a user such that the user's thumb is positioned to

operate the front control, and (4) two back controls with elongated members.

Defendant's Steam Controller is a hand held controller that includes the

aforementioned claim elements, viz., (1) an outer case, (2) a front control, (3)

shaped to be held in the hand of a user such that the user's thumb is positioned to

operate the front control, and (4) two back controls with elongated members. The

remaining claims of the patent include the elements of Claim 1 and add additional

limitations.  For example, Claim 2 further requires a top control, Claim 7 further

requires that each elongate member is mounted within a recess of the case of the

controller, and Claim 15 further requires a switch mechanism disposed between

each of the elongate members and an outer surface of the back of the controller.

The Steam Controller includes each element of exemplary Claims 1, 2, 7 and 15.

Plaintiff contends that the infringement is literal, but reserves the right to rely on

the doctrine of equivalents.

22.     Defendant's acts of infringement of the '525 Patent have caused and will

continue to cause Plaintiff substantial and irreparable injury, for which Plaintiff is

entitled to receive injunctive relief and damages adequate to compensate Plaintiff

for such infringement.

23.     Plaintiff is entitled to damages under 35 U.S.C. § 284 for Defendant's

infringement of one or more claims of the '525 Patent.

## COUNT II
### (Infringement Of U.S. Patent No. 9,089,770)

24.     Plaintiff repeats and realleges Paragraphs 1 through 23 of this complaint as if fully set forth herein.

25.     Gaming controller products made, used and sold by the defendant, including Defendant's Steam Controller, infringe the '770 patent.  Defendant's Steam Controller is a hand held controller that closely resembles the controller depicted in the patent.  Each and every claim in the '770 patent is directed to a gaming controller.  There is only one independent claim in the '770 patent:  Claim 1. Claim 1 includes the following claim elements: (1) an outer case, (2) two back controls with elongated members, (3) the first back control extending at least half the distance between the top and bottom of the controller, and (4) the second back control also extending at least half the distance between the top and bottom of the controller.  Defendant's Steam Controller is a hand held controller that includes the aforementioned claim elements, viz., (1) an outer case, (2) two back controls with elongated members, (3) the first back control extending at least half the distance between the top and bottom of the controller, and (4) the second back control also extending at least half the distance between the top and bottom of the controller. The remaining claims of the patent include the elements of Claim 1 and add

-7-

additional limitations.  For example: Claim 3 further requires that the bottom edge of the controller includes a first and a second convex handle with a medial portion in between; Claim 4 further requires that the first distance [for measuring length of back controls] is between the top edge and the medial portion in Claim 3; Claim 5 further requires that the medial portion in Claim 3 is closer to the top edge than a distal end of the first and second handles; Claim 6 further requires that the back includes a recesses between the first and second handles; Claim 7 further requires that the recess in Claim 6 is recessed towards the front; Claim 8 further requires that the two elongate members are positioned at or adjacent the transition edge between each handle and the recess; and, Claim 9 further requires that the first and second handles protrude outwards from the recess. The Steam Controller includes each element of exemplary Claims 1, 3, 4-6 and 7-9.  Plaintiff contends that the infringement is literal, but reserves the right to rely on the doctrine of equivalents.

26.     Defendant's acts of infringement of the '770 Patent have caused and will continue to cause Plaintiff substantial and irreparable injury, for which Plaintiff is entitled to receive injunctive relief and damages adequate to compensate Plaintiff for such infringement.

27.     Plaintiff is entitled to damages under 35 U.S.C. § 284 for Defendant's infringement of one or more claims of the '770 Patent.

## COUNT III
### (Infringement Of U.S. Patent No. 9,289,688)

28.     Plaintiff repeats and realleges Paragraphs 1 through 27 of this complaint as

if fully set forth herein.

