IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IRONBURG INVENTIONS LTD.
a United Kingdom Limited Company,

   Plaintiff,

     v.

VALVE CORPORATION
a Washington Corporation,

   Defendant.

CIVIL ACTION FILE
NO. 1:15-CV-4219-TWT

**OPINION AND ORDER**

This is an action for patent infringement. It is before the Court on the Defendant Valve Corporation's Motion to Transfer [Doc. 110]. For the reasons set forth below, the Court grants the Defendant's Motion [Doc. 110] and transfers this case to the Western District of Washington.

**I. Background**

The Plaintiff Ironburg Inventions Ltd. ("Ironburg") – a corporation based in the United Kingdom – and the Defendant Valve Corporation ("Valve") – a Washington corporation with its headquarters in Bellevue, Washington – compete in the video game controller market.[1] Ironburg asserts that Valve is infringing on three patents held

---

[1] Compl. ¶¶ 1-3.

by Ironburg. Ironburg filed a Second Amended Complaint on August 15, 2016.[2] In response, Valve filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)[3] and filed an Answer.[4] In its Answer, Valve denied that venue was proper under 28 U.S.C. § 1391(b) and § 1400(b), but then later admitted it was proper in the counterclaims section of its Answer.[5] Valve never filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(3). On June 28, 2017, Valve filed the present Motion to Transfer the action, arguing that venue is improper. In addition, Valve seeks leave to file an amended Answer, to the extent the Court deems it necessary. Ironburg argues that Valve waived the defense of improper venue by omitting the defense from its Motion to Dismiss. Valve contends that the defense was not waived because it was not available until the Supreme Court's May 22, 2017 decision in TC Heartland LLC v. Kraft Foods Group Brands LLC.[6] In TC Heartland, the Supreme Court held that "a domestic corporation 'resides' only in its State of incorporation for purposes of the

---

[2] [Doc. 44].

[3] [Doc. 48].

[4] [Doc. 49].

[5] Def.'s Answer to the Pl.'s Second Am. Compl. ¶ 5; Id., Counterclaims ¶ 5.

[6] 137 S. Ct. 1514 (2017).

patent venue statute."[7] Thus, under the Supreme Court's holding, venue for this action would be proper in the Western District of Washington.

## II. Legal Standard

In patent infringement cases, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."[8] As noted above, in a patent infringement action, a corporate defendant resides in its state of incorporation.[9] "[I]n determining whether a corporate defendant has a regular and established place of business in a district, the appropriate inquiry is whether the corporate defendant does its business in that district through a permanent and continuous presence there."[10]

While the Plaintiff bears the burden of showing that the venue is proper,[11] a defendant may waive its privilege to demand a proper venue.[12] In order to avoid waiver, a defendant must raise an improper venue defense in a motion prior to

---

[7] Id. at 1517.

[8] 28 U.S.C. § 1400(b).

[9] TC Heartland, 137 S. Ct. at 1517.

[10] In re Cordis Corp., 769 F.2d 733, 737 (Fed. Cir. 1985).

[11] Wai v. Rainbow Holdings, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004).

[12] Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979).

responsive pleading or as part of the responsive pleading.[13] Stated differently, a defendant "who does not initially raise certain [available] defenses – lack of personal jurisdiction, improper venue, improper process, and improper service of process – cannot invoke those defenses later on."[14] Nevertheless, there are generally accepted exceptions to waiver. One such exception is that "a party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made."[15] A defense is unavailable if "its legal basis did not exist at the time of the answer or pre-answer motion."[16]

### III. Discussion

Valve's Motion turns on a single issue: whether TC Heartland constitutes an intervening change in the law.[17] TC Heartland affirmed the Supreme Court's 1957

---

[13] FED. R. CIV. P. 12(b), 12(h)(1).

[14] Paleteria v. La Michoacana v. Productos Lacteos, 905 F. Supp. 2d 189, 192 (D.D.C. 2012).

[15] Holzsager v. Valley Hosp., 646 F.2d 792, 796 (2d Cir. 1981); see also Holland v. Big River Minerals Corp., 181 F.3d 597, 605 (4th Cir. 1999) (noting that an exception to waiver exists "when there has been an intervening change in the law recognizing an issue that was not previously available").

[16] Gilmore v. Palestinian Interim Self-Government Auth., 843 F.3d 958, 964-65 (D.C. Cir. 2016) (quoting Chatmen-Bey v. Thornburgh, 864 F.2d 804, 813 n.9 (D.C. Cir. 1988)).

