UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IRONBURG INVENTIONS LTD.,

    Plaintiff,

  v.

VALVE CORPORATION,

    Defendant.

C17-1182 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant's motion to compel supplemental infringement contentions and to strike doctrine of equivalents infringement contentions, docket no. 71, is DENIED.

(2) Defendant's motion for stay pending resolution of proceedings before the Patent Trial and Appeal Board ("PTAB"), docket no. 136, is DENIED in part and GRANTED in part, as follows:

    (a) With regard to plaintiff's infringement claims relating to U.S. Patent Nos. 8,641,525 (the "'525 Patent") and 9,089,770 (the "'770 Patent"), defendant's motion for stay is DENIED. The PTAB has already issued final written decisions in Case IPR2016-00948 (regarding the '525 Patent) and Case IPR2016-00949 (regarding the '770 Patent). <u>See</u> Exs. E & F to Becker Decl. (docket nos. 142-5 & 142-6). Although Case IPR2017-00136 (regarding the '525 Patent) and Case IPR2017-00137 (regarding the '770 Patent) remain pending, plaintiff has been authorized to file motions to terminate such proceedings on the basis of estoppel arising from defendant's failure to earlier raise the grounds of unpatentability asserted therein. <u>See</u> Ex. G to Becker Decl. (docket no. 142-7). Even if, however, plaintiff's motions to terminate are denied, given the patent

MINUTE ORDER - 1

claims as to which Case IPR2017-00136 and Case IPR2017-00137 were instituted, any PTAB decision would not affect the patent claims that plaintiff may, in light of the PTAB's prior rulings, assert in this action were and/or are being infringed, namely dependent claims 2-5, 7-12, 15, and 18 of the '525 Patent, and dependent claims 13 and 14 of the '770 Patent. The Court is persuaded that a stay with respect to infringement claims relating to the '525 and '770 Patents would serve no purpose and might unduly prejudice plaintiff. *See Supercell Oy v. Rothschild Digital Media Innovations, LLC*, 2016 WL 9226493 at *2 (W.D. Wash. July 28, 2016) (outlining as factors to consider in deciding a motion to stay: (i) the stage of the case; (ii) whether a stay would simplify the court proceedings; and (iii) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party).

    (b)    With regard to plaintiff's infringement claims relating to U.S. Patent Nos. 9,289,688 (the "'688 Patent") and 9,352,229 (the "'229 Patent"), defendant's motion for stay is GRANTED. Having reviewed the PTAB's Decision Instituting *Inter Partes* Review ("IPR") in Case IPR2017-00858 (relating to the '688 Patent) and defendant's Petition for *Inter Partes* Review of the '229 Patent, which were filed at the Court's direction, *see* Minute Order (docket no. 145); Def.'s Resp. (docket no. 147), the Court is persuaded that the issues raised in the pending IPR proceedings are distinct from the matters addressed in the PTAB's final decisions relating to the '525 and '770 Patents. Moreover, with the exception of the term "elongate member," the claim language in the '688 and '229 Patents that the parties have asked the Court to construe does not overlap with the disputed terms of the '525 and '770 Patents. *See* Joint Claim Construction Statement (docket no. 64). Thus, bifurcating the infringement claims relating to the '525 and '770 Patents from those arising from the '688 and '229 Patents, and staying the latter claims pending the outcome of the associated proceedings before the PTAB, will likely simplify this litigation without causing undue prejudice or resulting in an unfair tactical advantage.

    (3)    In light of the stay relating to the '688 and '229 Patents, the Court DECLINES to construe at this time the disputed terms numbered 11-15 and 17-18 in Exhibit 1 to the parties' Joint Claim Construction Statement, docket no. 64-1. On or before noon on January 2, 2018, the parties shall file supplemental briefs, not to exceed ten (10) pages in length, addressing the following issues: (i) with respect to the disputed claim terms numbered 1, 3, 4, and 5, whether the PTAB's interpretations as set forth in its final decisions in Case Nos. IPR2016-00948 and IPR2016-00949 are binding, or, if not, whether they should be adopted for purposes of this litigation; (ii) whether, as a result of the PTAB's rulings in the IPR matters, any of the other disputed claim terms can be removed from the list of terms the parties wish the Court to construe; and (iii) whether defendant's contention that certain disputed terms are "indefinite" is more appropriately addressed in connection with a dispositive motion, rather than during claim construction.

1    (4)    A scheduling conference is SET for Friday, January 5, 2018, at 9:00 a.m.

2    (5)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 6th day of December, 2017.

William M. McCool  
Clerk

s/Karen Dews  
Deputy Clerk

MINUTE ORDER - 3