UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IRONBURG INVENTIONS LTD., a United Kingdom Limited Company,

Plaintiff,

v.

VALVE CORPORATION, a Washington corporation,

Defendant.

Case No. C17-1182-TSZ-JPD

ORDER DENYING MOTION TO AMEND INVALIDITY CONTENTIONS

## I. INTRODUCTION AND SUMMARY CONCLUSION

This matter comes before the Court upon defendant Valve Corporation ("Valve")'s motion to amend its invalidity contentions to include the SEGA Arcade Racer controller. Dkt. 201. After review of the parties' submissions, the governing law, and the balance of the record, the Court DENIES Valve's motion. Dkt. 201.

## II. DISCUSSION

A. Background

On December 3, 2015, Ironburg Inventions Ltd. ("Ironburg") sued Valve Corporation ("Valve"), accusing it of infringing Ironburg's U.S. Patents Nos. 8,641,525; 9,089,770; 9,289,688; and 9,352,229, relating to video game controllers. Dkt. 1. The case was initially filed in the Northern District of Georgia, but subsequently transferred to the Western District of

Washington. Dkt. 116. Prior to transfer, the case management order directed the parties to complete claims construction discovery by December 17, 2016, fact discovery on April 10, 2017, and expert discovery by August 25, 2017. Dkt. 47. By Order dated August 3, 2017, the case was transferred to the Western District of Washington. Dkt. 116.

In the status report filed with this Court, the parties jointly agreed that they had "completed disclosure of the asserted patent claims, exchanged infringement and validity contentions, exchanged and met and conferred on claim constructions as required by the local patent rules…" Dkt. 143 at 3. The Court set a trial date of January 14, 2019, and directed supplemental invalidity contentions to be filed by January 19, 2018, expert reports to be exchanged by May 24, 2018, and discovery to be completed by July 6, 2018. Dkt. 153 (subsequently extended to July 19, 2018). On January 19, 2018, Valve filed its Fourth Supplemental Invalidity Contentions. Dkt. 156.

On June 21, 2018, Valve filed a second motion to stay the proceedings in this Court, based upon a newly instituted inter-partes review. ("IPR"). Dkt. 190. This was followed by the instant motion to file amended invalidity contentions on July 16, 2018. Dkt. 201. The Court denied the motion to stay due, in part, to the advanced stage of the proceedings and the real possibility of undue prejudice to the plaintiff. Dkt. 233 at 1.

B.  Legal Standards Governing Motions to Amend Invalidity Contentions

"[U]nlike the liberal policy for amending pleadings, the philosophy behind amending claim charts … is decidedly conservative." *Genentech, Inc. v. Amgen, Inc.*, 289 F. 3d 761, 774 (Fed. Cir. 2002). Whether a party has established good cause lies within the sound discretion of the trial court. *See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1380 n.5 (Fed. Cir. 2005).

Specifically, amendment requires "good cause," which requires a "showing of diligence" by the party seeking to amend its contentions. *O2 v. Micro Int'l*, 467 F. 3d 1355, 1366 (Fed. Cir.

2006). Local Patent Rule 124 authorizes amendment of a party's invalidity contentions "only by order of the Court upon a timely showing of good cause. Local Rules W.D. Wash. LPR 124.

In deciding whether "good cause" exists, this Court has adopted a two-part test: "first, examining the diligence of the moving party, and second, *upon a finding of diligence,* examining the prejudice to the non-moving party." *REC Software USA, Inc. v. Bamboo Sols. Corp.*, C11-0554 JLR, 2012 WL 3527891, *3 (W.D. Aug. 15, 2012) (emphasis added). In determining the diligence of the moving party, the court will place emphasis on whether the moving party's actions comport with the purpose behind the federal discovery rules in diligently searching for prior art and developing new theories of invalidity and infringement and diligently providing any new-found prior art or new theories to opposing parties. *Id.* Additionally, the court expects that upon finding new prior art references or developing new theories, parties will move diligently to amend their contentions. *Id.* Finally, the Court notes that good cause to amend may also take into consideration the circumstances of the individual case, examining such factors as the relevance of and difficulty in locating the newly-discovered prior art or theory of the case and whether the request to amend is motivated by gamesmanship. *Id.*

    C.    <u>Valve Has Not Been Diligent</u>

Valve has not been diligent. Specifically, Valve identified the Tosaki/Sega Patent (U.S. Patent 5,989,123, hereinafter "'123" Patent) in 2016, as part of its invalidity contentions, and hence has known about the patent for a lengthy period of time. Dkt. 229 (Becker Decl.). However, Valve claims it was difficult to find information regarding the commercial embodiment of the '123 Patent. This claim does not withstand scrutiny. *See* Dkt. 230 (Kitchen Decl.). It is also belied by the ease with which Valve was able to get the information from Sega, once it decided to send a subpoena to Sega.

Because the Court finds that Valve has not been diligent, it is unnecessary to discuss the issue of prejudice. The test for amending contentions does not deal with balancing prejudice until the party seeking to amend the contentions passes the diligence bar. Notwithstanding this,

however, the Court does believe that Ironburg would be prejudiced by the late amendment of contentions. This case has been pending for years. Expert reports and discovery have been completed. The Honorable Thomas Zilly has denied a second IPR stay, in part, so that plaintiff's case could go to trial. Allowing amended contentions at this late date would undoubtedly mean additional discovery and/or work by the parties' experts. Valve has not established "good cause" for the amending its invalidity contentions at this stage of the case.

III. CONCLUSION

For the foregoing reasons, Valve's motion to file a fifth supplemental set of invalidity contentions, Dkt. 201, is DENIED.

DATED this 16th day of August, 2018.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge