1

2

3

4

5

6                           UNITED STATES DISTRICT COURT
7                       WESTERN DISTRICT OF WASHINGTON
                                     AT SEATTLE
8

9   IRONBURG INVENTIONS LTD., a              Case No. C17-1182-TSZ
    United Kingdom Limited Company,
10                                           ORDER ON MISCELLANEOUS
              Plaintiff,                     MOTIONS
11
          v.
12
    VALVE CORPORATION, a Washington
13  corporation,
14
              Defendant.
15

16              I.      INTRODUCTION AND SUMMARY CONCLUSION

17          This matter comes before the Court upon defendant Valve Corporation ("Valve")'s

18  motion to seal, Dkt. 194, and motion to compel, Dkt. 196, as well as plaintiff Ironburg Inventions

19  Ltd. ("Ironburg")'s motion to retain confidentiality, Dkt. 205, and motion to seal, Dkt. 207.  The

20  Court has carefully reviewed the parties' motions, the governing law, and the balance of the
21
    record, and ORDERS as follows: Valve's motion to seal (Dkt. 194) is GRANTED IN PART
22
    AND DENIED IN PART; Ironburg's motion to retain confidentiality (Dkt. 205) is GRANTED
23
    IN PART and DENIED IN PART; and Ironburg's motion to SEAL (Dkt. 207) is GRANTED IN
24
25  PART and DENIED IN PART.  The Court reserves ruling on Valve's motion to compel (Dkt.

26

    ORDER
    PAGE - 1

196) until the Court has completed an *in camera* review of the documents on Ironburg's privilege log, and the parties have submitted their additional briefing due by no later than **Tuesday, August 28, 2018**.

## II. DISCUSSION

### A. Valve's Motion to Seal the Deposition Transcripts of Mr. Rule and Mr. Burgess and Ironburg's Related Motion to Retain Confidentiality

Ironburg has designated the deposition transcripts of two of its witnesses, Simon Burgess and John Rule, as "Confidential" under the Stipulated Protective Order entered into by the parties in the U.S. District Court for the District of Georgia before the case was transferred to this Court. Dkt. 52. Mr. Burgess is a co-inventor of Ironburg's patents and co-founder of Ironburg itself. Because Valve quotes and discusses portions of those transcripts in its contemporaneously filed motion to compel, Dkt. 197, and also filed portions of those transcripts as Exhibits C and D to the Declaration of Mark D. Schafer in support of Valve's motion to compel, Dkt. 198, Valve filed its motion to compel and Exhibits C and E under seal and also filed redacted copies of those documents in accordance with LCR 5(g). *See* Dkt. 196 (redacted motion to compel); Dkt. 197 (sealed motion to compel). Valve explains that Ironburg did not agree to reduce or remove the confidentiality designations for any portions of the Burgess and Rule deposition transcripts, and should therefore provide the information required by LCR 5(g)(3)(B) by explaining the reasons for keeping the documents under seal. *See* LCR 5(g)(3) ("[T]he party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.").

A party seeking to seal a judicial record bears the burden of overcoming a strong presumption in favor of access to court records by meeting the "compelling reasons" standard.

ORDER
PAGE - 2

*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (citing

*Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  Under this

standard, a court may seal records only when it finds "a compelling reason and articulate[s] the

factual basis for its ruling, without relying on hypothesis or conjecture." *Id.*  The court must then

"conscientiously balance the competing interests of the public and the party who seeks to keep

certain judicial records secret." *Id.*  What constitutes a "compelling reason" is "best left to the

sound discretion of the trial court." *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589,

599 (1978)).  The Ninth Circuit has "carved out an exception" to this general rule, *Foltz v. State

Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003), which applies to sealed materials

attached to a discovery motion *unrelated to the merits of the case*. *Ctr. for Auto Safety*, 809 F.3d

at 1097.[1]  Here, however, the two deposition transcripts at issue, especially Mr. Burgess'

transcript, are "more than tangentially related to the merits of a case" because they relate to the

'525 and '770 patents at issue in this litigation. *Ctr. For Auto Safety*, 809 F.3d at 1101.  As a

result, the Court finds that Ironburg must demonstrate compelling reasons for keeping the

deposition transcripts under seal in this case.

