UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IRONBURG INVENTIONS LTD.,

        Plaintiff,

    v.

VALVE CORPORATION,

        Defendant.

C17-1182 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant's motion for summary judgment,[1] docket no. 255, is DENIED in part and GRANTED in part for the following reasons:

    (a) In arguing that any infringement of U.S. Patent Nos. 8,641,525 (the "'525 Patent") and/or 9,089,770 (the "'770 Patent") was not willful, defendant has not carried its burden of demonstrating an absence of genuine disputes of material fact, and its motion for summary judgment on the subject is denied. <u>See</u> Fed. R. Civ. P. 56(a).

    (b) In arguing that the accused device does not literally infringe the '525 Patent or the '770 Patent because it does not have the requisite "elongate member," defendant has not carried its burden of demonstrating an absence of genuine disputes of material fact, and its motion for summary judgment on the

---

[1] Plaintiff's motion, docket no. 283, to strike Exhibits 7, 17, 18, 19, 20, and 26 to the declaration of defendant's counsel Mark Schafer, docket no. 256, is DENIED. The Court is satisfied that the substance of the exhibits at issue could be presented in an admissible form at trial and may therefore be considered for purposes of dispositive motion practice. <u>See</u> Fed. R. Civ. P. 56(c). Plaintiff's attorneys are reminded that requests to strike material filed by an opponent may not be presented in a separate motion or "objection," but must instead be included within a response or reply brief. <u>See</u> Local Civil Rule 7(g).

MINUTE ORDER - 1

subject is denied.  In contending that the components alleged to be "elongate" members are "less than 15% different from a perfect square" and therefore are not of a form "notably long in comparison to its width," defendant tries to constrain the term "elongate member" to a definition that the Court did not adopt.  *See* Order at 12 (docket no. 189) ("The term 'elongate member' means what it says, and the Court is satisfied that no further interpretation is necessary.").

  (c) In arguing that the accused device does not literally infringe the '525 Patent because the components alleged to be "elongate" members do not extend "substantially the full distance between the top edge and the bottom edge" of the controller, defendant has not carried its burden of demonstrating an absence of genuine disputes of material fact, and its motion for summary judgment on the subject is denied.  In asserting that the alleged "elongate" members extend only 53% of the distance from the top edge to the bottom edge of the outer case of the controller and therefore do not extend "largely but not necessarily the entire distance between the top and the bottom edges," *see* Order at 8-9 (docket no. 189), defendant merely identifies a factual question as to whether 53% is "largely but not necessarily the entire distance" at issue.

  (d) In arguing that the accused device does not literally infringe Claim 12 of the '525 Patent because the alleged "elongate" members are not "parallel to one another," defendant fails to show that it is entitled to judgment as a matter of law, and its motion for summary judgment on the subject is denied.  *See* Fed. R. Civ. P. 56(a).  The fact that plaintiff's expert has offered seemingly contradictory opinions that the alleged "elongate" members are "parallel," as required in Claim 12 of the '525 Patent, or "converge," within the meaning of Claim 13 of the '525 Patent, does not support defendant's motion.  Plaintiff is entitled to advance at trial alternative and inconsistent claims.  *See* Fed. R. Civ. P. 8(d)(2)&(3).

  (e) In arguing that the accused device does not literally infringe Claim 18 of the '525 Patent because "at least one of the back controls" is not "formed as an integral part of the outer case," defendant has not carried its burden of demonstrating an absence of genuine disputes of material fact, and its motion for summary judgment on the subject is denied.  Whether the "battery door" and the accused "back controls" thereon constitute "an integral part of the outer case" of the controller is a question for the trier of fact.

  (f) In light of the above rulings, the Court does not rule on whether the claim limitations "elongate member," "substantially the full distance between the top edge and the bottom edge," "parallel to one another," and/or "formed as an integral part of the outer case" read on the accused device under the doctrine of equivalents.

MINUTE ORDER - 2

(g) With regard to defendant's argument that the accused device does not literally or under the doctrine of equivalents infringe Claims 13 or 14 of the '770 Patent, the motion for summary judgment is GRANTED. Claim 14 depends from Claim 13, which depends from Claim 12, which depends from Claim 1. *See* '770 Patent at Cols. 4-6, Ex. B to 2d Am. Compl. (docket no. 44-2). In Claim 1, what is claimed is a "video game controller" comprised of "an outer case" with "a front and a back, wherein the back is opposite the front." *Id.* at Col. 4, Lines 39-41. Claim 13 requires that "the first switch mechanism" be "disposed between the first elongate member and an outside surface of the back," and that "the second switch mechanism" be "disposed between the second elongate member and the outside surface of the back." *Id.* at Col. 6, Lines 1-5. Plaintiff appears to concede that the requisite switch mechanisms on the accused device are not "disposed between" the alleged elongate members and the outside surface of the back of the outer case of the controller, but argues that the term "outside surface of the back," as set forth in Claim 13 (and incorporated into Claim 14), does not mean "outside surface of the back of the outer case of the controller." Plaintiff's assertion, which completely ignores the language of Claim 1, lacks merit. The term "back" is defined in Claim 1 as one of the components of the outer case of the controller, and thus, for purposes of Claims 13 and 14, the phrase "outside surface of the back" means "outside surface of the back of the outer case of the controller."

(2) Defendant's motion to sever or stay, docket no. 292, is GRANTED as follows. This case is hereby STAYED pending further order. Having reviewed each side's opening brief filed in the pending cross-appeals from the rulings of the United States Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB") in IPR 2016-00948 and IPR 2016-00949, the Court is satisfied that a stay of this matter is necessary to avoid reaching a result in this case that is inconsistent with the ultimate decision of the Federal Circuit. The PTAB deemed invalid 8 of the 20 claims of the '525 Patent and 18 of the 20 claims of the '770 Patent, but rejected defendant's arguments that other claims were likewise anticipated by or obvious over prior art. Both parties challenge the PTAB's analysis, and the status of almost every claim in each patent is at issue in the cross-appeals. Thus, conducting a trial as currently scheduled would be an inefficient use of judicial resources. The trial date and all related dates and deadlines are STRICKEN. The parties are DIRECTED to file a Joint Status Report within fourteen (14) days after the United States Court of Appeals for the Federal Circuit issues a decision in *Ironburg Inventions Ltd. v. Valve Corporation*, Case Nos. 18-1432, 18-1731, & 18-1783, or by September 30, 2019, whichever occurs earlier.

(3) Defendant's motion to exclude certain expert testimony, docket no. 252, and plaintiff's motions for partial summary judgment regarding inequitable conduct, docket no. 258, for *inter partes* review estoppel, docket no. 260, and to bifurcate trial, docket no. 294, are DEFERRED, and will be decided, if appropriate, after the stay of this matter is lifted.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 15th day of November, 2018.

                                          William M. McCool  
                                          Clerk

                                          s/Karen Dews  
                                          Deputy Clerk

MINUTE ORDER - 4