UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IRONBURG INVENTIONS LTD.,

    Plaintiff,

v.

VALVE CORPORATION,

    Defendant.

C17-1182 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Having reviewed the parties' Joint Status Report, docket no. 321, the Court ORDERS as follows:

(a) In light of the Court's prior ruling, *see* Minute Order at ¶ 1(g) (docket no. 301), that the accused device does not literally or under the doctrine of equivalents infringe Claims 13 and 14 of United States Patent No. 9,089,770 ("the '770 Patent"), which are the only claims that survived inter partes review before the United States Patent and Trademark Office Patent Trial and Appeal Board ("PTAB"), defendant's third counterclaim for declaratory judgment of invalidity as to the '770 Patent is DISMISSED as moot. *See Nystrom v. TREX Co.*, 339 F.3d 1347, 1351 n.* (Fed. Cir. 2003) (observing that "a district court has discretion to dismiss a counterclaim alleging that a patent is invalid as moot where it finds no infringement" (citing *Phonometrics, Inc. v. N. Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998) (citing *Nestier Corp. v. Menasha Corp.-Lewisystems Div.*, 739 F.2d 1576, 1580-81 (Fed. Cir. 1984) (citing *Leesona Corp. v. United States*, 530 F.2d 896, 906 n.9 (Ct. Cl. 1976) (when "non-infringement is clear and invalidity is not plainly evident," treating only the infringement issue is appropriate))))). Defendant's first affirmative defense of invalidity is STRICKEN

MINUTE ORDER - 1

in part as moot with respect to the '770 Patent; the defense remains in the case as to all other patents-in-suit. With regard to defendant's fourth counterclaim for declaratory judgment of non-infringement as to the '770 Patent, the Court will enter judgment in favor of defendant and against plaintiff when this matter is fully resolved.

    (b)    The issues left for trial are as follows: (i) plaintiff's first claim of infringement concerning Claims 2-4, 7-12, 15, and 18 of United States Patent No. 8,641,525 ("the '525 Patent), and defendant's related affirmative defenses; (ii) plaintiff's request for enhanced damages pursuant to 35 U.S.C. § 284; and (iii) defendant's first and second counterclaims for declaratory judgment of invalidity and non-infringement, respectively, as to the '525 Patent.

    (c)    The following dates and deadlines are hereby SET:

| | |
|---|---|
| **JURY TRIAL DATE (4 days)** | **March 23, 2020** |
| Motions in limine filing deadline | February 13, 2020 |
| Agreed pretrial order[1] DUE | February 28, 2020 |
| Trial briefs, proposed voir dire questions, and proposed jury instructions DUE | February 28, 2020 |
| Pretrial conference | March 13, 2020 at 11:00 a.m. |

---

[1] The Agreed pretrial order shall be filed in CM/ECF and shall also be attached as a Word compatible file to an Internet e-mail sent to the following e-mail address: ZillyOrders@wawd.uscourts.gov. Notwithstanding Local Civil Rule 16.1, the exhibit list shall be prepared in table format with the following columns: "Exhibit Number," "Description," "Admissibility Stipulated," "Authenticity Stipulated/Admissibility Disputed," "Authenticity Disputed," and "Admitted." The latter column is for the Clerk's convenience and shall remain blank, but the parties shall indicate the status of an exhibit's authenticity and admissibility by placing an "X" in the appropriate column. Duplicate documents shall not be listed twice: once a party has identified an exhibit in the pretrial order, any party may use it. The original and one copy of the trial exhibits are to be delivered to the courtroom at a time coordinated with Gail Glass, who can be reached at 206-370-8522, no later than the Friday before trial. Each set of exhibits shall be submitted in a three-ring binder with appropriately numbered tabs. Each exhibit shall be clearly marked. Plaintiff's exhibits shall be numbered consecutively beginning with 1; defendant's exhibits shall be numbered consecutively beginning with the next multiple of 100 after plaintiff's last exhibit. For example, if plaintiff's last exhibit is numbered 159, then defendant's exhibits shall begin with the number 200.

All other terms and conditions, and all dates and deadlines not inconsistent herewith, contained in the Minute Order entered January 8, 2018, docket no. 153, as amended by the Order entered June 7, 2018, docket no. 189, and the Order entered July 30, 2018, docket no. 224, shall remain in full force and effect.

    (d)    Regardless of whether the parties have previously engaged in mediation, they shall participate in mediation **on or before January 31, 2020**, and they shall immediately advise the Court if they reach a settlement in principle by contacting Karen Dews at (206) 370-8830.

(2)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 4th day of December, 2019.

                                 William M. McCool  
                                 Clerk

                                 s/Karen Dews  
                                 Deputy Clerk

MINUTE ORDER - 3