# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

IRONBURG INVENTIONS LTD.,

        Plaintiff,

v.

VALVE CORPORATION,

        Defendant.

C17-1182 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motion in limine, docket no. 328, is GRANTED in part, DENIED in part, and DEFERRED in part as follows:

    II.    Motion to exclude at trial all evidence and argument of unenforceability, invalidity, prior invention and prior art is GRANTED in part as to invalidity and unforceability. The motion is DENIED as to prior invention and prior art.

    III.    Motion to exclude at trial all evidence and argument of irrelevant proceedings and patent claims is GRANTED as to the outcome of any IPR proceeding or decision issued by the PTAB, or settlement in other litigation. Except as granted, the motion is DEFERRED to the pretrial conference.

    IV.    Motion to exclude at trial all testimony, evidence, or argument relating to: (1) Valve's actions after receiving the cease and desist letter is DENIED; (2) Valve's decision to continue to produce the products is DENIED; and

MINUTE ORDER - 1

(3) the witnesses' beliefs about infringement and validity formed after consultation with counsel is GRANTED in part as to any advice of counsel defense; and DEFERRED to trial as to any unprivileged factual testimony.

V. Motion to exclude at trial all testimony, evidence, or argument of non-infringement based on the intended use specified for the hand-held controller invention set forth in the preamble of Claim 1 is DENIED.

VI. Motion to exclude at trial all testimony, evidence, or argument related to inventor Simon Burgess or patent counsel for Ironburg and the inventors is DENIED as to Simon Burgess and DEFERRED to the pretrial conference as to patent counsel and other inventors.

VII. Motion to preclude at trial all use of derogatory or misleading characterizations of Ironburg's business is GRANTED except as to any reference to Ironburg as a "non-practicing entity."

VIII. Motion to exclude evidence and argument concerning noninfringing alternatives and design arounds is DENIED.

IX. Motion to exclude at trial all testimony, evidence, or argument related to prosecution history estoppel and ensnarement is GRANTED. Valve agrees to this exclusion if the Doctrine of Equivalents theory is also excluded.

X. Motion to preclude defendant's experts from opining on any theories of non-infringement, unenforceability, or validity that are not contained within their expert reports is GRANTED. This ruling will also apply to plaintiff's experts.

XI. Motion to preclude defendant's expert Dezmelyk from opining on the '525 patent application, patent office practice and procedures is DENIED.

(2) Defendant's motion in limine, docket no. 326, is GRANTED in part, DENIED in part, and DEFERRED in part as follows:

1. Motion to preclude Ironburg from presenting any evidence or argument regarding the existence or outcome of IPR proceedings is GRANTED.

2. Motion to preclude Ironburg from presenting any evidence or argument that Valve infringes the '525 Patent under the Doctrine of Equivalents is GRANTED. Local Patent Rule ("LPR") 120(e) requires that parties disclose within fifteen (15) days of the scheduling conference "[w]hether each element of each asserted claim is claimed to be literally present and/or present under the doctrine of equivalents in the Accused Device." Pursuant to LPR 124, amendment of the infringement contentions may be made by order of the Court upon a timely showing of good cause. Ironburg neither

MINUTE ORDER - 2

disclosed their intent to rely on the doctrine of equivalents pursuant to LPR 120(e), nor moved the Court to amend its infringement contentions pursuant to LPR 124. Instead, Ironburg's technical expert, Mr. Garry Kitchen, provided two sentences referencing the doctrine's application to claim 6 in his July 6, 2018 report.[1] To support a finding of infringement under the doctrine of equivalents, a patentee must provide particularized testimony as to the insubstantiality of the differences between the claimed invention and the accused device, or with respect to the function, way, result test. *Texas Instruments Inc. v. Cypress Semiconductor Corp.,* 90 F.3d 1558, 1567 (Fed. Cir. 1996). Generalized testimony as to the overall similarity between the claims and the accused device is insufficient. *Id.* Because Ironburg did not assert claims under the doctrine of equivalents in its infringement contentions and has not provided particularized testimony sufficient to assert claims under the doctrine of equivalents, it is precluded from asserting them at trial. *MEMC Elec. Materials v. Mitsubishi Materials Silicon Corp.*, 2004 WL 5363616, at *5 (N.D. Cal. Mar. 2, 2004) (precluding patentee from asserting claims under the doctrine of equivalents where it was omitted from the infringement contentions and where patentee failed to provide the requisite particularized testimony).

3. Motion to preclude Ironburg from mentioning or discussing the Microsoft Elite Controller is DENIED.

4. Motion to preclude Ironburg from offering evidence or argument of Valve's total or company-wide revenue and profit is DEFERRED to the pretrial conference.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 4th day of March, 2020.

                                        William M. McCool
                                        Clerk

                                        s/Karen Dews
                                        Deputy Clerk

---

[1] *See* Ex. 1 to Schafer Decl., docket no. 256-1 at ¶ 103 ("[A]lthough the Valve members are joined by additional plastic, they directly correspond to the claims and perform substantially the same control function as the claimed element in substantially the same way to achieve substantially the same results. The middle finger of the user is positioned to flex and activate the back controls in the same manner as described in the patent, and the controls return to the unloaded position as described above.")

MINUTE ORDER - 3