1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

IRONBURG INVENTIONS LTD.,

8                                  Plaintiff,

9            v.                                              C17-1182 TSZ

10   VALVE CORPORATION,                                       MINUTE ORDER

11                                  Defendant.

12
13

The following Minute Order is made by direction of the Court, the Honorable
Thomas S. Zilly, United States District Judge:

14        (1)     Having reviewed the parties' joint statement of objections, docket no. 374,
to the Court's proposed jury instructions circulated to counsel via email on April 29,
15   2020, as well as the supplemental authorities submitted by the parties, docket nos. 380
and 382, the Court has made revisions to the jury instructions as indicated in the redlined
16   version attached hereto as Appendix A.  Any objections to the current draft of the jury
instructions shall be filed by January 20, 2021.

17        (2)     The Clerk is directed to send a copy of this Minute Order to all counsel of
record.
18

Dated this 14th day of January, 2021.
19

20                                                William M. McCool
                                                  Clerk
21
                                                  s/Gail Glass
22                                                Deputy Clerk

23

DISCUSSION DRAFT

~~11 March 2020~~
~~29 April 2020~~
14 January 2021

## Appendix A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IRONBURG INVENTIONS LTD.,            )
                                     )
                Plaintiff,           )   NO. C17-1182 TSZ
                                     )
        v.                           )
                                     )   COURT'S JURY INSTRUCTIONS
VALVE CORPORATION,                   )
                                     )
                Defendant.           )
_____ )

            DATED this ___ day of _____, 202~~10~~.


                                _____
                                THOMAS S. ZILLY
                                United States District Judge

COURT'S JURY INSTRUCTIONS

Case 2:17-cv-01182-TSZ   Document 384   Filed 01/14/21   Page 3 of 40

INSTRUCTION NO. 1

<u>Duty of Jury</u>

Members of the Jury:   Now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.   These instructions will be in three parts: first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, <u>i.e.</u>, what each party must prove to make its case; and third, some rules for your deliberations.

It is your duty to find the facts from all the evidence in the case.   To those facts you must apply the law as I give it to you.   You must follow the law as I give it to you whether you agree with it or not.   And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.   That means that you must decide the case solely on the evidence before you and according to the law.   You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.   And you must not read into these instructions or anything I might have said or done that I have an opinion regarding the evidence or what verdict you should return.   That is a matter entirely for you to decide.

**SOURCE:   9th Cir. Model Instr. 1.4 (modified).**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 2

Conscious and Unconscious Bias

It is important that you discharge your duties without discrimination, meaning that bias regarding race, color, religious beliefs, national origin, sexual orientation, gender, or any disability of a party, a witness, or a lawyer should play no part in the exercise of your judgment throughout the trial.   These are called "conscious biases."

There is, however, another more subtle tendency at work about which we must all be aware.   This part of human nature is understandable but must play no role in your service as jurors.   In our daily lives, there are many issues that require us to make quick decisions and then move on.   In making these daily decisions, we may well rely upon generalities, even what might be called biases or prejudices.   That may be appropriate as a coping mechanism in our busy daily lives but bias and prejudice can play no part in any decisions you might make as a juror.   Your decisions as jurors must be based solely upon an open-minded, fair consideration of the evidence that comes before you during trial.

**SOURCE:   WPI 1.01 (modified);** *see* **https://www.wawd.uscourts.gov/jury/unconscious-bias.**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 3

<u>Burden of Proof</u>

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.   You should base your decision on all of the evidence, regardless of which party presented it.

**SOURCE:   9th Cir. Model Instr. 1.6.**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 4

<u>Evidence</u>

The evidence you are to consider in deciding what the facts are consists of (1) the sworn testimony of witnesses; (2) the exhibits that are admitted into evidence; and (3) any facts to which all the lawyers have agreed.

**SOURCE:   9th Cir. Model Instr. 1.9.**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 5

<u>Stipulated Facts</u>

The parties have agreed, or stipulated, to the following facts.   You must therefore treat these facts as having been proved.   You should consider these facts in addition to those facts that were proved to you at trial.

1.   The United States Patent and Trademark Office issued United States Patent No. 8,641,525 (the "'525 Patent") on February 4, 2014.

2.   Plaintiff Ironburg Inventions Ltd. is, and has been at all times since February 4, 2014, the owner and assignee of record of the '525 Patent.

3.   As part of its business, plaintiff licenses the '525 Patent to other companies, including to Scuf Gaming International LLC ("Scuf Gaming"), Microsoft Corporation, and others.

