The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IRONBURG INVENTIONS LTD., <br><br> Plaintiff, <br><br> v. <br><br> VALVE CORPORATION, <br><br> Defendant. | No. 2:17-cv-01182-TSZ <br><br> **PLAINTIFF IRONBURG INVENTIONS LTD.'S BRIEF IN SUPPORT OF THE ADMISSIBILITY OF EXHIBIT 78** |

Pursuant to the Court's Minute Entry dated January 27, 2021 (Dkt. 407), plaintiff Ironburg Inventions Ltd. ("Ironburg") hereby submits this brief in support of the admissibility of Exhibit 78. The Court has already ruled that Exhibit 78 was authenticated during the testimony of Nicoleta Cosereanu.

Exhibit 78 is an analysis of the assets acquired by Scuf Gaming from Simon Burgess in connection with his buyout from the Scuf Gaming companies, including his interest in Ironburg and the '525 Patent. Scuf Gaming's Finance Director Nicoleta Cosereanu testified that the document that was prepared in the ordinary course by Scuf Gaming in late 2015 and early 2016 for purchase accounting purposes to account for the assets acquired by Scuf in the transaction. (*See* Cosereanu Testimony attached as Ex. A hereto, 14:2-4, 17:17-22.) Ms. Cosereanu testified that she was intimately involved with the preparation of the document. (*Id*. at 13:6-9.)

Valve does not dispute that Ms. Cosereanu participated in the preparation of Exhibit 78, that the document is a valid business record kept in the ordinary course of business, or that Ms. Cosereanu was able to and did properly authenticate Exhibit 78. Valve's sole contention is that the document should be excluded under Federal Rule of Evidence 403 as causing "unfair prejudice". Valve fails to state exactly how the document creates any unfair prejudice but the basis of the objection appears to be a contention that the document was a "litigation inspired" document. The suggestion is that Scuf overstated the comparative value of the '525 patent in Exhibit 78 and it did so to bolster the percentage of the Microsoft royalty rate to be attributed to the '525 patent in the reasonable royalty analysis for this case. But there is no evidence to support such a contention.

Valve's attorneys cross examined Ms. Cosereanu in an attempt to develop support for this argument. (Ex. A, 22:2-23:2.) But Ms. Cosereanu denied that the Burgess Buyout Analysis had any connection to this litigation. (*Id*.) She testified that the analysis was started before the litigation was filed and was created solely to comply with the requirements of IRC Rule 482 governing purchase accounting as applied to the transaction. (*Id*. at 11:10-15.) Moreover, if as Valve suggests, the analysis was "litigation inspired", it failed its essential purpose. The analysis ascribes a conservative comparative value to the '525 patent - 40% of Ironburg's worldwide patent portfolio. In contrast, Mr. Ironmonger testified that the '525 patent accounted for 80% of Ironburg's patent portfolio, including those patents licensed to Microsoft.

Under Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is *substantially outweighed* by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." (Emphasis added.) Here, Valve has only argued that Exhibit 78 is unfairly prejudicial. By its nature, the most relevant evidence is prejudicial, but only evidence resulting in "unfair prejudice" can be excluded under Rule 403. "Unfair prejudice" means that it is likely to "inflame" the jury. *United States v. Martin*, 796 F.3d 1101, 1105 (9th Cir. 2015). After all, "trials were never meant to be antiseptic affairs." *United States v. Benedetti*, 433 F.3d 111, 118 (1st Cir. 2005); *see also United States v. Allen*, 341 F.3d 870, 886 (9th Cir.

2003). Nothing about the buyout analysis is inflammatory; on the other hand, an analysis of the value of the '525 patent is highly relevant.

  Valve has also suggested that the document should be excluded because Ironburg failed to disclose the document's primary author, Scuf's CFO, John Oliver, in its initial disclosures. But Ironburg never reasonably believed that Mr. Oliver had information that was relevant to this matter and only learned from Valve its contention that Mr. Oliver is someone of interest to them. Notwithstanding this contention, Valve made no attempt in the 5-year span of this action to depose Mr. Oliver. And there was ample time to do so given the many delays in this case. The parties continued to supplement discovery long after discovery closed and Ms. Cosereanu herself was deposed after the discovery cut-off date. Because there is no proper basis to exclude Exhibit 78, it should be admitted.

Dated: January 27, 2021

**MANATT, PHELPS & PHILLIPS, LLP**

By:  */s/ Robert D. Becker*
  Robert D. Becker, *pro hac vice*
  Christopher L. Wanger, *pro hac vice*
  One Embarcadero Center, 30th Floor
  San Francisco, CA 94111
  Tel: (415) 291-7617; Fax (415) 291-7474
  Email: rbecker@manatt.com
  Email: cwanger@manatt.com

**SAVITT BRUCE & WILLEY LLP**
  Stephen C. Willey, WSBA #24499
  1425 Fourth Avenue, Suite 800
  Seattle, WA 98101-2272
  Tel: (206) 749-0500; Fax (206) 749-0600
  Email: swilley@sbwllp.com

*Attorneys for Plaintiff Ironburg Inventions Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2021 a true and accurate copy of this document, entitled PLAINTIFF IRONBURG INVENTIONS LTD.'S BRIEF IN SUPPORT OF THE ADMISSIBILITY OF EXHIBIT 78 was served via CM ECF on Valve's counsel of record.

*/s/ Robert D. Becker*
Robert D. Becker