1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9  | IRONBURG INVENTIONS LTD., a
10 | United Kingdom Limited Company,

Plaintiff,

11

v.

12

VALVE CORPORATION, a Washington
13 | corporation,

14

Defendant.

15
16
17
18
19
20
21
22
23
24
25
26

Case No. 2:17-cv-01182-TSZ

**DEFENDANT VALVE CORPORATION'S OPPOSITION TO IRONBURG INVENTIONS LTD.'S MOTION FOR ATTORNEYS' FEES AND PREJUDGMENT INTEREST**

VALVE'S OPPOSITION TO MOTION FOR ATTORNEYS'
FEES AND PREJUDGMENT INTEREST
(2:17-cv-01182-TSZ)

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

## Table of Contents

I.     STATEMENT OF FACTS ....................................................................................2

II.    LEGAL STANDARD.........................................................................................3

III.   ARGUMENT .....................................................................................................4

       A.     VALVE'S DEFENSES WERE NOT "EXCEPTIONALLY" WEAK........4

       B.     VALVE'S LITIGATION CONDUCT WAS REASONABLE..................7

       C.     IRONBURG NEVER PROVIDED VALVE NOTICE THIS CASE WAS
              EXCEPTIONAL ........................................................................................9

       D.     IRONBURG'S FEE ESTIMATE IS EXCESSIVE AND
              UNREASONABLE ..................................................................................10

IV.    PREJUDGMENT INTEREST.............................................................................11

V.     CONCLUSION.................................................................................................12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

VALVE'S OPPOSITION TO MOTION FOR ATTORNEYS'
FEES AND PREJUDGMENT INTEREST
(2:17-cv-01182-TSZ) - i

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

125611839

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

*American Technical Ceramics Corp. v. Presidio Components, Inc.*,
  2020 WL 5658779 (E.D. N.Y. 2020) ........................................................................4

*Apple Inc. v. Samsung Electronics Co.*,
  67 F. Supp. 3d 1100, 1121-22 (N.D. Cal. 2014), *aff'd*, 816 F.3d 788 (Fed. Cir.
  2016) ........................................................................12

*Baden Sports, Inc. v. Kabushiki Kaisha Molten*,
  No. C06-210MJP, 2007 WL 2790777 (W.D. Wash. Sept. 25, 2007) .......................12

*Beckman Instruments, Inc. v. LKB Produkter AB*,
  892 F.2d 1547 (Fed. Cir. 1989) ........................................................................11

*Checkpoint Sys., Inc. v. All-Tag Security S.A.*,
  858 F.3d 1371 (Fed. Cir. 2017) ........................................................................9

*Conceptus, Inc. v. Hologic, Inc.*,
  No. C 09–02280 WHA, 2012 WL 44064 (N.D. Cal. Jan. 9, 2012) .........................11

*Dragon Intellectual Property, LLC v. DISH Network L.L.C.*,
  No. CV 13-2066-RGA, 2021 WL 3616147 (D. Del. Aug. 16, 2021) .......................11

*Finjan, Inc. v. Juniper Network, Inc.*,
  2021 WL 75735 (N.D. Cal. 2021) ........................................................................11

*Gyromat Corp. v. Champion Spark Plug Co.*,
  735 F.2d 549 (Fed. Cir. 1984) ........................................................................12

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ........................................................................10

*Ironburg Inventions Ltd. v. Valve Corp.*,
  773 Fed. App'x 622 (Fed. Cir. 2019) ........................................................................2, 7

*Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*,
  2018 WL 3730404 (N.D. Cal. 2018) ........................................................................6

*Junker v. Eddings*,
  396 F.3d 1359 (Fed. Cir. 2005) ........................................................................10

VALVE'S OPPOSITION TO MOTION FOR ATTORNEYS'
FEES AND PREJUDGMENT INTEREST
(2:17-cv-01182-TSZ) - ii

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

*Kilopass Technology, Inc. v. Sidense Corp.*,
    738 F.3d 1302 (Fed. Cir. 2013)..................................................................9

*Lam, Inc. v. Johns-Manville Corp.*,
    718 F.2d 1056 (Fed. Cir. 1983)................................................................11

*nCUBE Corp. v. SeaChange International, Inc.*
    436 F.3d 1317, 1324 (Fed. Cir. 2006)........................................................5

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    572 U.S. 545 (2014)...........................................................................1, 4, 6

*Prism Techs. LLC v. T-Mobile USA, Inc.*,
    696 F. App'x 1014 (Fed. Cir. 2017) .........................................................10

*In re Rembrandt Techs. LP Pat. Litig.*,
    899 F.3d 1254 (Fed. Cir. 2018)..................................................................9

*SiOnyx LLC v. Hamamatsu Photonics K.K.*,
    981 F.3d 1339 (Fed. Cir. 2020)..................................................................6

