The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IRONBURG INVENTIONS LTD., <br><br> Plaintiff, <br><br> v. <br><br> VALVE CORPORATION, <br><br> Defendant. | Case No. 2:17-cv-01182-TSZ <br><br> **PLAINTIFF IRONBURG INVENTIONS LTD.'S OPPOSITION TO VALVE CORPORATION'S MOTION TO TAX COSTS/BILL OF COSTS** <br><br> NOTE ON MOTION CALENDAR: <br> August 27, 2021 |

**TABLE OF CONTENTS**

Page

I.   Introduction ................................................................................................................. 1
II.  Factual Background .................................................................................................... 2
III. Valve Is Not Entitled To Recover Any Costs ............................................................. 3
IV.  Valve Is Not Entitled To Any Costs For Exemplification Or Making Copies ................... 5
V.   Valve Is Not Entitled To Any Costs For Witness Or Service Fees ..................................... 6
VI.  Valve Is Not Entitled To Any Fees For Printed/Electronically Recorded Transcripts ................. 7
VII. Conclusion ................................................................................................................ 12

<h1 style="text-align:center">TABLE OF AUTHORITIES</h1>

**Page**

<h2 style="text-align:center">CASES</h2>

*Resnick v. Netflix, Inc.*,
   779 F.3d 914 (9th Cir. 2015) ............................................................................................... 6

*Shum v. Intel Corp.*,
   629 F.3d 1360 (Fed. Cir. 2011) ............................................................................................ 3

*SSL Services, LLC v. Citrix Systems, Inc.*,
   769 F.3d 1073 (Fed. Cir. 2014) ............................................................................................ 3

*Synopsys, Inc. v. Ricoh Co.*,
   661 F.3d 1361 (Fed. Cir. 2011) ............................................................................................ 6

<h2 style="text-align:center">STATUTES</h2>

28 U.S.C. §1920(4) ..................................................................................................................... 5

35 U.S.C. §101 ............................................................................................................................ 2

35 U.S.C. §102 ............................................................................................................................ 2

35 U.S.C. §103 ............................................................................................................................ 2

35 U.S.C. §112 ............................................................................................................................ 2

35 U.S.C. §315(e) ........................................................................................................................ 2

<h2 style="text-align:center">RULES</h2>

Fed. R. Civ. Proc. 54(d)(1) ............................................................................................. 1, 3, 4, 5

Local Civil Rule 54(d) ............................................................................................................ 2, 3

## I. Introduction

Plaintiff Ironburg Inventions Ltd. ("Ironburg") hereby objects to and opposes the Motion to Tax Costs/Bill of Costs filed by defendant Valve Corporation ("Valve"). (Dkts. 470, 471-4).

Valve's motion should be denied in its entirety because Valve was not "the prevailing party" in the present action, and only the prevailing party is entitled to costs under Federal Rule of Civil Procedure 54(d)(1). Ironburg is the prevailing party in the action, having prevailed on its claims for infringement of its U.S. Patent No. 8,641,525 ("the '525 patent") and having obtained a jury verdict against Valve (including a finding of willfulness) and an award of over $4 million in damages (plus interest). Because there can be only one prevailing party under Rule 54(d)(1) and because Ironburg's success dwarfs the limited success Valve achieved in defending against two claims from a related Ironburg patent, U.S. Patent No. 9,089,770 ("the '770 patent), Valve is not entitled to any costs.

The present motion should also be denied in its entirety for a second, independent reason. Even if Valve could seek some costs pursuant to the Partial Judgment in this action (Dkt. 464), it has failed to satisfy its burden of establishing that its alleged costs were incurred in connection with Ironburg's claims involving the '770 patent (as opposed to other claims asserted in this action, including Ironburg's successful '525 patent claims). In fact, the '770 patent was never even mentioned during several of the depositions for which Valve now seeks costs.

Valve's motion should also be denied in its entirety for a third, independent reason. Valve has failed to establish that any of its alleged costs were not merely duplicative of costs it incurred in connection with Ironburg's successful '525 patent claims. As detailed herein, the '525 patent claims clearly predominated in this case, rendering most (if not all) discovery concerning the '770 patent entirely cumulative in nature. For example, Valve's own damages expert opined that the hypothetical royalty rate to be paid by Valve (if just the '525 patent were found infringed) would be unchanged were Valve also found to infringe the '770 patent.

