UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IRONBURG INVENTIONS LTD., <br><br> Plaintiff, <br><br> v. <br><br> VALVE CORPORATION, <br><br> Defendant. | C17-1182 TSZ <br><br> MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The motion brought by plaintiff Ironburg Inventions Ltd. ("Ironburg") to retax costs, docket no. 493, is DENIED. The Court agrees with defendant Valve Corporation ("Valve") that Ironburg waived its "there can be only one prevailing party" argument. Before entering partial judgment allowing both Ironburg and Valve to tax costs, the Court provided the parties an opportunity to review a proposed form of partial judgment and file any objections. See Minute Order (docket no. 461). Ironburg indicated that it "had no objections to Appendix A," which was the proposed partial judgment attached to the Court's Minute Order. See Ironburg's Resp. at 1 (docket no. 463 at 2). With respect to the taxation of costs, the language in the Partial Judgment entered on July 19, 2021, docket no. 464, was identical to the wording in Appendix A. Ironburg's current contention that Valve should not have been permitted to tax costs related to Ironburg's unsuccessful claims involving U.S. Patent No. 9,089,770 ("the '770 Patent") is not timely asserted. Even if Ironburg had not acquiesced in a setoff of the parties' respective costs, the authority on which it now relies, Shum v. Intel Corp., 629 F.3d 1360 (Fed. Cir. 2010), would not support its challenge. In Shum, the Federal Circuit held that "the district court did not abuse its discretion in awarding costs to each party with respect to the claims on which they each prevailed, then netting those sums to arrive at the final figure." Id. at 1364; see also id. at 1370 ("It was not unreasonable for the district court to consider which claims the parties respectively won, or to reduce the prevailing party's costs award to reflect the extent of its victory (i.e., the claims it lost)."). Citing Shum, the Ninth Circuit has also approved of apportioning costs when each of the parties prevailed

MINUTE ORDER - 1

in part.  *See Williams v. Gaye*, 895 F.3d 1106, 1133 (9th Cir. 2018) (concluding that the district court did not abuse its discretion in awarding to one side the costs related to a particular copyrighted song and awarding to the other side the costs associated with a different copyrighted song).  This practice is consistent with the Supreme Court's observation, in the civil rights context, that a lawsuit might involve "distinctly different claims for relief that are based on different facts and legal theories," in which event, the "unrelated claims [must] be treated as if they had been raised in separate lawsuits."  *See Nat'l Org. for Marriage v. McKee*, 42 F. Supp. 3d 225, 230 (D. Me. 2013) (alteration in original, quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983)).  With respect to Ironburg's additional assertion that Valve taxed costs it would have incurred even if the only patent-in-suit had been U.S. Patent No. 8,641,525 ("the '525 Patent"), the Court is unpersuaded.  As to the '525 and '770 Patents, discovery and motion practice occurred concurrently, and Ironburg's bill of costs reflects the same type of overlap between its successful and unsuccessful claims.  From the Court's perspective, the respective cost awards of $111,993.00 (or 70.5%) in favor of Ironburg and $46,744.01 (or 29.5%) in favor of Valve are consistent with the taxable expenses related to the '525 Patent and the '770 Patent, respectively.  Ironburg is entitled to net costs in the amount of $65,248.99.

(2)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 29th day of October, 2021.

Ravi Subramanian
Clerk

s/Gail Glass
Deputy Clerk

MINUTE ORDER - 2