# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| IRONBURG INVENTIONS LTD., <br><br> Plaintiff, <br><br> v. <br><br> VALVE CORPORATION, <br><br> Defendant. | C17-1182 TSZ <br><br> MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Having reviewed the parties' Joint Status Report, docket no. 509, the Court sets the following dates and deadlines:

(a) On or before October 16, 2023, plaintiff may file a renewed or revised motion for inter partes review ("IPR") estoppel, with respect to the non-petitioned grounds at issue (Kotkin and Willner-Koji-Raymond), not to exceed twenty-four (24) pages in length. The motion shall be noted for January 26, 2024.

(b) Prior to filing its motion for IPR estoppel, plaintiff may obtain declarations from individuals with personal knowledge about the efforts used by Collective Minds Gaming Co. ("CMGC") to search for and locate Kotkin and/or Willner-Koji-Raymond. Plaintiff may also procure an expert opinion concerning whether an appropriately skilled person conducting a diligent search would have reasonably been expected to discover Kotkin and/or Willner-Koji-Raymond. Any declarations and/or expert report shall be filed along with plaintiff's motion.

(c) Defendant's response to plaintiff's motion shall be filed by January 5, 2024, and shall not exceed twenty-four (24) pages in length. Prior to filing its response, defendant may depose any individuals who provided declarations concerning CMGC's efforts, as well as plaintiff's expert. Each such

MINUTE ORDER - 1

        deposition shall not exceed two (2) hours in duration.  Defendant may also procure a rebuttal expert opinion and submit such the rebuttal report along with its response.

        (d)     Plaintiff may file a reply brief, not to exceed twelve (12) pages in length, on or by the noting date, January 26, 2024.  Prior to filing its reply, plaintiff may depose defendant's rebuttal expert for a maximum of two (2) hours.

        (e)     In their briefing concerning IPR estoppel, the parties shall also address the merits of defendant's contention that Kotkin and/or Willner-Koji-Raymond render obvious certain claims of United States Patent No. 8,641,525.

(2)     On or before September 8, 2023, the parties shall meet and confer and file a Joint Status Report addressing the following issues:

        (a)     Whether plaintiff alleges that defendant infringed any of the claims of United States Patents Nos. 9,289,699 (the "'688 Patent") and/or 9,352,229 (the "'229 Patent") that remain valid (*i.e.*, Claims 3–8, 11–19, 21, 23–26, and 29 of the '688 Patent,[1] and/or Claims 3–8, 10, and 18–20 of the '229 Patent[2]) and, if so, which claims;

        (b)     Whether the stay imposed by Minute Order entered December 6, 2017, docket no. 148, should be lifted as to plaintiff's infringement claims relating to the '688 Patent and/or the '229 Patent;

---

[1] In IPR2017-00858, defendant petition for review of Claims 1–3, 9, 10, 18–22, and 26–30 of the '688 Patent. See <u>Valve Corp. v. Ironburg Inventions Ltd.</u>, 8 F.4th 1364, 1367 (Fed. Cir. 2021). The Patent Trial and Appeal Board ("PTAB") determined that Claims 1, 2, 9, 10, 20, 22, 27, 28, and 30 are unpatentable. See <u>id.</u> at 1368.  The PTAB further concluded that defendant had not shown that Claims 18, 19, 21, 26 and 29 are unpatentable; defendant appealed from that ruling. <u>Id.</u> at 1368–69.  The Federal Circuit affirmed the PTAB's decision with regard to the claims that were deemed unpatentable, but reversed and remanded for further consideration with respect to Claims 18, 19, 21, 26, and 29.  On remand, the PTAB again determined that defendant had not demonstrated the unpatentability (or obviousness) of Claims 18, 19, 21, 26, and 29; defendant has appealed this decision, and an opening brief is due on August 11, 2023.

[2] In IPR2017-01928, defendant challenged all 24 claims of the '229 Patent.  8 F.4th at 1369.  The PTAB initially concluded that defendant had not established that any claims were unpatentable. <u>Id.</u>  The Federal Circuit reversed and remanded for further proceedings as to Claims 1, 2, 9–17, and 21–24 of the '229 Patent.  See <u>id.</u> at 1370–76 & 1381.  On remand, the PTAB determined that Claims 1, 2, 9, 11–17, and 21–24 of the '229 Patent are invalid as obvious in light of the prior art.  Neither party has appealed, and the IPR process had been completed.  Claims 3–8, 10, and 18–20 of the '229 Patent have survived defendant's IPR challenge.

MINUTE ORDER - 2

        (c)    Whether and, if so, to what extent, are claim construction, discovery, motion practice, and trial necessary as to the '688 and/or '229 Patents; and

        (d)    What dates and deadlines, if any, should the Court set with regard to plaintiff's infringement claims relating to the '688 and/or '229 Patents.

        (3)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 10th day of August, 2023.

                                    Ravi Subramanian
                                    Clerk

                                    s/Laurie Cuaresma
                                    Deputy Clerk