29.     Gaming controller products made, used and sold by the defendant, including

Defendant's Steam Controller, infringe the '688 patent.  Defendant's Steam

Controller is a hand held controller that closely resemble the controller depicted in

the patent.  Each and every claim in the '688 patent is directed to a games

controller.  There are only two independent claims in the '688 patent:  Claims 1 and

30.  They are similar, but Claim 1 is directed to a controller with certain features

and controls, and Claim 30 is directed to features and controls.  Claim 1 includes

the following claim elements: (1) an outer case, (2) multiple controls on the front

and top of the case, (3) the case shaped to be held in two hands with the user's

thumbs operating the top controls and index fingers operating the front controls,

(4) at least one additional back control with an elongate member that is operable by

the user's middle, ring or little finger, (5) and the elongate member has one side

disposed proximate an outer surface of the case and the opposite side is non-

parallel with that outer surface.  Defendant's Steam Controller is a hand held

controller that includes the aforementioned claim elements, viz., (1) an outer case,

(2) multiple controls on the front and top of the case, (3) the case shaped to be held

in two hands with the user's thumbs operating the top controls and index fingers operating the front controls, (4) at least one additional back control with an elongate member that is operable by the user's middle, ring or little finger, (5) and the elongate member has one side disposed proximate an outer surface of the case and the opposite side is non-parallel with that outer surface. The remaining claims of the patent include the elements of Claim 1 and add additional limitations.  The Steam Controller includes each element of exemplary Claim 1.  Plaintiff contends that the infringement is literal, but reserves the right to rely on the doctrine of equivalents.

30.     Defendant's acts of infringement of the '688 Patent have caused and will continue to cause Plaintiff substantial and irreparable injury, for which Plaintiff is entitled to receive injunctive relief and damages adequate to compensate Plaintiff for such infringement.

31.     Plaintiff is entitled to damages under 35 U.S.C. § 284 for Defendant's infringement of one or more claims of the '688 Patent.

## COUNT IV
### (Infringement Of U.S. Patent No.  9,352, 229)

32.     Plaintiff repeats and realleges Paragraphs 1 through 31 of this complaint as if fully set forth herein.

33.     Gaming controller products made, used and sold by the defendant, including

Defendant's Steam Controller, infringe the '229 patent.  Defendant's Steam Controller is a hand held controller that closely resembles the controller depicted in the patent.  Each and every claim in the '229 patent is directed to a games controller.  There are only two independent claims in the '229 patent:  Claims 1 and 24.  They are similar, but Claim 24 also includes an element for a mounting plate on the back of the controller.  Claim 1 includes the following claim elements: (1) an outer case, (2) multiple controls on the front and top of the case, (3) the case is shaped to be held in two hands with the user's thumbs operating the top controls and index fingers operating the front controls, (4) at least one additional back control with an elongate member that is operable by the user's middle finger, (5) the additional control is inherently resilient and flexible and can be displaced by the user to activate a control function, and (6) the elongate member is at least partially disposed in a respective channel located on the back of the outer case (the channel being elongated along a longitudinal dimension of the elongate member). Defendant's Steam Controller is a hand held controller that includes the aforementioned claim elements, viz., (1) an outer case, (2) multiple controls on the front and top of the case, (3) the case is shaped to be held in two hands with the user's thumbs operating the top controls and index fingers operating the front controls, (4) at least one additional back control with an elongate member that is

operable by the user's middle finger, (5) the additional control is inherently

resilient and flexible and can be displaced by the user to activate a control function,

and (6) the elongate member is at least partially disposed in a respective channel

located on the back of the outer case (the channel being elongated along a

longitudinal dimension of the elongate member).  The remaining claims of the

patent include the elements of Claim 1 and add additional limitations.  For

example, Claim 3 further requires that the elongate member comprises a first

dimension and the controller comprises a cover portion forming a conduit

enclosing the elongate member within the respective channel along a portion of the

first dimension of the elongate member.  The Steam Controller includes each

element of exemplary Claims 1 and 3.  Plaintiff contends that the infringement is

literal, but reserves the right to rely on the doctrine of equivalents.