[17] Valve attempts to argue that it did not waive an improper venue defense because it objected to venue in its Answer to the Plaintiff's Second Amended

decision in Fourco Glass Co. v. Transmirra Products Corp.[18] by holding that the patent venue statute, 28 U.S.C. § 1400(b), not the general venue statute, 28 U.S.C. § 1391(c), is the operative statute for determining where a domestic corporation resides for purposes of patent infringement litigation.[19] In 1988, Congress amended the general venue statute to provide that "[f]or purposes of venue under this chapter," a defendant corporation is deemed "to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."[20] Then, in 1990, the Federal Circuit held in VE Holding Corp. v. Johnson Gas Appliance Co. that – as a matter of first impression – Fourco was superseded by the 1988 statutory amendment.[21] Relying on the phrase "[f]or purposes of venue under this chapter," the Federal Circuit concluded that the amended § 1391(c) "clearly applies to § 1400(b),

---

Complaint. But this argument is without merit. Under Federal Rule of Civil Procedure 12(h), Valve needed to either raise a venue objection by a Rule 12(b)(3) motion or include a venue objection as an affirmative defense in its answer if no Rule 12(b)(3) motion was filed. See FED. R. CIV. P. 12(h). Valve filed multiple Rule 12 motions, but did not challenge venue in any of its motions. See [Docs. 13, 20, 48]. As a result, Valve waived the defense of improper venue.

[18] 353 U.S. 222 (1957).

[19] TC Heartland LLC v. Kraft Foods Grp. Brands LLC, 137 S. Ct. 1514, 1521 (2017).

[20] Id. at 1519 (quoting Judicial Improvements and Access to Justice Act, § 1013(a), 103 Stat. 4669).

[21] 917 F.2d 1574, 1584 (Fed. Cir. 1990).

and thus redefines the meaning of the term 'resides' in that section."[22] VE Holding controlled patent venue law for almost thirty years until it was abrogated by TC Heartland.

Since the Supreme Court issued its opinion, patent defendants have sought venue transfers, arguing that TC Heartland is a "sea change" in venue law for patent cases.[23] They further contend that mandating defendants to raise a defense that is contrary to controlling Federal Circuit precedent is unreasonable and ignores the significant impact of VE Holding. In response, the patent plaintiffs contend that because the Supreme Court never overruled Fourco, and circuit courts have no authority to overrule Supreme Court precedent, Fourco should have always governed venue in patent cases, irrespective of the Federal Circuit's holding in VE Holding.

The majority of district courts that have addressed the issue have agreed with the patent plaintiffs and have held that TC Heartland did not constitute an intervening change in law.[24] Many of these district courts have premised their holdings on the

---

[22] Id. at 1578-80.

[23] Westech Aerosol Corp. v. 3M Co., No. C17-5067-RBL, 2017 WL 2671297, at *2 (W.D. Wash. June 21, 2017).

[24] See, e.g., Cobalt Boats, LLC v. Sea Ray Boats, Inc., No. 2:15cv21, 2017 WL 2556679, at *3 (E.D. Va. June 7, 2017); Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC, No. 2:15-CV-0037-RWS-RSP, 2017 WL 2651618, at *20 (E.D. Tex. June 20, 2017); Infogation Corp. v. HTC Corp., No. 16-CV-01902-H-JLB, 2017 WL 2869717, at *4 (S.D. Cal. July 5, 2017); Amax, Inc. v. ACCO Brands Corp., No.

notion that VE Holding attempted to "overrule" Fourco.[25] The Court disagrees with that notion. It is clear that the Federal Circuit did not attempt to overrule Supreme Court precedent in VE Holding. Indeed, as the Court noted above, the Federal Circuit viewed the issue as a matter of first impression:

> The issue, then, is not whether the prior cases, including Supreme Court cases, determined that under different statutory language Congress' intent was that § 1400(b) stood alone. The issue is, what, as a matter of first impression, should we conclude the Congress now intends by this new language in the venue act.[26]

The Supreme Court in TC Heartland – appearing to acknowledge that the issue was a matter of first impression – noted that the Federal Circuit in VE Holding addressed whether "subsequent statutory amendments had effectively amended § 1400(b) as construed in Fourco, with the result that § 1391(c) now supplies the definition of 'resides' in § 1400(b)."[27] While the Supreme Court concluded that the Federal Circuit

---

CV 16-10695-NMG, 2017 WL 2818986, at *3 (D. Mass. June 29, 2017).

[25] See Cobalt Boats, 2017 WL 2556679, at *3 ("The Supreme Court has never overruled Fourco, and the Federal Circuit cannot overrule binding Supreme Court precedent.").

[26] VE Holding, 917 F.2d at 1579.

[27] TC Heartland LLC v. Kraft Foods Grp. Brands LLC, 137 S. Ct. 1514, 1517 (2017).

was incorrect in finding that the 1988 amendment had amended § 1400(b), it did not conclude that the Federal Circuit had overruled Fourco.[28]

TC Heartland undoubtedly changed the venue landscape.[29] For twenty-seven years, countless courts relied on VE Holding to determine the proper venue in patent infringement cases.[30] The Supreme Court acknowledged this fact in TC Heartland, stating that since its Fourco decision, the venue "landscape remained effectively unchanged until 1988, when Congress amended the general venue statute," and that following VE Holding in 1990, "no new developments occurred until Congress adopted the current version of § 1391 in 2011 (again leaving § 1400(b) unaltered)."[31] "Thus, the Supreme Court itself acknowledged that the venue landscape has changed and developed since its decision 60 years ago in Fourco, including when VE Holding 'announced its view' of the effect of Congress' amendment of § 1391(c) on the patent

---

[28] See OptoLum, Inc. v. Cree, Inc., No. CV-16-03828-PHX-DLR, 2017 WL 3130642, at *3 (D. Ariz. July 24, 2017) ("The Supreme Court disagreed with VE Holding in this regard, but it did not do so on the ground that VE Holding had improperly 'overruled' Fourco.").