    With respect to the deposition transcript of Mr. Burgess, a citizen of the European Union

who was voluntarily deposed in London, Ironburg contends that his deposition transcript retains

certain confidential health information relating to his ability to competently testify and provide

accurate answers.  Dkt. 203 at 4.  Ironburg argues that revelation of this information would not

only disseminate private, confidential information, but would cause embarrassment that would

_____

[1] Under this exception, a party need only satisfy the less exacting "good cause"
standard. *Foltz*, 331 F.3d at 1135.  The "good cause" language comes from Rule 26(c)(1),
which governs the issuance of protective orders in the discovery process: "The court may, for
good cause, issue an order to protect a party or person from annoyance, embarrassment,
oppression, or undue burden or expense…"  Fed. R. Civ. P. 26(c).

persist on the Internet.  Thus, Ironburg argues that Mr. Burgess' medical information demonstrates good cause to maintain his deposition transcript under seal to protect him from annoyance, embarrassment, oppression, or undue burden pursuant to Fed. R. Civ. P. 26(c).  In addition, Ironburg argues that Mr. Burgess is entitled to heightened protection of his personal information under Article 8 of the European Convention on Human Rights, as well as the General Data Protection Regulation that went into effect in May 2018.  Dkt. 203 at 4-5.  Finally, Ironburg asserts that any less restrictive alternative would leave Mr. Burgess vulnerable to public embarrassment, as no portion of his deposition transcript can be disclosed without disclosing the medical condition because such information is "necessary to explain the context of his testimony." *Id*. at 6 (citing *United States v. Dorrell*, 758 F.2d 427, 4356 (9th Cir. 1985) (the "rule of completeness" embodied in Fed. R. Evid. 106 seeks to avoid the unfairness inherent in "the misleading impression created by taking matters out of context.")).

With respect to the May 11, 2018 deposition of John Rule, Ironburg's outside counsel in the United Kingdom, Ironburg asserts that "the same international privacy protections for citizens of the European Union described above" warrant maintain his transcript under seal.  Dkt. 203 at 6.  Ironburg asserts that "[w]hile Mr. Rule did not disclose any attorney-privileged information during his deposition, there is good cause to maintain Mr. Rule's deposition transcript under seal to protect the public interest of confidentiality between clients and their attorneys." *Id*. at 7.

The Court finds that, although neither party has opposed sealing portions of Mr. Rule's deposition transcript, Ironburg has not established any compelling reasons for keeping the excerpted portions of his deposition transcript under seal.  *See* Dkt. 197, Ex. E; Dkt. 200 (excerpts of John Rule's May 11, 2018 deposition transcript).  Ironburg concedes that Mr. Rule

did not disclose any attorney-privileged information during his deposition, and the fact that he is a citizen of the United Kingdom, without more, is not sufficient. Accordingly, Valve's motion to seal, Dkt. 194 is GRANTED IN PART and DENIED IN PART, and the Clerk is directed to UNSEAL the excerpts of Mr. Rule's deposition transcript set forth in Dkt. 200. By contrast, the Court GRANTS Valve's request to seal the portions of Mr. Burgess' transcript filed in support of Valve's motion to compel, Dkt. 199, as discussed in greater detail below.

Although the deposition excerpts at issue in the two motions are distinct, the second motion involving Mr. Burgess' deposition transcript is Ironburg's motion retain confidentiality. Valve asks the Court to de-designate as confidential only a few specific portions (the "disputed excerpts") of the Burgess transcript so that Valve can reference them in this case as well as a contemporaneous *Inter Partes* Review ("IPR") proceeding.[2] Ironberg agrees that the following portions of the Burgess transcript, which consist of the transcript cover page, appearances, index, and court reporter certification, may be de-designated: 1:1-3:7, 3:12-13, 4:6-7, 5:1-25, and 208:5-209:25. However, Ironburg objects to de-designation of the other disputed excerpts, which disclose the substance of Mr. Burgess' testimony. Dkt. 236 at 3. Ironberg points out that Valve does not actually oppose the *sealing* of the entire Burgess transcript in this action, and the confidentiality designation of the Burgess transcript does not in any way affect Valve's ability to use the sealed Burgess transcript to advance its claims and defenses in this litigation.[3] Rather, Valve is only asking the Court to de-designate the disputed excerpts for use in the IPR

---

[2] Specifically, the disputed excerpts include 1:1-3:7, 3:12-13 (indicating Exhibits 48 and 49), 4:6-7 (indicating Exhibit 64), 5:1-25, 38:14-41:6, 44:5-45:21, 46:23-47:24, 100:9-19, 110:13-112:17, 113:1-4, 113:12-25, 115:1-119:7, 160:14-162:1, and 208:1-209:25.

[3] Moreover, as the Court has stayed the litigation relating to the '688 and '229 patents in this case, Dkt. 148 at 2, Ironberg claims that Valve cannot properly seek the transcript in connection with the claims in this litigation relating to those patents. Dkt. 236 at 2.

proceeding. Dkt. 236 at 2. Ironburg asks the Court to deny Valve's request for de-designation of the excerpts, reiterating the same arguments discussed above for maintaining Mr. Burgess' deposition transcript under seal. Dkt. 205 at 2.