4.   Defendant Valve Corporation is a video gaming company that develops and sells gaming software, hardware, and related devices and accessories, and that provides an on-line gaming platform.

5.   At least as early as 2013, defendant announced its intention to enter the video game controller market.

6.   Plaintiff, through its counsel, sent defendant a letter dated March 7, 2014, and provided defendant with notice of the '525 Patent.

7.   Defendant began to sell its "Steam Controller" product in 2015.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 5 (page 2)

8.     In connection with its design of the Steam Controller, defendant made no attempt to design around the '525 Patent.

9.     None of the design changes that defendant made to the Steam Controller were made in response to plaintiff's March 7, 2014, letter notifying defendant of the '525 Patent.

10.    Defendant continued to sell its Steam Controller product in the United States at all times from June 2015 through December 2019.

11.    Between June 1, 2015, and December 31, 2019, defendant sold approximately 1,612,136 Steam Controllers, all of which were manufactured in the United States.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 6

<u>What is Not Evidence</u>

In reaching your verdict you may consider only the testimony and exhibits received into evidence.   Certain things are not evidence and you may not consider them in deciding what the facts are.   I will list them for you:

1.      Arguments and statements by lawyers are not evidence.   The lawyers are not witnesses.   What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.   If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Objections by lawyers are not evidence.   Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.   You should not be influenced by the objection or by the Court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.   In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4.      Anything you may have seen or heard when the court was not in session is not evidence.   You are to decide the case solely on the evidence received at the trial.

**SOURCE:   9th Cir. Model Instr. 1.10 (modified).**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 7

<u>Direct and Circumstantial Evidence</u>

Evidence may be direct or circumstantial.   Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.   The law makes no distinction between the weight to be given to either direct or circumstantial evidence.   It is for you to decide how much weight to give to any evidence.

**SOURCE:   9th Cir. Model Instr. 1.12.**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 8

<u>Credibility of Witnesses</u>

In deciding the facts in this case, you might have to decide which testimony to believe and which testimony not to believe.   You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness's memory;

3.      the witness's manner while testifying;

4.      the witness's interest in the outcome of the case and any bias or prejudice;

5.      whether other evidence contradicted the witness's testimony;

6.      the reasonableness of the witness's testimony in light of all the evidence; and

7.      any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.   Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember.   Also, two people may see the same event but remember it differently.   You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

COURT'S JURY INSTRUCTIONS

01 INSTRUCTION NO. 8 (page 2)

02

03     If you decide, however, that a witness has deliberately testified untruthfully about

04 something important, you may choose not to believe anything that witness said.   On the other

05 hand, if you think the witness testified untruthfully about some things but told the truth about

06 others, you may accept the part you think is true and ignore the rest.

07     The weight of the evidence presented by each side does not necessarily depend on the

08 number of witnesses who testify.   What is important is how believable the witnesses were, and

09 how much weight you think their testimony deserves.

10

11

12

13

14

15

16

17

18

19

20

21

22

**SOURCE:   9th Cir. Model Instr. 1.14.**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 9

<u>Opinion Evidence</u>

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony.   You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**SOURCE:   9th Cir. Model Instr. 2.13 (modified).**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 10

<u>Charts and Summaries</u>

Certain charts and summaries not admitted into evidence have been shown to you to help explain the contents of books, records, documents, or other evidence in the case.   Other charts and summaries have been received into evidence to illustrate information brought out in the trial.   Charts and summaries are only as good as the underlying evidence that supports them.   You should, therefore, give them only such weight as you think the underlying evidence deserves.

**SOURCE:   9th Cir. Model Instr. 2.14 & 2.15 (modified).**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 11

<u>Notes</u>

Whether or not you took notes during the trial, you should rely on your own memory of the evidence.    Notes are only to assist your memory.    You should not be overly influenced by your notes or those of other jurors.

**SOURCE:    9th Cir. Model Instr. 1.18 (modified).**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 12

<u>Fair Treatment</u>

Under the law, a business entity is considered to be a person, but it can act only through its employees, agents, directors, officers, members, and/or managers.   A business entity is responsible for the acts of its employees, agents, directors, officers, and managers, provided that such acts are performed within the scope of authority.   Plaintiff Ironburg Inventions Ltd. ("Ironburg") is United Kingdom limited company, and defendant Valve Corporation ("Valve") is a Washington corporation.   The fact that these parties are business entities, organized under United Kingdom or Washington law, should not affect your decision.   All parties are equal before the law, and these business entities are entitled to the same fair and conscientious consideration by you as any other party.