*Stone Basket Innovations, LLC v. Cook Med. LLC*,
    892 F.3d 1175 (Fed. Cir. 2018)........................................................1, 9, 10

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    137 S. Ct. 1514 (2017)...............................................................................2

*Uniroyal, Inc. v. Rudkin–Wiley Corp.*,
    939 F.2d 1540 (Fed. Cir. 1991)................................................................11

*University of Utah v. Max-Planck-Gesellschaft*,
    851 F.3d 1317, 1321-1323 (Fed. Cir. 2017) ..............................................5

*Vehicle Operation Techs. LLC v. Ford Motor Co.*,
    No. CV 13-539-RGA, 2015 WL 4036171 (D. Del. July 1, 2015)...........10

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
    No. 12-CV-05501-SI, 2018 WL 4849681 (N.D. Cal. Oct. 4, 2018)........12

**Statutes**

28 U.S.C. § 1961(a) ...........................................................................................12

35 U.S.C. § 284...................................................................................................3

35 U.S.C. § 285.........................................................................................*passim*

Patent Act............................................................................................................3

VALVE'S OPPOSITION TO MOTION FOR ATTORNEYS'
FEES AND PREJUDGMENT INTEREST
(2:17-cv-01182-TSZ) - iii

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

**Other Authorities**

Fed. R. Civ. P. 54(d)(2)(C) ................................................................................................10

Rule 11 ..............................................................................................................................3, 10

Rule 30(b)(6) ..........................................................................................................................8

Rule 50 ....................................................................................................................................5

Rule 54(b) ...............................................................................................................................3

U.S. Patent Nos. 8,641,525 .......................................................................................... *passim*

VALVE'S OPPOSITION TO MOTION FOR ATTORNEYS'
FEES AND PREJUDGMENT INTEREST
(2:17-cv-01182-TSZ) - iv

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

As the Supreme Court has instructed, a case "presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 555 (2014). This is not such a case.

First, Ironburg's argument that Valve's positions were "exceptionally weak" is objectively inconsistent with the facts. Of the 39 patent claims Ironburg originally asserted across both Asserted Patents, Valve invalidated 25 of them through IPR and won summary judgment of non-infringement on the two surviving claims from the '770 patent—eliminating that patent entirely from the case. (*See* Lujin Decl., ¶ 3). For the seven claims from the '525 patent that survived IPR, were not dropped by Ironburg, and were taken to trial, Valve presented substantial evidence of non-infringement under three independent theories. And while the '688 and '229 patents are irrelevant to this analysis because there has been no final judgment entered on them, the Federal Circuit last week vacated most of Ironburg's purported wins at the Patent Trial and Appeal Board ("PTAB"). (*Id.*, ¶ 2, Ex. 1). As such, Ironburg did not achieve anything close to the clean sweep it describes—not in the district court nor at the PTAB. The jury's finding in Ironburg's favor on its few remaining patent claims does not warrant awarding fees as a "penalty for failure to win a patent infringement suit." *Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1184 (Fed. Cir. 2018) (quoting *Octane*, 572 U.S. at 548).

Ironburg's argument that Valve engaged in vexatious litigation behavior is likewise baseless. This Court has observed that "[t]he record does not support a conclusion that [Valve] pirated plaintiff's invention or that the alleged misbehavior at issue in this case is more egregious than 'garden variety' infringement and aggressive litigation tactics involving competitors that independently arrived at similar solutions to the same problem." (Dkt. #458 at 7-9). It is "the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Octane*, 572 U.S. at 555. Nothing about Valve's conduct of the case comes close to meeting this standard.

VALVE'S OPPOSITION TO MOTION FOR ATTORNEYS'
FEES AND PREJUDGMENT INTEREST
(2:17-cv-01182-TSZ) - 1

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

This case was hard fought on both sides. Nothing about it stands out from ordinary patent cases where a jury must resolve sharply contested issues advanced in good faith by sophisticated litigants. Ironburg's motion should be denied.

## I.     STATEMENT OF FACTS

Ironburg filed this lawsuit in the Northern District of Georgia on December 3, 2015, accusing Valve of infringing U.S. Patent Nos. 8,641,525 ("the '525 patent") and 9,089,770 ("the '770 patent") (collectively "the Asserted Patents"). (Dkt. # 1). The Asserted Patents are generally directed to gaming controllers with two back controls that each include an elongate member. (*See id.*; Dkt. #458 at 3-4). Immediately after the Supreme Court clarified the patent venue statute and limited where patent cases may be brought (*see TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017)), Valve successfully moved to transfer this case to the Western District of Washington over Ironburg's objection. (Dkt. ##109, 116).