Finally, Valve's motion should be denied, at least in part, given: (1) its failure to establish that any of its alleged exemplification/copying costs were for materials necessarily obtained for use in this case; (2) its failure to support the reasonableness of its color copying costs; (3) its

assertion of unnecessary, excessive, and unwarranted witness/service fees; and (4) its inclusion of several non-taxable costs (*e.g.*, expediting charges, where the transcript was not immediately needed for the present action). Ironburg also objects to all additional line-item costs asserted by Valve to the extent Valve contends that identical and/or very similar line-item costs sought by Ironburg in its own Motion to Tax Costs/Bill of Costs (Dkt. 472) are not recoverable. Valve must be consistent, and cannot have it both ways.

## II.     Factual Background

On December 3, 2015, Ironburg filed suit against Valve for infringement of Ironburg's '525 patent. After over five years of litigation, during which Valve repeatedly employed "scorched earth" defense tactics, a jury (on February 2, 2021) found that Valve (through its sale of the only accused product, the Valve Steam Controller) willfully infringed all seven claims of the '525 patent asserted by Ironburg at trial and awarded Ironburg $4,029,533.93 in damages. (Dkt. 416). Accordingly, the Court (on July 19, 2021) entered judgment in favor of Ironburg on its claims for infringement of the '525 patent for the amount of the jury verdict, together with interest and costs to be taxed in the manner set forth in Local Civil Rule 54(d). (Dkt. 464).[1]

Ironburg also asserted that the same accused product (the Steam Controller) infringed its '770 patent – a continuation of the '525 patent that shares the same specification and drawings (*i.e.*, the '525 and '770 patents are largely identical, with the exception of the claims). However, the Court never substantively addressed the vast majority of that count. For example, the Court never addressed the validity of any '770 patent claim under 35 U.S.C. §§101, 102, and/or 103.[2]

---

[1] Docket 464 was styled as a Partial Judgment because Ironburg, in subsequent amended Complaints, asserted infringement of two additional patents – U.S. Patent No. 9,289,688 ("the '688 patent") and U.S. Patent No. 9,352,229 ("the '229 patent"). Ironburg's claims concerning the '688 and '229 patent have been stayed since December 6, 2017, and are still pending. (Dkt. 148). As such, neither are relevant to the present motion.

[2] There was no need to actively litigate the validity of the '770 patent claims, at least after April 22, 2016, given Valve's filing of a Petition for *inter partes* review ("IPR") of all asserted claims on that date (and the subsequent institution of IPR proceedings on September 26, 2016). (Dkts. 142-2, 142-4). *See* 35 U.S.C. §315(e) (precluding Valve from asserting any validity defenses in a district court that it raised, or could have raised in its IPR Petition). The only exception was a handful of meritless indefiniteness arguments (35 U.S.C. §112), which required virtually no discovery, and which were rejected by the Court on June 7, 2018. (Dkt. 189).

1  Nor was it required to address infringement, other than with respect to claims 13 and 14.[3]  Even
2  then, the Court's opinion (granting Valve summary judgement on those two claims) emphasized
3  one question, whether the language "outside surface of the back" in claim 13 meant "outside
4  surface of the back of the outer case of the controller."[4]  (Dkt. 301, p. 3).

**III.     Valve Is Not Entitled To Recover Any Costs**

Under the plain language of Rule 54(d)(1), there can be only be one prevailing party in a given case for purposes of costs, even in a mixed judgment case.  *See, e.g., Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2011) (costs are granted to "the prevailing party" – not "a prevailing party" or "the prevailing parties" – which unambiguously limits the number of prevailing parties in a given case to one; there is no special exception for mixed judgment cases, where both parties had some claims decided in their favor; "punting" in those situations is not an option).  Here, Ironburg is clearly "the prevailing party," having secured a jury verdict that Valve willfully infringed all claims of the '525 patent asserted at trial and an award of over $4 million in damages (plus interest).  That Valve may have obtained some highly limited success in defending against an additional patent-in-suit is irrelevant.  *See, e.g., SSL Services, LLC v. Citrix Systems, Inc.*, 769 F.3d 1073, 1086-87 (Fed. Cir. 2014) (party need not prevail on all claims to be the prevailing party; reversing refusal to find patentee who established infringement of one patent, but not another, the prevailing party).  Valve's motion for costs is therefore without merit, and should be denied in its entirety, for this reason alone.[5]

---

[3] Nor was there reason to actively litigate any other issue (other than infringement of claims 13 and 14) after September 22, 2017, when the U.S. Patent Trial and Appeal Board ("PTAB") found claims 1-12, 15-18, and 20 unpatentable. (Dkt. 142-6). Further, the PTAB's decision cannot support a cost award, as it is a separate body with its own rules/procedures for assessing costs.