34.     Defendant's acts of infringement of the '229 Patent have caused and will

continue to cause Plaintiff substantial and irreparable injury, for which Plaintiff is

entitled to receive injunctive relief and damages adequate to compensate Plaintiff

for such infringement.

35.     Plaintiff is entitled to damages under 35 U.S.C. § 284 for Defendant's

infringement of one or more claims of the '229 Patent.

///

## INCREASED DAMAGES UNDER 35 U.S.C. § 284

36.     Plaintiff repeats and realleges Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37.     Plaintiff is entitled to increased or enhanced damages under 35 U.S.C. Section 284 for ongoing egregious and willful misconduct.  Valve's infringement has been and is willful and its conduct has been and is egregious.

38.     Valve's egregious and willful misconduct includes but is not limited to the continued, deliberate sale of gaming controllers, including the Steam Controller, despite repeated and ever increasing notifications and cease and desist demands from Ironburg that the Steam Controller infringes at least four patents.  Valve's egregious conduct is beyond what is found in a typical patent case.

39.     Valve has and continues to sell the accused controllers despite actual knowledge that the Steam Controller that it continues to sell actually infringes at least the four patents at issue in this suit.

40.     Additionally, Valve acted despite a high likelihood that its actions, including but not limited to its marketing and sales of Valve's Steam Controller, constituted infringement of the Patents-in-Suit.  Valve acted despite the fact that the risk of infringement should have been known to the Valve and was actually known to Valve since at least March 7, 2014.  Valve's infringement, including but not

limited to its marketing and sales of the Steam Controller, has been with actual

notice of infringement of each of the Patents-in-Suit, including as a result of

Ironburg's communications with Valve regarding Defendant's Steam Controller

and Ironburg's patents and patent applications.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the

following relief:

A.  The entry of judgment declaring that Defendant has infringed each of the

Patents-in-Suit;

B.  An award of all available damages, including, but not limited to any lost

profits from Defendant's infringement of the Patents-in-Suit, but in any event not

less than a reasonable royalty, together with pre-judgment and post-judgment

interest;

C.  An injunction restraining Defendant and its affiliates, subsidiaries,

officers, directors, agents, servants, employees, representatives, licensees,

successors, assigns, and all those acting for them and on their behalf, from further

infringement of the Patents-in-Suit, as well as inducements of infringement and

contributions to infringement of the Patents-in-Suit;

D. The entry of an order declaring that this is an exceptional case and

awarding Plaintiff its costs, expenses, and reasonable attorney fees under 35 U.S.C.

§ 285 and all other applicable statutes, rules, and common law;

     E.  An award of enhanced and treble damages under 35 U.S.C. § 284 for

Defendant's egregious conduct beyond what is found in a typical patent case; AND

     F.  An order awarding Plaintiff any such other relief as the Court may deem

just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

     Plaintiff demands trial by jury on all claims and issues so triable.

     Respectfully submitted,

Dated:  August 15, 2016          By: */s/ Robert D. Becker*
                    Robert D. Becker, *pro hac vice*
                    CA Bar No. 160648
                    MANATT, PHELPS & PHILLIPS, LLP
                    1841 Page Mill Road, Suite 200
                    Palo Alto, CA 94304
                    Telephone: (650) 812-1300
                    Facsimile: (650) 213-0260

                    Cynthia R. Parks, local counsel
                    GA Bar No. 563929
                    PARKS IP LAW LLC
                    730 Peachtree St. NE, Suite 600
                    Atlanta, GA 30308
                    Telephone: (678) 365-4444
                    Facsimile: (678) 365-4450

                    Attorneys for Plaintiff
                    IRONBURG INVENTIONS LTD.

-16-

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2016, I served the foregoing with the

Clerk of Court using the CM/ECF system which will automatically send email

notification of such filing to the attorneys of record.

/s/ Robert D. Becker
Robert D. Becker

317406708.5