[29] See In re Sea Ray Boats, Inc., No. 2017-124, 2017 WL 2577399, at *1 (Fed. Cir. June 9, 2017) (Newman, J., dissenting) ("There is little doubt that the Court's decision in TC Heartland . . . was a change in the law of venue . . . .").

[30] See, e.g., Trintec Indus., Inc. v. Pedre Promotional Prod., Inc., 395 F.3d 1275, 1280 (Fed. Cir. 2005).

[31] TC Heartland, 137 S. Ct. at 1519.

venue statute."[32] As a result, the Court finds that TC Heartland is an intervening change in the law. Valve did not waive the defense of improper venue by failing to assert it in its prior Motions to Dismiss.[33]

In response, Ironburg argues that Valve should have preserved its improper venue defense, despite years of Federal Circuit precedent to the contrary. Ironburg, quoting Elbit Systems Land v. Hughes Network Systems, asserts that the Defendant "would have ultimately succeeded in convincing the Supreme Court to reaffirm Fourco, just as the petitioner in TC Heartland did."[34] The Court is unconvinced. If Valve had asserted such a defense, it would have been found to be totally without merit. To argue otherwise "ignores the significant impact of VE Holding and the patent bar's reliance on the case for nearly three decades."[35] The Court agrees with the District of Arizona's reasoning in OptoLum:

> [Valve], of course, could have incurred the time and expense of appealing to the Federal Circuit and losing, . . . and then filing a petition with the Supreme Court in the hope that it would grant certiorari and reverse VE Holding. But the Court does not find that this lengthy and

---

[32] OptoLum, 2017 WL 3130642, at *3.

[33] See id. at *4; Westech Aerosol Corp. v. 3M Co., No. C17-5067-RBL, 2017 WL 2671297, at *2 (W.D. Wash. June 21, 2017).

[34] See Pl.'s Resp. Br., at 11-12 (quoting No. 2:15-CV-00037-RWS-RSP, 2017 WL 2651618, at *20 (E.D. Tex. June 20, 2017)).

[35] OptoLum, 2017 WL 3130642, at *4.

expensive litigation strategy, with the mere possibility that <u>VE Holding</u> might be overturned, rendered the defense of improper venue "available" to [Valve] when it filed its answer and initial motion to dismiss.[36]

The Court also finds that granting Valve's Motion to Transfer does not unduly prejudice Ironburg. The case is not on the eve of trial.[37] While there has been a <u>Markman</u> hearing, the Court has not issued a claim construction order. Nor has the matter reached the summary judgment stage. Moreover, the Court finds that there was no intentional delay on the part of Valve with regard to its Motion to Transfer. Valve filed its Motion a little over a month after <u>TC Heartland</u> was decided.

Because the Court concludes that Valve may assert the defense of improper venue, the burden is now on Ironburg to demonstrate that venue is proper in the Northern District of Georgia.[38] As the Court previously discussed, under § 1400(b) any action for patent infringement "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."[39] The parties do not dispute that Ironburg

---

[36] <u>Id.</u>

[37] <u>See, e.g.</u>, <u>Elbit Sys.</u>, 2017 WL 2651618, at *19 (noting that the defendant raised the issue of improper venue less than two months from trial).

[38] <u>Piedmont Label Co. v. Sun Garden Packing Co.</u>, 598 F.2d 491, 496 (9th Cir. 1979).

[39] 28 U.S.C. § 1400(b).

resides in the Western District of Washington. Thus, the only remaining question is whether Valve "has committed acts of infringement and has a regular and established place of business" in the Northern District of Georgia.[40] In its Response Brief, Ironburg does not argue that Valve has a regular and established place of business in the Northern District of Georgia. And the Court has not seen any evidence that it does. As a result, the Court has the option to either dismiss the case or transfer it to the Western District of Washington. In the interest of justice, the Court will transfer the case to the District Court for the Western District of Washington. The Court will also grant Valve's request for leave to amend its Answer to Ironburg's Second Amended Complaint for the purpose of asserting the defense of improper venue.[41]

### IV. Conclusion

For these reasons, the Court GRANTS the Defendant Valve Corporation's Motion to Transfer [Doc. 110].

SO ORDERED, this 3 day of August, 2017.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[40] <u>Id.</u>

[41] <u>See</u> FED. R. CIV. P. 15(a)(2).