Valve responds that the disputed excerpts relate to Mr. Burgess' fabrication of two prototype Scuf controllers, information Mr. Burgess already publicly disclosed in attempt to obtain public promotion in online reviews. Valve asserts that Mr. Burgess' testimony is relevant to the question of whether that online review qualifies as prior art, and to the disputed flexibility of the controller paddles reviewed by Burns. Valve asserts that these two topics are relevant both to the ongoing IPR involving Ironburg's '688 patent and '229 patent, and to this litigation involving the '525 and '770 patens, because they factor into the issue of patent validity.[4]

Having reviewed Mr. Burgess' deposition in its entirety, and considered the argument of counsel during the August 21, 2018 hearing, the Court finds that Ironburg has not demonstrated compelling reasons for maintaining Mr. Burgess' deposition transcript under seal, or in fact, why it should remain "confidential" pursuant to the protective order. Ironburg has made no showing, apart from apparent concern about a negative outcome in the IPR proceeding, of any injury that would result from de-designating the Burgess transcript, with the exception of a few portions that reference medical or financial information. Mr. Burgess' status as a citizen of the UK, without more, does not meet the compelling reasons test, as Ironburg has not shown how the EU laws relating to privacy or data protection renders the disputed experts protectable. Moreover, Mr. Burgess has already disclosed most of the allegedly sensitive "commercial information"

---

[4] Moreover, Valve asserts that it has never divulged the information in the disputed excerpts to any persons or entities not authorized to receive confidential information under the protective order, such as the USPTO's patent trial and appeal board ("PTAB"), and Valve and its counsel have at all times maintained the confidentiality of the Burgess transcript pending the Court's decision on the instant motion. Dkt. 225 at 4.

discussed in the transcript in an attempt to obtain a positive review of his product. As a result, Ironburg's concern that the narrow portions of his testimony at issue in this motion contains confidential commercial information rings hollow.

Accordingly, Ironburg's motion to retain confidentiality, Dkt. 205, is GRANTED IN PART and DENIED IN PART. For the sake of simplicity, the Court directs that all portions of Mr. Burgess' transcript that have already been filed in this case remain under seal. Ironburg shall meet and confer with Valve, and identify those portions of Mr. Burgess' transcript that contain medical information or sensitive financial information. After excising those portions of the transcript that contain medical or financial information, Ironburg shall file the remainder of Mr. Burgess' transcript with the Court **within ten (10) days of the date of this Order.**

B. Ironburg's Motion to Seal

Ironburg's related motion to seal Exhibit B and Exhibit F to the Declaration of Robert Becker, Dkt. 207, is GRANTED IN PART and DENIED IN PART. Specifically, Ironburg's motion to seal the entire deposition transcript of Mr. Burgess, which was filed under seal as Exhibit B to the Declaration of Robert Becker in support of Ironburg's motion to retain confidentiality, is unopposed by Valve. *See* Dkt. 209. Ironburg's motion to seal this transcript, Dkt. 207, is GRANTED, subject to the Court's instructions above.

However, Ironburg's request to seal the transcript of a hearing before the USPTO Patent Trial and Appeal Board ("PTAB"), which was filed under seal as Exhibit F to Mr. Becker's declaration, Dkt. 210, is DENIED. Valve opposes this motion on the grounds that Ironburg did not file a motion to seal when it filed the PTAB hearing transcript in the IPR proceeding, and therefore the entire transcript is already publicly available, with the exception of one redacted sentence discussing Mr. Burgess' health. Dkt. 216. Valve argues that the limited details

regarding Mr. Burgess' health condition in the transcript was already publicly disclosed, and therefore there is no good cause to seal any portion of the transcript.

Ironburg's motion to seal the PTAB hearing transcript, Dkt. 210, is DENIED. Dkt. 207. The confidential medical information disclosed on page 22 of the transcript is limited, and certainly no more detailed than what Mr. Burgess himself disclosed via Twitter in February 2014. *See* Dkt. 227, Ex. E. Ironburg's reply brief, Dkt. 218, did not meaningfully respond to Valve's arguments, or provide any specific reason for keeping the PTAB transcript under seal in this case. Accordingly, the PTAB transcript (Dkt. 210) shall be UNSEALED.

III.     CONCLUSION

Accordingly, the Court ORDERS that Valve's motion to seal (Dkt. 194), Ironburg's motion to retain confidentiality (Dkt. 205), and Ironburg's motion to SEAL (Dkt. 207), are all GRANTED IN PART and DENIED IN PART. The Court reserves ruling on Valve's motion to compel (Dkt. 196) until the Court has completed an *in camera* review of the documents on Ironburg's privilege log, which the parties shall provide the Court by no later than **Tuesday, August 28, 2018**. In addition, the parties shall provide the Court with additional briefing regarding the issue of waiver of the attorney client privilege, as discussed during the August 21, 2018 hearing, by no later than **Tuesday, August 28, 2018**. Finally, as discussed at the hearing, plaintiff shall a document, indicating whether any of the patent prosecuting attorneys will be testifying, either live or by deposition, in the upcoming trial and the subject matter of their testimony. This document will also be filed by no later than **Tuesday, August 28, 2018.**

//

//

//

The Clerk is directed to send a copy of this Order to counsel for both parties.

DATED this 22nd day of August, 2018.

_____
JAMES P. DONOHUE
United States Magistrate Judge

ORDER
PAGE - 9