**Source:   9th Cir. Model Instr. 4.1 & 4.2 (modified).**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 13

<u>Patents</u>

This case involves a dispute relating to a United States patent.   Before summarizing the positions of the parties and the legal issues involved in the dispute, let me take a moment to explain what a patent is and how one is obtained.

Patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO").   A valid United States patent gives the patent holder the right to prevent others from making, using, offering to sell, or selling the patented invention within the United States, without the patent holder's permission, during the term of the patent, which is usually 17 years from the date when the patent issued.   A violation of the patent holder's rights is called infringement.   The patent holder may try to enforce a patent against persons believed to be infringers by means of a lawsuit filed in federal court.

To obtain a patent one must file an application with the PTO.   The process of obtaining a patent is called patent prosecution.   The PTO is an agency of the federal government and employs trained patent examiners who review applications for patents.   The application includes what is called a "specification," which must contain a written description of the claimed invention telling what the invention is, how it works, how to make it, and how to use it, so others skilled in the field will know how to make or use it.   The specification concludes with one or more numbered sentences.   These are the patent "claims."   When the patent is

INSTRUCTION NO. 13 (page 2)

eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

After the applicant files the application, a PTO patent examiner reviews the patent application to determine whether the claims are patentable and whether the specification adequately describes the invention claimed.   In examining a patent application, the patent examiner reviews information about the state of the technology at the time the application was filed.   As part of that effort, the patent examiner searches for and reviews information that is publicly available, submitted by the applicant, or both.   That information is called "prior art." Prior art is defined by law, and includes things that existed before the claimed invention, that were publicly known, or used in a publicly accessible way in this country, or that were patented or described in a publication in any country.   The patent examiner considers, among other things, whether each claim of the patent defines an invention that is new, useful, and not obvious in view of the prior art.   A patent lists the prior art that the examiner considered; this list is called the "cited references."

After the prior art search and examination of the application, the patent examiner then informs the applicant in writing what the examiner has found and whether any claim is patentable, and thus will be "allowed."   This writing from the patent examiner is called an "office action."   If the examiner rejects the claims, the applicant has an opportunity to respond and sometimes changes the claims or submits new claims.   This process, which takes

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 13 (page 3)

place only between the examiner and the patent applicant, may go back and forth for some time until the examiner is satisfied that the application and claims meet the requirements for a patent.   Sometimes, patents are issued after appeals with the PTO or to a court.   The papers generated during this time of communicating back and forth between the patent examiner and the applicant make up what is called the "prosecution history."   All of this material becomes available to the public no later than the date when the patent issues.

**SOURCE:   N.D. Cal. Model Instr. A1 (modified); Fed. Cir. Bar Ass'n Model Instr. A.1.**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 14

Patent Claims

A patent claim sets forth, in words, a set of requirements.   If a device satisfies each of these requirements, then it is covered by the patent claim, or put another way, the patent claim "reads on" the device.

A patent may have several claims, each of which will fall into one of two categories: independent claims and dependent claims.   An independent claim sets forth all of the requirements that must be met for a device to be covered by that claim.   A dependent claim refers to another claim (which might be an independent or a dependent claim), and it incorporates the requirements of that other claim while also reciting one or more additional requirements.   A dependent claim "reads on" a device if all of the requirements of the dependent claim and the claim on which it depends are met.

The requirements of a patent claim are also referred to as limitations or elements.

**SOURCE:   Fed. Cir. Bar Ass'n Model Instr. 2.2 & 2.2a.**

COURT'S JURY INSTRUCTIONS

01

INSTRUCTION NO. 15

02

Summary of Contentions

03

04

This case involves United States Patent No. 8,641,525.   For convenience, the Court

05

will refer to this patent by the last three digits, or as "the '525 Patent."   The '525 Patent, titled

06

"Controller for Video Game Console," was obtained by Duncan Ironmonger and Simon

07

Burgess on February 4, 2014, and was transferred by them to plaintiff Ironburg Inventions Ltd.

08

The Claims of the '525 Patent at issue in this case are Claims 2, 4, 7, 9, 10, 11, and 18.   The

09

Court will refer to these Claims of the '525 Patent as the "Asserted Claims."   The validity of

10

the Asserted Claims is not at issue in this trial and should not be considered by you.