In April 2016, Valve filed two IPR petitions challenging the validity of each claim of the two Asserted Patents. (Dkt. #136 at 2). The PTAB instituted review of both petitions after finding "a reasonable likelihood [Valve] would prevail in proving unpatentability" on 37 of the 40 claims across both Asserted Patents, including all claims of the '525 patent that Ironburg asserted at trial. (*See* Lujin Decl., ¶ 6) The PTAB thereafter invalidated 25 of the 37 reviewed claims—8 from the '525 patent and 17 from the '770 patent. (Dkt. #136 at 2). Both parties appealed aspects of the PTAB's final written decision, but the Federal Circuit affirmed. *Ironburg Inventions Ltd. v. Valve Corp.*, 773 Fed. App'x 622 (Fed. Cir. 2019). This Court later decided that, based on the IPR proceedings, Valve was estopped from arguing during trial that the remaining asserted claims are invalid. (Dkt. #320).

In September 2018, Valve moved for summary judgment of non-infringement (Dkt. #255), which this Court granted as to the two claims of the '770 patent, eliminating that patent entirely from the case. (Dkt. #301 at 3). The Court allowed the '525 patent to go to trial (*id.* at 1-2), but precluded Ironburg from asserting infringement under the doctrine of equivalents. (Dkt. #353 at

VALVE'S OPPOSITION TO MOTION FOR ATTORNEYS'
FEES AND PREJUDGMENT INTEREST
(2:17-cv-01182-TSZ) - 2

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

3). Throughout the course of this litigation, Ironburg never complained to Valve, such as through a Rule 11 letter, that it believed Valve's non-infringement defenses were exceptionally weak or frivolous. In fact, Ironburg did not move for summary judgment of infringement of the Asserted Patents and voluntarily dropped four asserted claims on the eve of trial. (Lujin Decl., ¶ 3).

When the parties tried this case in January, Valve presented ample testimony from its engineers and technical expert that the accused Steam Controller did not infringe the asserted claims of the '525 patent under three independent theories. (*See, e.g.*, Dkt. #458 at 4; Trial Tr. at 405:1-406:21 (Dkt. #425) (Jason Beach testifying the back controls are not flexible), 525:12-531:15 (Jeffrey Bellinghausen testifying the back controls are not flexible); 758:19-765:2 (Valve's technical expert testifying there are not two back controls each including an elongate member), 765:7-773:7 (Valve's technical expert testifying there are not two back controls that extend substantially the full distance from the top to the bottom edge of the controller), 773:11-779:7, 810:12-811:6 (Dkt. #426) (Valve's technical expert testifying the back controls are not flexible). At the close of the evidence, Ironburg moved for JMOL of infringement. The Court denied Ironburg's motion, finding the case needed to be resolved by the jury. (Dkt. #426, Trial Tr. at 1001:22-1003:17).

The jury returned a verdict of willful infringement (Dkt. #439), but this Court denied Ironburg's motion to enhance damages under 35 U.S.C. § 284, finding no evidence of copying or of anything "more egregious than 'garden variety' infringement and aggressive litigation tactics involving competitors that independently arrived at similar solutions to the same problem." (Dkt. #458 at 7-9). The Court thus struck Valve's motion for JMOL of no willfulness as moot. (*See id.*).

On August 12, Valve filed a notice of appeal to the Federal Circuit from the Rule 54(b) partial judgment entered by this Court. (Dkt. # 473).

## II.   LEGAL STANDARD

The Patent Act provides that courts "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An "exceptional" case as "one that stands out from

VALVE'S OPPOSITION TO MOTION FOR ATTORNEYS'
FEES AND PREJUDGMENT INTEREST
(2:17-cv-01182-TSZ) - 3

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane*, 572 U.S. at 554. For example, "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 555. When considering whether a case is exceptional, district courts should consider the totality of the circumstances and exercise their discretion to award fees on a case-by-case basis. *Id.* Courts may consider the following factors in making this determination: "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (internal quotation marks omitted). A party moving for attorney fees must demonstrate, by a preponderance of the evidence, that a case is "exceptional." *Id.* at 557.

## III.   ARGUMENT

### A.   Valve's Defenses Were Not "Exceptionally" Weak

Valve's defenses were not exceptionally weak, as Ironburg contends. Noticeably absent from Ironburg's motion is any mention that the PTAB invalidated 18 out of 20 claims of the '770 patent because of Valve's IPR petition. It defies logic to assert that Valve's invalidity arguments—resulting in the PTAB invalidating 90% of the '770 patent claims—were so unsuccessful as to be entirely "devoid of merit," as Ironburg argues. (Dkt. #467 at 4). Furthermore, by instituting Valve's IPR petition for the '525 patent, the PTAB found there was a reasonable likelihood that nearly all claims in that patent were invalid. (Dkt. #136 at 2-3). This included all seven of the '525 patent claims asserted at trial. (Lujin Decl., ¶ 6). The PTAB's decisions instituting review on nearly all claims of the '525 patent—and then invalidating nearly half of them—demonstrate that Valve's invalidity defenses were, if not altogether successful, at least "uniformly colorable." *American Technical Ceramics Corp. v. Presidio Components, Inc.*, 2020 WL 5658779, *10-*18 (E.D. N.Y. 2020) (finding case not exceptional, in part, where the PTAB invalidated the claims in one asserted patent but not others). That Valve proceeded to trial on the remaining '525 patent claims despite

VALVE'S OPPOSITION TO MOTION FOR ATTORNEYS'
FEES AND PREJUDGMENT INTEREST
(2:17-cv-01182-TSZ) - 4

**Fox Rothschild LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

1   the Court's estoppel ruling does not mean Valve's other defenses were objectively meritless.