[4] Claim 14 was only discussed to the extent it incorporated the language of claim 13.

[5] Ironburg recognizes that the Court's Partial Judgment provides that Valve "may" tax certain costs "in the manner set forth in Local Civil Rule 54(d)." However, that language makes clear that taxation is optional (use of the term "may") and subject to the restrictions of Rule 54(d). (Dkt. 464). To the extent the Partial Judgment is read more broadly, so as to authorize the taxation of costs against Ironburg in connection with Ironburg's claims involving the '770 patent, Ironburg respectfully submits that the portion of the Partial Judgment directed to Valve's costs is inconsistent with the language of Federal Rule 54(d)(1) and the case law cited above.

Even if Valve could seek some costs despite the plain language of Federal Rule 54(d)(1) and Federal Circuit precedent, any such taxation is strictly limited to costs incurred in connection with Ironburg's claims involving the '770 patent. (Dkt. 464). And, Valve has failed to satisfy its burden of presenting evidence establishing that its alleged costs were incurred in connection with those '770 patent claims (as opposed to, for example, Ironburg's successful claims concerning the '525 patent). (Dkts. 470, 471). This failure is significant, and not unexpected, given that: (1) virtually all, if not all, validity-related discovery conducted after April 22, 2016 would have been irrelevant to the '770 patent claims (given Valve's IPR Petition); (2) Valve had no meritorious reason to actively seek discovery concerning any '770 patent issue (other than infringement of claims 13 and 14) after September 22, 2017 (given the PTAB's patentability determinations); and (3) the Court resolved those infringement issues on November 15, 2018 in an opinion that largely emphasized a single question (which Valve could have raised in early 2016 during *Markman* proceedings). Valve's failure to establish that any of its alleged costs were incurred in connection with Ironburg's '770 patent claims (as opposed to other claims) thus provides a second, independent reason why the present motion should be denied in its entirety.

Moreover, any taxation should further be strictly limited to those costs (if any) that Valve would not have otherwise incurred in connection with Ironburg's successful '525 patent claims. For example, Valve cannot tax costs for a deposition seeking information concerning Ironburg's damages resulting from infringement of the '525 patent merely because Valve might assert (with no support provided in its motion) that some of the same information might apply to damages resulting from infringement of the '770 patent. Indeed, Valve's own damages expert opined that the hypothetical royalty rate to be paid by Valve (if just the '525 patent were found infringed) would be unchanged were Valve also found to infringe the '770 patent. (Dkt. 339-4, p. 12). *See also*, Salters Report, p. 9, n. 63. As another example, Valve cannot tax costs for a deposition seeking information concerning Valve's inequitable conduct allegations concerning '525 patent claims merely because Valve might again assert (again with no support provided in its motion) that some of the same information might apply to its inequitable conduct allegations concerning claims of the '770 patent. In fact, Valve's inequitable conduct allegations (which were pled as a

separate ninth counterclaim, notably distinct from Valve's fourth counterclaim for declaratory judgment of non-infringement of the '770 patent referenced in the Court's Partial Judgment) all relied on alleged withholding of the same reference by the same individual(s). (Dkt. 49, pp. 15, 34-68)(Dkt. 320, p. 6)(Dkt. 464). Moreover, the Court granted Ironburg summary judgment on that inequitable conduct counterclaim, finding that no reasonable trier of fact could possibly find: (1) the allegedly withheld reference was material to patentability; and (2) that anyone associated with Ironburg acted with an intent to deceive.[6] (Dkt. 320, pp. 13-20). Allowing Valve to offset costs in this manner (*i.e.*, by allowing Valve to seek the taxation of costs associated with discovery it was already obligated to undertake as a result of its willful infringement of Ironburg's '525 patent) would make a mockery of the cost recovery process and its policy goals.[7] Valve's failure to establish that its alleged costs were not merely duplicative of the costs it incurred in connection with Ironburg's successful '525 patent claims thus provides a third, independent reason why Valve's present motion should be denied in its entirety.