11

12

Plaintiff Ironburg Inventions Ltd. asserts the following cause of action, on which it

13

bears the burden of proof by a preponderance of the evidence:   That defendant Valve

14

Corporation has infringed one or more of the Asserted Claims of the '525 Patent.   The product

15

that is alleged to infringe one or more of the Asserted Claims of the '525 Patent is defendant's

16

video-game controller known as the "Steam Controller."   Plaintiff further alleges that

17

defendant's infringement of the Asserted Claims of the '525 Patent was willful.

18

Defendant denies that it infringed the Asserted Claims of the '525 Patent, willfully or

19

otherwise, and, further, denies the nature and extent of plaintiff's claimed damages.

20

The foregoing is merely a summary of the parties' contentions.   You are not to take the

21

same as proof of a contention unless admitted by the opposing party, and you are to consider

22

COURT'S JURY INSTRUCTIONS

01

INSTRUCTION NO. 15 (page 2)

02

03    only those matters that are admitted or established by the evidence.    These contentions have

04    been outlined solely to aid you in understanding the issues.

05        Plaintiff is asserting that defendant infringed more than one Claim of the '525 Patent,

06    and you must decide as to each Asserted Claim of the '525 Patent whether plaintiff has proven

07    infringement.    The fact that plaintiff has proven infringement as to one Claim of the '525

08    Patent does not mean that plaintiff has proven infringement of a different Claim of the '525

09    Patent.    Similarly, the fact that plaintiff has not proven infringement as to one Claim of the

10    '525 Patent does not prevent plaintiff from proving infringement on a different Claim of the

11    '525 Patent, except as otherwise indicated in these instructions.

12

13

14

15

16

17

18

19

20

21

22

**SOURCE:    9th Cir. Model Instr. 1.5 & 1.8 (modified);** _see_ **N.D. Cal. Model Instr. A.3 &
B.1; Fed. Cir. Bar Ass'n Model Instr. A.2 & A.4.**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 16

Patent Infringement

Infringement occurs when, without the patent holder's permission, a product meeting all of the requirements of a patent claim is made, used, sold, or offered for sale in the United States.   To establish patent infringement in this case, plaintiff must prove by a preponderance of the evidence that defendant's product meets all of the requirements of one or more of the Asserted Claims of the '525 Patent, namely Claims 2, 4, 7, 9, 10, 11, and/or 18, with all of you agreeing on which Claim or Claims.

If you find from your consideration of all of the evidence that plaintiff has not satisfied this burden as to any Asserted Claim, then your verdict should be for defendant as to such Asserted Claim or Claims.   On the other hand, if you find that plaintiff has satisfied this burden as to one or more of the Asserted Claims of the '525 Patent, then your verdict should be for plaintiff as to such Asserted Claim or Claims.

To determine whether any Asserted Claim "reads on" defendant's product, you must first interpret such Asserted Claim, as further explained in Instruction No. 16A.   You must then decide, separately for each asserted Claim of the '525 Patent, whether defendant's product meets all of the requirements of the Asserted Claim.   This rule is subject to one exception relating to dependent patent claims.   Claims 2, 4, 7, 9, 10, 11, and 18 depend from Claim 1 of the '525 Patent.   If you find from your consideration of all of the evidence that defendant's

INSTRUCTION NO. 16 (page 2)

product does not meet all of the requirements of Claim 1, then your verdict must be for defendant as to all of the Asserted Claims of the '525 Patent.

Claim 4 depends on Claim 2, and if you find that defendant's product does not meet all of the requirements of Claim 2, then your verdict must be for defendant as to both Claim 2 and Claim 4 of the '525 Patent.

You have heard evidence about both defendant's accused product and the product of plaintiff's affiliate Scuf Gaming.   In deciding the issue of infringement, you may not compare defendant's product to Scuf Gaming's product; rather, you must compare defendant's product to the Asserted Claims of the '525 Patent.

To establish patent infringement, plaintiff need not prove that defendant knew about the '525 Patent or was aware that its product infringed the '525 Patent.

**SOURCE:   Fed. Cir. Bar Ass'n Model Instr. A.4 & 3.1a (modified); _see also_ N.D. Cal. Model Instr. 3.2 & 3.3; Am. Intellectual Prop. Law Ass'n Model Instr. 3.2.**

**NOTE:   The Court has omitted from this instruction the following elements of an infringement claim, which appear to be undisputed:   (1) defendant (a) made, (b) used, (c) sold, and/or (d) offered for sale within the United States its "Steam Controller" device (with all jurors agreeing on (a), (b), (c), and/or (d)); and (2) any features of the "Steam Controller" covered by the '525 Patent were incorporated in the device without plaintiff's permission.**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 16A

<u>Interpretation of Patent Claims</u>

The words of a patent claim are generally assigned their ordinary and customary meaning.