2   Validity and infringement are distinct issues. And, as stated above, Valve presented ample non-

3   infringement evidence during trial. Indeed, the Court denied Ironburg's Rule 50 motion on

4   infringement. (Dkt. #426, Trial Tr. at 1001:22-1003:17).

5       Ironburg further claims it is entitled to fees because Valve offered no testimony that it

6   subjectively believed it did not infringe. (Dkt. # 467 at 6). This argument is disingenuous at best.

7   Importantly, there is evidence that Valve had a reasonable, good faith belief that it did not infringe

8   the '525 Patent, but Valve was not allowed to present it. In opposing Ironburg's request to keep

9   such evidence from the jury, Valve proffered that its General Counsel (i) reviewed Ironburg's pre-

10  suit demand letter, (ii) understood Ironburg's accusations (including that the accusations were

11  solely directed to abandoned features of the Chell prototype controller), (iii) conducted his own

12  investigation, and (iv) formed a belief based on that investigation, independent from any

13  consultation with counsel, that Valve's subsequent design changes eliminated the features

14  Ironburg accused in its letter and follow-up conversations. (*See* Dkt. #435 at 21-23 and cited

15  exhibits). That evidence refutes the accusations in Ironburg's motion and should be considered,

16  even if Valve was not allowed to present it to the jury. *See University of Utah v. Max-Planck-*

17  *Gesellschaft zur Foerderung der Wissenschaften e.V.*, 851 F.3d 1317, 1321-1323 (Fed. Cir. 2017)

18  (considering testimony outside of trial in connection with a Section 285 motion). Furthermore,

19  Ironburg has no evidence that Valve ever received any advice of counsel. Ironburg's false and

20  misleading assertions are pure speculation. Ironburg's reliance on *nCUBE Corp. v. SeaChange*

21  *International, Inc.* is also unavailing. There, the Court found literal infringement was "not even

22  close," that the infringer deliberately copied the patentee's product without investigating the scope

23  of the patent, and the accused infringer relied on an incompetent opinion of counsel. 436 F.3d

24  1317, 1324 (Fed. Cir. 2006). None of those facts are present here.

25      Ironburg also argues the jury's finding of willfulness alone should make this case

26  exceptional, asserting "a court must specifically explain why a case is not exceptional after a

VALVE'S OPPOSITION TO MOTION FOR ATTORNEYS'
FEES AND PREJUDGMENT INTEREST
(2:17-cv-01182-TSZ) - 5

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

1    finding of willful infringement." (Dkt. # 467 at 4). There are several fallacies in this argument.

2    First, Ironburg relies on authority predating *Octane Fitness*, which rejected any "rigid and

3    mechanical formula" for awarding attorneys' fees in favor of a "totality of the circumstances" test.

4    *See Octane*, 572 U.S. at 550, 554-55. Insofar as Ironburg asserts that a jury's finding of willfulness

5    creates a presumption entitling it to fees, that argument is inconsistent with *Octane Fitness* and

6    should be rejected. Second, the Court already denied Ironburg's motion for enhanced damages and

7    struck Valve's motion for JMOL of no willfulness as moot because the record "does not support a

8    conclusion that [Valve] pirated [Ironburg's] invention" or that the alleged misbehavior is more

9    egregious than "garden variety" infringement. (Dkt. # 458 at 8-9). Third, despite a finding of

10   willfulness, courts appropriately deny fees where, as here, the defendant's "noninfringement and

11   invalidity defenses were not so weak as to be exceptional, in particular [when the plaintiff] failed

12   even to move for summary judgment on those issues." *SiOnyx LLC v. Hamamatsu Photonics K.K.*,

13   981 F.3d 1339, 1355 (Fed. Cir. 2020); *see also Johnstech Int'l Corp. v. JF Microtechnology SDN*

14   *BHD*, 2018 WL 3730404, *4 -*5 (N.D. Cal. 2018) (despite awarding enhanced damages upon a

15   finding of willfulness, denying Section 285 fees because the defenses were not frivolous and there

16   "is no evidence that [defendant] or its attorneys built a defense based on pervasive fraud or lies").

17         Finally, this Court already rejected Ironburg's copying argument when it correctly

18   determined that Valve's engineers were not even aware of the '525 patent while designing the

19   commercial version of the Steam Controller, and the record does not support a conclusion that

20   Valve pirated Ironburg's invention. (Dkt. # 458 at 8-9). Ironburg also claims Valve copied the

21   dependent claims of the '525 patent, but there is simply no evidence supporting that assertion.