Valve's three categories of alleged costs are now addressed below.

**IV.   Valve Is Not Entitled To Any Costs For Exemplification Or Making Copies**

Valve's request for copying costs should be denied in its entirety.[8] As detailed above, Valve was not "the prevailing party" in this action, nor has it satisfied it burden of establishing that its alleged costs were incurred in connection with Ironburg's claims involving the '770 patent (let alone that they are not merely duplicative of costs it incurred in connection with Ironburg's successful '525 patent claims).[9] Moreover, Valve has failed to establish that any of the alleged copies for which it now seeks costs were necessarily obtained for use in this case. *See* 28 U.S.C. §1920(4). Valve has submitted 27 generic invoices – none of which contain any information as to

---

[6] That Valve's inequitable conduct counterclaim were found so lacking in substantive merit also establishes that discovery directed to that claim (at least by Valve) was never necessary.

[7] Federal Rule 54(d)(1) limits recovery of costs to only one party for this reason.

[8] It does not appear that Valve has sought any exemplification costs. To the extent Valve asserts otherwise, Ironburg's objections to Valve's copying costs apply as well.

[9] Most of Valve's copying costs were allegedly incurred in 2018 – well after the PTAB determined that most of the '770 patent claims were unpatentable (and Valve was estopped from asserting Validity arguments it raised or could have raised in its Petition).

1 what documents were allegedly "copied" and/or why each copy was purportedly necessary.[10]

2 (Dkt. 471-3, Ex. C). Valve's motion similarly lacks the requisite detail and support. That a

3 document was allegedly copied "for purposes of the present action" does not, by itself, establish

4 that its cost is taxable. For example, it is well-established that the cost of copies generated for the

5 convenience of counsel (*e.g.*, copies for an attorney's files) is not recoverable, and that the party

6 seeking to tax costs bears the burden of identifying the purpose of each copying expenditure

7 beyond generic references. *See*, *e.g.*, *Resnick v. Netflix, Inc.*, 779 F.3d 914, 928 (9th Cir. 2015);

8 *Synopsys, Inc. v. Ricoh Co.*, 661 F.3d 1361, 1367-68 (Fed. Cir. 2011) (finding copying costs not

9 adequately supported; applying 9th Circuit law). Ironburg also objects to the reasonableness of

10 Valve's color copying costs, as it respectfully submits that $0.50 per page is excessive, especially

11 given the absence of any information as to the size and complexity of the documents.

**V.    Valve Is Not Entitled To Any Costs For Witness Or Service Fees**

13 Valve's request for witness and service fees should similarly be denied in its entirety.

14 Again, Valve was not "the prevailing party." Nor has it established that its alleged costs were

15 incurred in connection with Ironburg's claims involving the '770 patent (let alone that they are

16 not merely duplicative of costs it incurred in connection with Ironburg's '525 patent claims).

17 Valve has sought witness and service fees associated with three depositions: (1) an August

18 21, 2018 deposition of Microsoft (James Hunter); (2) a March 28, 2017 deposition of Scuf

19 Gaming (Duncan Ironmonger); and (3) a March 30, 2017 deposition of Stephen Terrell. The

20 Microsoft deposition was largely, if not completely, restricted to damages issues, and had no

21 direct connection to whether the accused Valve Steam Controller infringed the '770 patent. The

22 Scuf Gaming deposition also largely focused on '525 patent issues. Indeed, the '525 patent (but

23 not the '770 patent) was marked as a deposition exhibit. And the Terrell deposition was focused

---

[10] It appears Valve may have submitted every "Imaging Services" invoice dated prior to November 15, 2018 (when the Court granted summary judgment on claims 13 and 14 of the '770 patent) – regardless of what documents were allegedly "copied" and/or why they were "copied." In fact, the vast majority of Valve's asserted costs are for "blowbacks" (*i.e.*, prints of already existing electronic documents), and thus cannot possibly relate to the production of electronic documents to Ironburg (unless they were additional copies made for Valve's files/convenience, which are clearly not recoverable).