In patent law, however, the word "comprising" is a term of art.   By using the term "comprising," rather than "consisting of," Claim 1 and its dependent Claims define "open" patent claims, which means that the Claim is infringed as long as every requirement in the Claim is present in defendant's product.   The fact that defendant's product also includes other parts will not avoid infringement, as long as defendant's product has every requirement in the Claim.

The '525 Patent contains certain directional words, including "top," "bottom," "front," "back," "end," "side," "inner," "outer," "upper," and "lower."   These terms do not limit the respective features to a particular orientation, but merely serve to distinguish the features from one another.   For example, the "front" is opposite the "back," and the "top" is opposite the "bottom."

Two phrases that appear in Claim 1 of the '525 Patent have been interpreted by the Court.   You must accept these interpretations as correct.   The phrase "substantially the full distance between the top edge and the bottom edge" means largely but not necessarily the entire distance between the top and bottom edges.   The phrase "inherently resilient and flexible," which modifies "elongate member," means that the member may be bent or flexed

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 16A (page 2)

by a load, for example, the force exerted by a user's finger, and will then return to the unloaded position.

The Court has also interpreted the preamble ~~language~~ of ~~a patent claim is ordinarily interpreted as merely stating a purpose or intended use for the invention and does not usually state a limitation that must be found in an accused device to find infringement.   This rule does not apply when the patent holder has indicated in a prior proceeding that the preamble or a portion of the preamble is limiting.   The preamble of the~~ Claim 1 of the '525 Patent, which reads:   "A hand held controller for a game console comprising . . . ."   You must accept the Court's interpretation as correct. ~~In a prior proceeding, plaintiff indicated that the following portion of the preamble is limiting:~~   The term "hand held controller~~.~~" is a limitation set forth in Claim 1 and requires ~~Plaintiff further indicated that this portion of the preamble requires~~ that the controller "be held by a user in one or both hands."   In contrast, the phrase "for a game console," ~~which also appears in the preamble,~~ is not limiting, and you are to ignore this intended statement of purpose or intended use in determining whether defendant's product infringes the asserted Claim or Claims of the '525 Patent.

You should not infer from the above interpretations that the Court has any particular view regarding how you should decide the issues before you.   Those matters are solely for your determination.

**SOURCE:   N.D. Cal. Model Instr. 3.3 (modified); Fed. Cir. Bar Ass'n Model Instr. 2.3; *see Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005); *see also Bio-Rad Labs., Inc. v.***

COURT'S JURY INSTRUCTIONS

01  *10X Genomics Inc.*, 967 F.3d 1353 (Fed. Cir. 2020); *Shoes by Firebug LLC v. Stride Rite Children's Group, LLC*, 962 F.3d 1362 (Fed. Cir. 2020); *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353 (Fed. Cir. 2017); *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801 (Fed. Cir. 2002); *Valve Corp. v. Ironburg Inventions Ltd.*, PTAB Final Dec. in IPR2016-948 (docket no. 262-11); *Valve Corp. v. Ironburg Inventions Ltd.*, PTAB Dec. Instituting IPR2016-948 (docket no. 262-5); Minute Order (docket no. 153); Pla.'s IPR Resp., Ex. 1 to Schafer Decl. (docket no. 331-1).

05  Both sides have objected to the Court's proposed instruction concerning the preamble of Claim 1 of the '525 Patent.   Plaintiff argues that the preamble should have no limiting effect.   In contrast, defendant contends that the preamble should be construed as requiring that a controller (i) "be held by a user in both hands," and (ii) "physically communicates with a game console and controls video output associated with a videogame."   Jt. Stmt. of Objections at 27 & 36 (docket no. 374).   The Court's tentative rulings are as follows.