22         Here, Valve advanced reasonable defenses throughout litigation and at trial. Just because

23   Ironburg prevailed on its few patent claims that survived IPR and summary judgment does not

24   mean this is a situation that "stands out from others with respect to the substantive strength of

25   [Valve's] position." *Octane*, 572 U.S. at 554.

26

VALVE'S OPPOSITION TO MOTION FOR ATTORNEYS'
FEES AND PREJUDGMENT INTEREST
(2:17-cv-01182-TSZ) - 6

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

**B.     Valve's Litigation Conduct Was Reasonable**

In addition to presenting reasonable merits positions, Valve's litigation conduct never came close to approaching the threshold of uncommon, bad-faith behavior. Ironburg's request for fees should be denied for this additional reason.

Ironburg first argues that Valve engaged in excessive litigation and intentional delay by filing various motions throughout the course of litigation. But Ironburg makes no effort to show that any positions Valve took in its motions were unreasonable. Indeed, Valve prevailed on at least 12 opposed motions. (Lujin Decl., ¶ 4). Valve also won on summary judgment of non-infringement for the only two claims of the '770 Patent that survived IPR. (Dkt. ##301, 322). Moreover, any inefficiency from litigating this case in the district court in parallel with the IPR proceedings was a product of Ironburg's own choices: ***Ironburg thrice opposed Valve's motions to stay this case pending IPR-related proceedings.*** (Dkt. ##141, 192, 297). And the fact that Valve's inequitable conduct counterclaim was resolved on summary judgment does not mean Valve pursued it vexatiously. Indeed, the Court denied Ironburg's motion to strike this counterclaim on the pleadings (Dkt. # 67), and also found that after an *in camera* inspection of relevant documents in response to Valve's motion to compel, "it was certainly not the case that these documents clearly exonerated Ironburg from any possible allegations of knowingly or intentionally withholding material prior art," such that "it would be unfair to assume, at this juncture, that Valve will not be able to make a threshold showing of intent." (Dkt. #248 at 8-9) (Donohue, M.J.).

Ironburg next argues Valve "continued to litigate issues already decided and to pursue arguments that were not timely raised." (Dkt. #467 at 8). This claim cannot be squared with the facts. Ironburg claims Valve belatedly argued claim construction on the eve of trial. In fact, *Ironburg* created the dispute about whether the claim preamble was limiting by arguing to the PTAB <u>and</u> the Federal Circuit that the preamble was limiting, and then taking the opposite position in this Court just before trial. (Lujin Decl., ¶ 5). One day after the Court denied Ironburg's motion *in limine* attempting to exclude Valve from arguing non-infringement based on the preamble, (Dkt.

VALVE'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND PREJUDGMENT INTEREST
(2:17-cv-01182-TSZ) - 7

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

1   #353 at 2), Ironburg submitted a disputed instruction advancing the same position the Court had

2   just rejected (Dkt. #355 at 3-4), and Ironburg continued to object to the Court's proposed

3   Instruction 16A regarding the claim preamble. (Dkt. ##369, 374; Lujin Decl., ¶5). Trial testimony

4   regarding the "PC vs. console" issue merely showed that Valve's Steam Controller was made for

5   PC gaming and thus did not compete with Scuf's console controller—an issue relevant to damages.

6   As to IPR estoppel, Valve only sought to pursue invalidity grounds at trial that the PTAB's final

7   written decision did not address. While the Court ultimately applied IPR estoppel to these grounds,

8   it did so under non-binding authority from a different district court. (Dkt. #320 at 7-13). That this

9   Court precluded Valve from pursuing invalidity on grounds not addressed in the PTAB's final

10  written decision based on an unsettled legal theory does not mean Valve attempted to litigate issues

11  already decided. In fact, Valve agreed not to raise invalidity at trial once the Court ruled it was

12  estopped from doing so. (Dkt. #321 at 4).

13      Ironburg also asserts that Valve committed litigation misconduct in connection with its

14  opposition to Ironburg's motion to compel production of certain sales data, arguing that the

15  deposition testimony of Valve's corporate controller was inconsistent with representations made

16  in her declaration in support of Valve's opposition. Ironburg is wrong. In her declaration, she stated

17  that—unlike large publicly-audited companies—Valve does not routinely prepare financial

18  reporting documents except for specific purposes, such as "required for tax purposes." (Dkt. #173,

19  ¶ 13). This statement precisely tracks the deposition testimony that Ironburg cites as inconsistent:

20  "One of the reasons [Valve] prepare[s] financial statements, consolidated financial statements, is

21  also for tax filing purposes." (Dkt. # 443, Ex. 6 at 29:20-30:16). The Court ultimately denied

22  Ironburg's motion to compel and agreed with the relief Valve had suggested during the parties'

23  meet and confers and during the hearing—a Rule 30(b)(6) deposition. (*See* Dkt. #184). There was

24  nothing unreasonable or vexatious in Valve's behavior.