1    on Valve's inequitable conduct allegations – which were set forth in a separate counterclaim and
2    rejected by the Court in Ironburg's favor on summary judgment.[11] (Dkt. 320, p. 6).

3          Valve's alleged costs are also excessive. For example, Valve appears to have needlessly
4    increased the cost of service on Scuf Gaming by attempting to serve its corporate representative
5    four different times at a personal residence, rather than at its corporate offices (where service was
6    finally effectuated). (Dkt. 471-1, p. A5). Valve has also improperly claimed $80 in witness fees
7    for this deposition (*i.e.*, two days of witness fees), even though the Scuf Gaming deposition lasted
8    only one day and involved only one deponent.

**VI.   Valve Is Not Entitled To Any Fees For Printed/Electronically Recorded Transcripts**

10         Valve's request for transcript fees should also be denied in its entirety. Yet again, Valve
11   was not "the prevailing party." Nor has Valve established that its alleged costs were incurred in
12   connection with Ironburg's claims involving the '770 patent. Even if Valve were somehow "the
13   prevailing party" and had established that its alleged costs were incurred in connection with
14   Ironburg's claims involving the '770 patent (which it has not), Valve has still failed to prove that
15   any such costs were not merely duplicative of costs it incurred in connection with Ironburg's
16   successful '525 patent claims. As detailed in the table below, all of the depositions cited in
17   Valve's motion were primarily directed at '525 patent issues (and, if any '770 patent issues were
18   raised, those issues were at best merely cumulative in virtually all instances). In fact, the '770
19   patent was often never mentioned. Moreover, as discussed above, both the Microsoft and Terrell
20   (2017) depositions were unnecessary, at least with respect to the '770 patent.

21         Even ignoring the above, Valve improperly seeks expediting fees/changes for the Burgess
22   ($1,000.98) and Rule ($739.68) deposition transcripts (inaccurately describing those additional
23   fees as the cost of obtaining copies), as well as the *Markman* hearing transcript from the Northern

---

[11] Ironburg also challenges the necessity of the Microsoft and Terrell depositions noticed by Valve, at least in the context of the '770 patent. For example, the Microsoft deposition was only cited once in Valve's damages expert report (for a proposition that could and should have instead been elicited from Scuf Gaming, as it concerned Scuf Gaming's business model), and was never introduced during trial. And Mr. Terrell's deposition should have never been noticed by Valve in the first place, especially given the Court's findings on summary judgment (that no reasonable trier of fact could accept Valve's inequitable conduct allegations for multiple reasons).

District of Georgia ($316.00).[12]  (Dkt. 472-1, pp. 1, B03, B11, B13).  Valve has provided no explanation for why it needed these transcripts expedited for this action – because it cannot.  Valve almost certainly expedited the deposition transcripts for use in sperate IPR proceedings, and Ironburg submits that the *Markman* transcript was wholly unnecessary (and its cost should be disallowed in its entirety, even at a standard rate per page), as it was rendered a complete nullity by Valve's unilateral and belated decision, soon thereafter, to seek transfer of the present action to this Court (*i.e.*, the Georgia court never issued a claim construction order).[13]  (Dkt. 110).

Ironburg also objects to additional line-item deposition costs to the extent Valve asserts identical and/or similar costs sought by Ironburg in its own Motion to Tax Costs (Dkt. 472) are non-recoverable.  This may include charges for: (1) shipping/handling; (2) uploading/archiving; (3) reporter/videographer travel; (4) set-up/initial fee; (5) hourly attendance; (6) digitization/synchronization; and (7) media/cloud services.  For example, Valve repeatedly seeks to tax shipping and handling charges (as well as uploading/archiving charges) for videos, yet inexplicably appears to assert (by omitting it from its own Bill of Costs) that shipping and handling charges for transcripts are non-taxable.  *See*, *e.g.*, Dkt. 471-2, pp. B01, B02, B04-B09.  As another example, Valve repeatedly seeks to tax travel, set-up, and attendance time for videographers, yet appears to incongruously assert that attendance charges for reporters are non-taxable.  *See*, *e.g.*, Dkt. 471-2, pp. B04-B09, B11-B14.  And, as a third example, Valve repeatedly seeks to tax digitization/synchronization and media/cloud charges for videos, yet unexplainedly appears to assert that charges for similar acts needed to prepare a transcript (*e.g.*, production/processing, LEF file, and litigation package changes) are non-taxable.  *See*, *e.g.*, Dkt. 471-2, pp. B04-B09.  Valve must be consistent.  It cannot seek to tax certain video-related deposition costs, while objecting to identical (or nearly identical) costs associated with the transcript, merely because an inconsistent approach may be economically beneficial.