10      Whether a preamble is limiting must be determined "on the facts of each case in light of the overall form of the claim, and the invention as described in the specification and illuminated in the prosecution history."   *Bio-Rad*, 967 F.3d at 1369.   If a patent claim uses the preamble only to state a purpose or intended use for the invention, then the preamble is not limiting.   *Id.*   If, however, the preamble provides the antecedent basis for an element of the claim, it might be limiting.   *Id.*; *see also Shoes by Firebug*, 962 F.3d at 1367 ("'No litmus test defines when a preamble limits claim scope,' but 'dependence on a particular disputed preamble phrase for antecedent basis may limit claim scope because it indicates a reliance on both the preamble and claim body to define the claimed invention.'" (citations omitted)).   As explained by one set of commentators, to avoid ambiguity, an antecedent basis must be provided for each element recited in a patent claim, usually by introducing each element with an indefinite article ("a" or "an"), for example, *a* filament or *an* electrode.   John Gladstone Mills III, et al., PATENT LAW BASICS § 14:12 (2020).   Subsequent mention of the element can then be preceded by the definite article ("the") or by "said" or "such," for example, *the* filament or *said* electrode.   *See id.*

19      The preamble in Claim 1 of the '525 Patent provides the antecedent basis for the term "controller."   In the preamble, "controller" is modified by the phrase "hand held" and appears with an indefinite article.   In the body of Claim 1, however, "controller" is not reintroduced, but is instead preceded by the definite article on each of five different occasions.   Thus, the preamble defines the scope of Claim 1, which describes a "hand hand controller."   *See Shoes by Firebug*, 962 F.3d at 1367-68 (distinguishing between two patents, one that reintroduced "a footwear" within the body of the claim, and another that relied on "[a]n internally illuminated textile footwear" in the preamble for antecedent basis).   In addition to being supported by recent decisions of the Federal

COURT'S JURY INSTRUCTIONS

01 **Circuit, the conclusion that the preamble of Claim 1 requires the controller be held by a**
**user in one or both hands is consistent with the positions taken by plaintiff before the**
02 **Patent Trial and Appeal Board ("PTAB") of the U.S. Patent and Trademark Office, as**
**well as the decisions of the PTAB.**
03

04 **In contrast, the phrase "for a game console" does not serve as the antecedent basis**
**for any element of Claim 1 of the '525 Patent and merely identifies the intended use for**
05 **the "hand hand controller."   Defendant's suggestion that the preamble requires the**
**controller to be in physical communication with a game console and control the video**
06 **output associated with a videogame attempts to improperly import limitations into the**
**patent claim, and it is unsupported by the authorities defendant has cited.**

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 17

<u>Willful Infringement</u>

If you find that defendant infringed one or more of the Asserted Claims of the '525 Patent, then you must also determine whether or not defendant's infringement was willful.   To establish willful infringement, plaintiff must prove by a preponderance of the evidence that defendant intentionally ignored or recklessly disregarded the infringed Claim or Claims.

You must base your decision concerning willfulness on defendant's knowledge and actions at the time of any infringement.   Evidence that defendant knew about the '525 Patent is not itself sufficient to show willfulness; rather, to conclude that defendant acted willfully, you must find that defendant engaged in additional conduct manifesting deliberate or reckless disregard of plaintiff's patent rights.

In determining whether any infringement was willful, you should consider all of the facts surrounding the infringement, including (i) whether defendant intentionally copied plaintiff's patented technology in developing the accused product, (ii) whether defendant knew or should have known that its conduct involved an unreasonable risk of infringement, and/or (iii) whether defendant had a reasonable belief at the time of any infringement that its product did not infringe the Asserted Claims of the '525 Patent.

**SOURCE:   N.D. Cal. Model Instr. 3.8.**

COURT'S JURY INSTRUCTIONS

01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16
17
18
19
20
21
22

INSTRUCTION NO. 18

<u>Measure of Damages</u>

It is the duty of the Court to instruct you as to the measure of damages.   By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.   It is for you to determine, based upon the evidence, what damages, if any, have been proved.   Your award of damages, if any, must be based upon evidence and not upon speculation, guess, or conjecture.

If you find that defendant's product infringed one or more of the Asserted Claims of the '525 Patent, you must determine plaintiff's damages relating to that Claim or Claims.   You may not allow your decision concerning whether any infringement was or was not willful to affect the amount of any damages you award to plaintiff.   If you find that any infringement was willful, the Court will take your decision into account later.

Damages are the amount of money that will reasonably and fairly compensate plaintiff for any injury that you find was caused by defendant; damages are not intended to punish defendant for any infringement.

Plaintiff has the burden of proving the amount of its damages by a preponderance of the evidence.   Plaintiff is not required to prove the amount of its damages with mathematical precision, but it must prove the amount with reasonable certainty.   An award of damages should put plaintiff in approximately the financial position it would have occupied if the alleged infringement had not occurred, and it must not be less than a reasonable royalty.