25      Nor will awarding fees in this case further any considerations of compensation or

26  deterrence. The purpose of an award of attorneys' fees for an exceptional case under § 285 "is to

VALVE'S OPPOSITION TO MOTION FOR ATTORNEYS'
FEES AND PREJUDGMENT INTEREST
(2:17-cv-01182-TSZ) - 8

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

1  compensate a [party] for attorneys' fees ***it should not have been forced to incur***." *Kilopass*

2  *Technology, Inc. v. Sidense Corp.*, 738 F.3d 1302, 1313 (Fed. Cir. 2013) (emphasis added). That

3  is, where the infringing party litigated in bad faith or required the plaintiff to incur expenses

4  litigating objectively unreasonable defenses. Here, Valve introduced ample evidence to support its

5  non-infringement defenses, even though they were ultimately insufficient to persuade the jury. The

6  parties litigated vigorously, but in good faith. Awarding Ironburg fees as a mechanism to recoup

7  litigation expenses is nothing more than "a penalty [against Valve] for failure to win a patent

8  infringement suit," which both the Supreme Court and Federal Circuit have warned against.

9  *Checkpoint Sys., Inc. v. All-Tag Security S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017); *see also In*

10  *re Rembrandt Techs. LP Pat. Litig.*, 899 F.3d 1254, 1278 (Fed. Cir. 2018) (attorneys' fees are

11  compensatory, not punitive). Ironburg also complains that Valve tried to put its affiliate—Scuf

12  Gaming—out of business by offering a competing product. But Ironburg presented no objective

13  evidence that Valve's Steam Controller ever competed with controllers offered by Scuf Gaming,

14  much less that Valve's Steam Controller impaired Scuf's market.

15  Finally, for the same reasons as those described in Valve's opposition to Ironburg's motion

16  seeking enhanced damages, (1) remedial action was not necessary because Valve did not commit

17  misconduct and ceased sales of the Steam Controller long before the jury verdict; and (2) there is

18  no evidence Valve intended to harm Ironburg's business. (*See* Dkt. #445 at 11-12).[1]

19  Valve acted appropriately under the circumstances, and Ironburg's baseless allegations of

20  litigation misconduct should be rejected.

21  **C.   Ironburg Never Provided Valve Notice This Case Was Exceptional**

22  The Court should further deny Ironburg's motion because Ironburg did not provide Valve

23  with notice during the litigation of any subjective belief that this was an exceptional case entitling

24  Ironburg to attorneys' fees. In *Stone Basket*, the Federal Circuit agreed with the district court's

25  denial of Section 285 fees where the party seeking fees failed to take actions to ensure a rapid

26

---

[1] Ironburg cites no authority that these factors are even relevant to the Section 285 fees analysis.

VALVE'S OPPOSITION TO MOTION FOR ATTORNEYS'
FEES AND PREJUDGMENT INTEREST
(2:17-cv-01182-TSZ) - 9

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

termination of the litigation, including by failing to inform the non-movant that it believed its positions to be frivolous or unfounded. 892 F.3d at 1181-83. The Federal Circuit observed that "a party cannot simply hide under a rock, quietly documenting all of the ways it's been wronged, so that it can march out its 'parade of horribles' after all is said and done." *Id.* at 1181-82 (citations omitted). Like the movant in *Stone Basket*, Ironburg never informed Valve during litigation, such as through a Rule 11 letter, of any belief that Valve's invalidity or non-infringement positions were exceptionally weak or frivolous such that it would seek fees if Valve did not immediately admit infringement and pay Ironburg damages. In fact, Valve presented a substantial case for non-infringement, and the lack of contrary evidence anywhere in this case's history confirms this. *See also Prism Techs. LLC v. T-Mobile USA, Inc.*, 696 F. App'x 1014, 1018 (Fed. Cir. 2017) (failure to seek summary judgment on the issue of infringement undercut claims of frivolousness). Ironburg's "post-judgment notice of its assertion that [Valve's defenses] were always baseless cannot mandate an award of fees under a 'totality of the circumstances' analysis." *Stone Basket*, 892 F.3d at 1182-83 (citations omitted).

### D.    Ironburg's Fee Estimate is Excessive and Unreasonable

As Ironburg proposes (Dkt. #467 at n.1), in the event the Court finds Ironburg is entitled to fees, Valve also requests supplemental briefing regarding the amount to which Ironburg is entitled. *See, e.g.*, Fed. R. Civ. P. 54(d)(2)(C); *Vehicle Operation Techs. LLC v. Ford Motor Co.*, No. CV 13-539-RGA, 2015 WL 4036171, at *4 (D. Del. July 1, 2015) (setting a supplemental briefing schedule and requiring submission of detailed documents supporting the fees award).