---

[12] The *Markman* hearing transcript was 80 pages.  Valve seeks to recover expedited costs of $4.85 per page.  (Dkt. 471-2, p. B03).  The standard rate was $0.90 per page.  (*Id.*, p. B10).

[13] In addition, the reported exhibit cost for the Microsoft (Hunter) deposition was $86.45, not $114.00 as claimed by Valve.  (Dkt. 471-2, p. B24).

| Deponent | Date | Alleged Costs | Ironburg Objections |
|---|---|---|---|
| General Objection for All Depositions and Court Hearings | All | General Objection to All Costs | Valve is not "the prevailing party" in this action; Valve has failed to satisfy its burden to establish its alleged costs were incurred in connection with Ironburg's claims involving the '770 patent; Valve has failed to establish its alleged costs were not merely duplicative of costs it incurred in connection with Ironburg's successful '525 patent claims; line-item costs contested by Ironburg to the extent Valve contends identical or similar costs sought by Ironburg (even if associated with a different medium) are not recoverable |
| Microsoft (J.Hunter) (Noticed by Valve) | 8-21-18 | $912.80 Transcript<br>$11.20 Hard Copy Transcript<br>$86.45 Exhibits<br>$395.00 Video Set-Up & 1st Hour<br>$300.00 Video Subsequent Hours<br>$150.00 Video Synchronization<br>$25.00 Video Upload/Archive | Deposition limited, or virtually limited, to damages issues; '770 patent never mentioned; deposition (noticed by Valve) not necessary, at least with respect to the '770 patent; reported exhibit cost was $86.45, not $114.00 as claimed by Valve |
| J.Lo | 5-1-18 | $486.50 Transcript<br>$40.05 Exhibit Scanning | Deposition limited, or virtually limited, to damages issues; '770 patent never mentioned |
| K.Miller | 6-21-18 | $405.15 Transcript<br>$125.65 Exhibits | Deposition limited, or virtually limited, to damages issues; '770 patent never mentioned |
| S.Lynch | 5-23-18 | $434.00 Transcript<br>$80.80 Exhibit Copying<br>$55.80 Exhibit Scanning | Deposition largely directed to damages and willfulness issues; '770 patent never mentioned |
| J.Keyzer | 8-1-18 | $397.85 Transcript<br>$20.80 Exhibits | Deposition limited, or virtually limited, to development of the Valve Steam Controller found to infringe the '525 patent; '770 patent never mentioned |
| C.Gottschalk | 8-2-18 | $324.85 Transcript<br>$2.60 Exhibits | Deposition limited, or virtually limited, to development of the Valve Steam Controller found to infringe the '525 patent; '770 patent never mentioned |
| Scuf Gaming (D.Ironmonger) (Noticed by Valve) | 3-28-17 | $1,935.75 Transcript<br>$26.70 Hard Copy Transcript<br>$66.85 Exhibits<br>$350.00 Video Set-Up & 1st Hour<br>$687.50 Video Subsequent Hours<br>$325.00 Video Synchronization<br>$25.00 Video Upload/Archive | Deposition largely directed to damages and willfulness issues; '525 patent marked as an exhibit; '770 patent never mentioned |
| A.Salters | 9-12-18 | $737.30 Transcript<br>$95.55 Exhibits | Deposition limited to damages issues; Valve thus cannot possibly establish its costs were other than merely duplicative of the costs it |