COURT'S JURY INSTRUCTIONS

**SOURCE:   9th Cir. Model Instr. 5.1 (modified); N.D. Cal. Model Instr. 5.1 (modified); *see* Am. Intellectual Prop. Law Ass'n Model Instr. 10.0 & 11.0; *see also* Fed. Cir. Bar Ass'n Model Instr. A.2 & B.1.**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 18A

<u>Reasonable Royalty</u>

A royalty is a payment made to a patent holder in exchange for the right to make, use, or sell the claimed invention.   This right is called a "license."   In the context of an infringement action, a reasonable royalty is the payment for the license that would have resulted from a hypothetical negotiation between plaintiff and defendant, if such negotiation had occurred at the time when the infringing activity first began.   In ~~ascertaining the amount of a reasonable royalty upon which the parties would have agreed in a~~ <u>considering the nature of this</u> hypothetical negotiation, you must assume that the parties would have acted reasonably <u>and would have entered into a license agreement</u> based on mutually-held beliefs that the Claim or Claims of the '525 Patent on which plaintiff has prevailed in this litigation are valid and are infringed by defendant's product.   Your role is to determine what royalty would have resulted from such hypothetical negotiation, and not simply what each party might have preferred.

A royalty may be calculated in different ways and you must determine which way is the most appropriate based on the evidence you have heard.   A royalty might be "ongoing," meaning that the licensee pays, for the right to use the patented invention, either (i) a certain percentage of the revenue generated by the licensed product, also known as the "royalty base," or (ii) a fixed amount per unit actually sold.   For example, an "ongoing" royalty rate might be 1% or 5% of the royalty base, which might be $100, resulting in a royalty of $1 or $5, respectively, or an "ongoing" royalty rate might be $1 or $5 per unit, netting a royalty of $100

INSTRUCTION NO. 18A (page 2)

or $500, respectively, if 100 units are sold.   These numbers are only illustrative and are not intended to suggest the appropriate royalty rate.

A royalty might instead be a "lump sum," meaning that the licensee pays one time for a license to cover all sales of licensed products.   The licensee pays this single price regardless of whether it sells any products or generates any revenue.   When a "lump sum" royalty is awarded, the accused infringer pays a flat rate for the hypothetical license, which covers any and all past and future infringing sales.   Which type of royalty is appropriate in this case for the life of the patent is entirely up to you to decide, based on the evidence.

Plaintiff has the burden of demonstrating the value that any infringing features of defendant's product add to the desirability of the product as a whole and of apportioning the value of the patented contributions from the value of other features of defendant's product. [[**In this case, you have heard evidence of licenses between plaintiff and other entities. You may consider the royalty rates in those licenses if doing so helps you to determine the value attributable to the asserted Claim or Claims of the '525 Patent, as distinct from the value of other features of defendant's product.**]]   Any royalty that you award must reflect the value attributable to the infringing features of defendant's product, and nothing more.

In determining the amount of a reasonable royalty that would have resulted from a hypothetical negotiation, you should consider all of the facts known and available to the parties

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 18A (page 3)

at the time when the infringing activity first began, including the following factors:

    (1)    The royalties received by plaintiff for licensing the '525 Patent;

    (2)    The royalty rates paid by ~~other entities~~defendant for licensing patents comparable to the '525 patent;

    (3)    The nature and scope of the license or licenses ~~referenced in factors (1) and (2), for example, whether they are~~ as exclusive or nonexclusive, ~~and whether they are~~ or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold;

    (4)    Any policy and/or marketing program established by plaintiff to maintain its patent monopoly, for example, by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly;

    (5)    The commercial relationship between plaintiff and any licensees and/or defendant, for example, whether they are competitors in the same territory and/or in the same line of business, or whether they are inventor and promoter;

    (6)    Whether products with features covered by the '525 Patent are sold along with other products ("convoyed sales") or generate sales of other products ("derivative sales") of ~~either~~ plaintiff, ~~or~~ any of its licensees, and/or defendant, and the extent of such convoyed or derivative sales;

    (7)    The duration of the '525 Patent and the term of any license~~s~~;

    (8)    The established profitability of any product made under the '525 Patent, its commercial success, and its current popularity;

    (9)    The utility and advantages of the patented property over the old modes or devices, if any, that had been used for working out similar results;

    (10)    The nature of the patented invention, **the character of the commercial embodiment of it as owned and produced by plaintiff,** and the benefits to those who have used the invention;

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 18A (page 4)

(11)   The extent to which defendant has made use of the patented invention and any evidence probative of the value of that use;

(12)   The portion of the profit or of the selling price that might be customary in the particular business or in a comparable business to allow for the use of the invention or analogous inventions;

(13)   The portion of the realizable profits that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by ~~the infringer~~<u>defendant</u>; and

(14)   The opinion and testimony of qualified experts.