Under *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983), "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." The Federal Circuit has noted that the "evidence usually analyzed in determining a reasonable attorney fee" includes "hourly time records . . . and detailed billing records or client's actual bills showing tasks performed in connection with the litigation." *Junker v. Eddings,* 396 F.3d 1359, 1366 (Fed. Cir. 2005). "In determining the reasonableness of the award, there must be

VALVE'S OPPOSITION TO MOTION FOR ATTORNEYS'
FEES AND PREJUDGMENT INTEREST
(2:17-cv-01182-TSZ) - 10

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

1    some evidence to support the reasonableness of, *inter alia*, the billing rate charged and the number

2    of hours expended." *Lam, Inc. v. Johns-Manville Corp.*, 718 F.2d 1056, 1068 (Fed. Cir. 1983). In

3    addition to being reasonable, the fees sought "must in some way be related to [the] bad faith and

4    misconduct." *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1553 (Fed. Cir.

5    1989) (trial judge's failure to take into account the particular misconduct involved in determining

6    the amount of fees was an abuse of discretion).

7         Ironburg's requested fees—which are substantially higher than the jury's damages

8    award—are excessive and unreasonable. Facially apparent deficiencies in Ironburg's fee

9    calculations include: (1) erroneous inclusion of litigation and IPR fees related to the '770 patent,

10   where Valve prevailed during IPR and at the district court (*see Finjan, Inc. v. Juniper Network,

11   Inc.*, 2021 WL 75735, *3 (N.D. Cal. 2021) (denying fees in connection with time spent litigating

12   patents on which the movant did not prevail)); (2) erroneous inclusion of IPR and litigation fees

13   involving the '229 and '688 patents, even though there is no judgment yet and the Federal Circuit

14   recently reversed-in-part purported wins for Ironburg at the PTAB (*See* Lujin Decl., ¶ 2, Ex. 1);

15   (3) failure to provide evidence of Ironburg's attorney fee calculations and their applicability to the

16   relevant issues; (4) failure to justify the reasonableness of the rates and hours beyond Ironburg's

17   counsel attesting to their reasonableness; and (5) erroneous inclusion of any IPR fees where Valve

18   prevailed in cancelling numerous claims (*see Dragon Intellectual Property, LLC v. DISH Network

19   L.L.C.*, No. CV 13-2066-RGA, 2021 WL 3616147, at *7-9 (D. Del. Aug. 16, 2021) (finding IPR

20   fees not recoverable under Section 285)).

21        That Ironburg now comes to the Court with an excessive and facially deficient fee

22   calculation only illustrates the groundlessness of Ironburg's entire bid for fees.

23   **IV.    PREJUDGMENT INTEREST**

24        A court's award of prejudgment interest is purely discretionary. *See e.g. Conceptus, Inc. v.

25   Hologic, Inc.*, No. C 09–02280 WHA, 2012 WL 44064, at *4 (N.D. Cal. Jan. 9, 2012). The Court

26   "has wide latitude in selection of interest[.]" *See Uniroyal, Inc. v. Rudkin–Wiley Corp.*, 939 F.2d

VALVE'S OPPOSITION TO MOTION FOR ATTORNEYS'
FEES AND PREJUDGMENT INTEREST
(2:17-cv-01182-TSZ) - 11

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

1   1540, 1545 (Fed. Cir. 1991); *Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 556–57

2   (Fed. Cir. 1984).

3          If the Court decides in its discretion to award Ironburg prejudgment interest, it should do

4   so at the United States Treasury Bill ("T-bill") rate, compounded annually, which "has been

5   accepted and employed by many courts in patent cases as a reasonable method of placing a patent

6   owner in a position equivalent to where it would have been had there been no infringement."

7   *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-CV-05501-SI, 2018 WL 4849681, at *2

8   (N.D. Cal. Oct. 4, 2018) (citing cases). For instance, in *Apple Inc. v. Samsung Electronics Co.*, the

9   Court refused to apply a rate higher than the T-bill rate because there was no evidence the plaintiff

10  borrowed money due to "the loss of the use of the money awarded as a result of infringement." 67

11  F. Supp. 3d 1100, 1121-22 (N.D. Cal. 2014), *aff'd*, 816 F.3d 788 (Fed. Cir. 2016). The same is true

12  here, so the Court should calculate pre-judgment interest (if any) at the 52-week T-bill rate,

13  compounded annually—not at the prime rate. *See Verinata Health*, 2018 WL 4849681, at *2; *see*

14  *also Baden Sports, Inc. v. Kabushiki Kaisha Molten*, No. C06-210MJP, 2007 WL 2790777, at *8

15  (W.D. Wash. Sept. 25, 2007) (awarding prejudgment interest at the statutory rate under 28 U.S.C.