| | | | |
|---|---|---|---|
| | | | incurred in connection with Ironburg's successful '525 patent claims |
| K.Serwin (Noticed by Valve) | 9-17-18 | $2,035.00 Transcript<br>$37.00 Hard Copy Transcript<br>$239.40 Exhibits<br>$350.00 Video Set-Up & 1st Hour<br>$875.00 Video Subsequent Hours<br>$187.50 Video After Hours<br>$450.00 Video Synchronization<br>$25.00 Video Upload/Archive | Deposition limited to damages issues; Valve thus cannot possibly establish its costs were other than merely duplicative of costs it incurred in connection with Ironburg's successful '525 patent claims |
| J.Bellinghausen | 7-12-18 | $627.80 Transcript<br>$144.40 Exhibits | Deposition limited, or virtually limited, to development of the Valve Steam Controller found to infringe the '525 patent; claims 13 and 14 of the '770 patent never mentioned; Valve thus cannot possibly establish its costs were other than merely duplicative of costs it incurred in connection with Ironburg's successful '525 patent claims |
| E.Hope | 7-26-18 | $335.80 Transcript<br>$30.55 Exhibits | Deposition limited, or virtually limited, to development of the Valve Steam Controller found to infringe the '525 patent; claims 13 and 14 of the '770 patent never mentioned; Valve thus cannot possibly establish its costs were other than merely duplicative of costs it incurred in connection with Ironburg's successful '525 patent claims |
| J.Beach | 7-26-18 | $368.65 Transcript<br>$30.55 Exhibits | Deposition limited, or virtually limited, to development of the Valve Steam Controller found to infringe the '525 patent; claims 13 and 14 of the '770 patent never mentioned; Valve thus cannot possibly establish its costs were other than merely duplicative of costs it incurred in connection with Ironburg's successful '525 patent claims |
| G.Matelich | 7-26-18 | $317.55 Transcript<br>$30.55 Exhibits | Deposition limited, or virtually limited, to development of the Valve Steam Controller found to infringe the '525 patent; claims 13 and 14 of the '770 patent never mentioned; Valve thus cannot possibly establish its costs were other than merely duplicative of costs it incurred in connection with Ironburg's successful '525 patent claims |
| G.Coomer | 8-1-18 | $343.10 Transcript<br>$7.80 Exhibits | Deposition limited, or virtually limited, to development of the Valve Steam Controller found to infringe the '525 patent; claims 13 and 14 of the '770 patent never mentioned; Valve thus cannot possibly establish its costs were other than merely duplicative of costs it incurred in connection with Ironburg's successful '525 patent claims |

| | | | |
|---|---|---|---|
| S.Dalton | 8-1-18 | $321.20 Transcript<br>$22.75 Exhibits | Deposition limited, or virtually limited, to development of the Valve Steam Controller found to infringe the '525 patent; claims 13 and 14 of the '770 patent never mentioned; Valve thus cannot possibly establish its costs were other than merely duplicative of costs it incurred in connection with Ironburg's successful '525 patent claims |
| S.Terrell<br>(Noticed by Valve) | 3-30-17 | $1,178.55 Transcript<br>$24.30 Hard Copy Transcript<br>$175.35 Exhibits<br>$350.00 Video Set-Up & 1st Hour<br>$750.00  Video Subsequent Hours<br>$350.00 Video Synchronization<br>$25.00 Video Upload/Archive | Deposition limited, or largely limited, to inequitable conduct counterclaim (separate and distinct from the non-infringement counterclaim referenced in the Court's Partial Judgment); inequitable conduct counterclaim rejected by the Court on summary judgment; deposition (noticed by Valve) not necessary, at least with respect to the '770 patent |
| S.Terrell<br>(Noticed by Valve) | 9-20-18 | $1,294.80 Transcript<br>$16.60 Hard Copy Transcript<br>$118.30 Exhibits<br>$350.00 Set-Up & 1st Hour Video<br>$437.50  Video Subsequent Hours<br>$225.00 Video Synchronization<br>$25.00 Video Upload/Archive | Deposition strictly limited to inequitable conduct counterclaim (separate and distinct from the non-infringement counterclaim referenced in the Court's Partial Judgment); even then, questions were strictly limited to the allegedly withheld reference, a search report, and questions where Ironburg asserted privilege; inequitable conduct counterclaim rejected by the Court on summary judgment |
| J.Rule<br>(Noticed by Valve) | 5-11-18 | $1,058.00 Transcript<br>$739.68 Expediting Fee<br>$138.60 Exhibits<br>$375.00 Video Initial Fee<br>$875.00 Video Subsequent Hours<br>$96.00 Video Media/Cloud Serv.<br>$300.00 Video Digitizing & Transcript Synchronization<br>$60.00 Video Travel<br>$22.50 Video Shipping & Hand. | Deposition limited, or largely limited ,to inequitable conduct counterclaim (separate and distinct from the non-infringement counterclaim referenced in the Court's Partial Judgment); inequitable conduct counterclaim rejected by the Court on summary judgment; fees for an expedited transcript unnecessary (transcript was likely expedited for use in different proceedings, *i.e.*, the IPRs) |
| K.Quackenbush | 8-22-18 | $222.65 Transcript<br>$30.55 Exhibits | Deposition primarily directed at communications between Ironburg and Valve; Valve thus cannot possibly establish its costs were other than merely duplicative of costs it incurred in connection with Ironburg's successful '525 patent claims |
| S.Burgess<br>(Noticed by Valve) | 5-10-18 | $1,431.75 Transcript<br>$1,000.98 Expediting Fee<br>$154.00 Exhibits<br>$375.00 Video Initial Fee<br>$1,400.00 Video Additional Hrs.<br>$160.00 Media and Cloud Servs.<br>$412.50 Video Digitizing & Transcript Synchronization | Fees for an expedited transcript unnecessary (transcript was likely expedited for use in different proceedings, *i.e.*, the IPRs) |