No one factor is dispositive.   You may also consider any other factor that in your mind would have increased or decreased the royalty the alleged infringer would have been willing to pay and the patent holder would have been willing to accept, acting as normally prudent business people in a hypothetical negotiation.

**SOURCE:   N.D. Cal. Model Instr. 5.7 (modified);** <u>*see*</u> **Am. Intellectual Prop. Law Ass'n Model Instr. 10.2.5.2 & 10.2.5.3; Fed. Cir. Bar Ass'n Model Instr. 6.6 & 6.7;** <u>*see also*</u> <u>*Ga.-Pac. Corp. v. U.S. Plywood Corp.*</u>**, 318 F. Supp. 1116 (S.D.N.Y. 1970).**

**NOTE:   The Court <u>previously indicated an</u> inten~~ds~~<u>t</u> to omit the ~~stricken~~ language in green.   The Court will instead leave the language in green in the instruction, but ~~and~~ reserves ruling on <u>whether these words, as well as</u> ~~which, if~~ any~~, of~~ other ~~the~~ "*Georgia-Pacific*" factors<u>,</u> are relevant in light of the evidence presented to the jury.   *See Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1230-32 (Fed. Cir. 2014).   With respect to the double-bracketed text in blue, plaintiff has taken inconsistent positions, proposing in one document to omit it, *see* Ex. B to Jt. Stmt. of Objections (docket no. 374-2 at 3), but including it in another version of this instruction, *see* Ex. A to Jt. Stmt. of Objections (docket no. 374-1 at 4:14-17).   Defendant has indicated no objection to substantially similar language.   *See* Ex. C to Jt. Stmt. of Objections (docket no. 374-3 at 12-15).   With respect to Factor 6, the Court has attempted to incorporate the substance of the parties' proposed language, while not introducing an undefined term ("patented specialty") or unexplained concepts ("convoyed or derivative sales").**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 18B

<u>Date of Commencement</u>

Any damages that you award to plaintiff should be calculated to begin on the date that you determine the infringing activity began and to end on _____.

**SOURCE:   N.D. Cal. Model Instr. 5.9 (modified); Fed. Cir. Bar Ass'n Model Instr. 6.8.**

**NOTE:   Based on the parties' Admitted Facts 1, 2, 6, and 7, indicating that the '525 Patent issued in February 2014, and plaintiff sent defendant notice of the '525 Patent in March 2014, before defendant began selling its "Steam Controller" product in 2015, the date of notice is not relevant.**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 19

<u>Deliberation</u>

Before you begin your deliberations, elect one member of the jury as your presiding juror.   The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.   It is the presiding juror's duty to see that discussion is carried on in a sensible and orderly fashion, the issues submitted for your decision are fully and fairly discussed, and that every juror has a chance to express himself or herself and participate in the deliberations upon each question before the jury.   Deliberations are to occur only in the jury room and only when all jurors are present.

You will be furnished with all of the exhibits admitted into evidence, these instructions, and a suitable form of verdict.   Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.

**SOURCE:   9th Cir. Model Instr. 3.1 & 3.2 (modified); WPI 1.08 (modified).**

INSTRUCTION NO. 20

<u>Reaching Agreement</u>

You shall diligently strive to reach agreement with all of the other jurors if you can do so.   Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.   Do not be unwilling to change your opinion if the discussion persuades you that you should.   But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**SOURCE:   9th Cir. Model Instr. 3.1.**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 21

<u>Communication with Court</u>

       If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury.   No member of the jury should ever attempt to communicate with me except by a signed writing.   I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.   Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

       If you send a note to me, there will be some delay in my response because I will discuss the note with the lawyers before preparing a response.   You may continue your deliberations while waiting for the answer to any question.

**SOURCE:   9th Cir. Model Instr. 3.3 (modified).**

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 22

Verdict

After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form in a manner that expresses the results of your deliberations, date and sign the verdict form, and announce your agreement to the clerk, who will conduct you into the courtroom to declare your verdict.

**SOURCE:   9th Cir. Model Instr. 3.5 (modified).**

COURT'S JURY INSTRUCTIONS