16  § 1961(a)). This amount would be approximately $282,000.00. (*See* Lujin Decl., ¶ 7).

17  **V.    CONCLUSION**

18         For the foregoing reasons and under the totality of circumstances, Valve respectfully

19  requests that the Court deny Ironburg's motion for attorneys' fees and prejudgment interest.

20

21

22

23

24

25

26

VALVE'S OPPOSITION TO MOTION FOR ATTORNEYS'
FEES AND PREJUDGMENT INTEREST
(2:17-cv-01182-TSZ) - 12

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

Dated: August 23, 2021                  Respectfully submitted,

                                        By:  *s/ Patrick A. Lujin*
                                        Patrick A. Lujin (pro hac vice)
                                        B. Trent Webb (pro hac vice)
                                        Mark D. Schafer (pro hac vice)
                                        Lydia C. Raw (pro hac vice)
                                        SHOOK, HARDY & BACON L.L.P.
                                        2555 Grand Boulevard
                                        Kansas City, Missouri 64108
                                        Tele:   816-474-6550
                                        Fax:    816-421-5547
                                        plujin@shb.com; bwebb@shb.com;
                                        mschafer@shb.com; lraw@shb.com


                                        By  *s/ Gavin W. Skok*
                                        Gavin W. Skok, WSBA #29766
                                        FOX ROTHSCHILD LLP
                                        1001 Fourth Avenue, Suite 4500
                                        Seattle, WA 98154
                                        Tele:   206-624-3600
                                        Fax:    206-389-1708
                                        gskok@foxrothschild.com

                                        Reynaldo C. Barceló (pro hac vice)
                                        Joshua C. Harrison (pro hac vice)
                                        BARCELO HARRISON & WALKER LLP
                                        2901 West Coast Highway, Suite 200
                                        Newport Beach, CA 92663
                                        Tele: 949-340-9736
                                        Fax: 949-258-5752
                                        rey@bhiplaw.com; josh@bhiplaw.com

                                        Guadalupe M. Garcia
                                        BARCELO, HARRISON & WALKER, LLP
                                        2225 E. Bayshore Road, Suite 200
                                        Palo Alto, CA  94303
                                        Ph: 650-585-2933
                                        Email: lupe@bhiplaw.com

                                        Attorneys for Defendant
                                        VALVE CORPORATION

VALVE'S OPPOSITION TO MOTION FOR ATTORNEYS'
FEES AND PREJUDGMENT INTEREST
(2:17-cv-01182-TSZ) - 13

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

1

**CERTIFICATE OF SERVICE**

2      I certify that I am a secretary at the law firm of Fox Rothschild LLP in Seattle,

3  Washington.  I am a U.S. citizen over the age of eighteen years and not a party to the within

4  cause.  On the date shown below, I caused to be served a true and correct copy of the foregoing

5  on counsel of record for all other parties to this action as indicated below:

6

| **Service List** | |
| --- | --- |
| **Robert D. Becker** <br> Manatt, Phelps & Phillips LLP-CA <br> 1841 Page Mill Road <br> Palo Alto, CA 94304 <br> Ph: 650-812-1300 <br> Email: rbecker@manatt.com | ☐ Via US Mail <br> ☐ Via Messenger <br> ☒ Via CM/ECF / Email <br> ☐ Via over-night delivery |
| **Christopher L. Wanger** <br> **Ana G. Guardado** <br> MANATT, PHELPS & PHILLIPS, LLP <br> One Embarcadero Center, 30th Floor <br> San Francisco, CA 94111 <br> Ph: 415-291-7410 <br> Email: cwanger@manatt.com; <br> aguardado@manatt.com | |
| **Stephen C Willey** <br> **Duffy J. Graham** <br> SAVITT BRUCE & WILLEY LLP <br> 1425 Fourth Ave, Ste 800 <br> Seattle, WA 98101-2272 <br> 206-749-0500 <br> Fax: 206-749-0600 <br> Email: swilley@sbwllp.com; dgraham@sbwllp.com | |
| **Alexandra N. Hill** <br> MANATT, PHELPS & PHILLIPS, LLP <br> 2049 Century Park East, Suite 1700 <br> Los Angeles, CA 90067 <br> Ph: 310-312-4183 <br> Email: AHill@manatt.com <br><br> *Attorneys for Plaintiff* | |

VALVE'S OPPOSITION TO MOTION FOR ATTORNEYS'
FEES AND PREJUDGMENT INTEREST
(2:17-cv-01182-TSZ) - 14

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

1    I declare under penalty of perjury under the laws of the State of Washington that the

2  foregoing is true and correct.

3    EXECUTED this 23rd day of August, 2021, in Tacoma, Washington.

4

5                                          _____

6                                          Courtney R. Brooks

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

VALVE'S OPPOSITION TO MOTION FOR ATTORNEYS'
FEES AND PREJUDGMENT INTEREST
(2:17-cv-01182-TSZ) -  15

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600