|  |  |  |  |
|---|---|---|---|
|  |  | $52.50 Video Travel<br>$22.50 Video Shipping & Hand. |  |
| Ironburg<br>(D.Ironmonger)<br>(Noticed by Valve) | 3-29-17 | $2,160.50 Transcript<br>$29.80 Hard Copy Transcript<br>$158.55 Exhibits<br>$350.00 Video Set-Up & 1st Hour<br>$812.50 Video Subsequent Hours<br>$25.00 Video Upload/Archive |  |
| D.Ironmonger<br>(Noticed by Valve) | 8-5-18 | $1,067.60 Transcript<br>$15.70 Hard Copy Transcript<br>$85.40 Exhibits<br>$350.00 Video Set-Up & 1st Hour<br>$250.00 Video Subsequent Hours<br>$150.00 Video Synchronization<br>$25.00 Video Upload/Archive |  |
| R.Dezmelyk | 12-1-16 | $574.00 Transcript<br>$94.25 Exhibits<br>$343.75 Video – Transcript Synchronization<br>$35.00 Shipping & Handling |  |
| R.Dezmelyk | 9-7-18 | $1,076.75 Transcript<br>$27.75 Scanning<br>$315.70 Exhibits Scanned-Searchable – OCR |  |
| G.Kitchen<br>(Noticed by Valve) | 9-5-18 | $1,650.00 Transcript<br>$30.00 Hard Copy Transcript<br>$200.90 Exhibits<br>$350.00 Video Set-Up & 1st Hour<br>$875.00 Video Subsequent Hours<br>$281.25 Video After Hours<br>$475.00 Video Synchronization<br>$25.00 Video Upload/Archive |  |
| Court Hearing | 3-2-17 | $388.00 Expedited Transcript | Transcript unnecessary; Georgia court never issued a claim construction; entire *Markman* hearing rendered a nullity by Valve's belated motion to transfer venue, filed soon thereafter; expediting charge of $4.85 per page not necessary/recoverable |

## VII. Conclusion

For the reasons stated above, Valve's Motion to Tax Costs/Bill of Costs should be DENIED in its entirety.

Dated:  August 23, 2021

**MANATT, PHELPS & PHILLIPS, LLP**

By:    */s/ Robert D. Becker*
   Robert D. Becker, *pro hac vice*
   Christopher L. Wanger, *pro hac vice*
   One Embarcadero Center, 30th Floor
   San Francisco, CA  94111
   Tel: (415) 291-7617; Fax (415) 291-7474
   Email: rbecker@manatt.com
   Email: cwanger@manatt.com

**SAVITT BRUCE & WILLEY LLP**
   Stephen C. Willey, WSBA #24499
   1425 Fourth Avenue, Suite 800
   Seattle, WA  98101-2272
   Tel: (206) 749-0500; Fax (206) 749-0600
   Email: swilley@sbwllp.com

*Attorneys for Plaintiff Ironburg Inventions Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 23, 2021, I served the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

*/s/ Robert D. Becker*
Robert D. Becker