UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| IRONBURG INVENTIONS LTD., <br><br> Plaintiff, <br><br> v. <br><br> VALVE CORPORATION, <br><br> Defendant. | C17-1182 TSZ <br><br> MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff Ironburg Inventions Ltd.'s motion, docket no. 548, to amend the Supplemental Partial Judgment entered May 6, 2024, docket no. 545, is DENIED. On July 19, 2021, the Court entered a partial judgment consistent with the verdict rendered by the jury in favor of plaintiff and against defendant Valve Corporation in the principal amount of $4,029,533.93, together with costs and interest at the rate of eight-hundredths of one percent (0.08%) per annum from the date of judgment until paid in full. <u>See</u> Partial Judgment (docket no. 464). By Order entered July 29, 2021, docket no. 466, the Court granted defendant's unopposed motion to stay execution on the Partial Judgment entered July 19, 2021, upon condition that defendant deposit into the Registry of the Court the principal amount of $4,036,033.93. Defendant paid this sum, and the funds currently remain in the Registry of the Court, having accumulated interest in the amount of $363,690.56, as of June 28, 2024. On September 27, 2021, the Court entered a supplemental partial judgment in favor of plaintiff and against defendant in the principal amount of $322,859.38, representing prejudgment interest from August 15, 2019, to July 19, 2021, together with interest at the rate of eight-hundredths of one percent (0.08%) per annum, compounded annually, from July 19, 2021, until paid in full. <u>See</u> Supp. Partial Judgment (docket no. 496). Plaintiff did not seek review as to the amount of prejudgment interest or the rate of post-judgment interest. Contrary to plaintiff's assertion, the United States Court of Appeals for the Federal Circuit did not invalidate the Partial Judgment entered on July 19, 2021, or the Supplemental Partial Judgment entered

MINUTE ORDER - 1

on September 27, 2021; rather, the Court's judgments were affirmed.[1] *See* <u>Ironburg Inventions Ltd. v. Valve Corp.</u>, 64 F.4th 1274 (Fed. Cir. 2023). On May 6, 2024, the Court entered a supplemental partial judgment in favor of plaintiff and against defendant precluding defendant, pursuant to 35 U.S.C. § 315(e)(2), from asserting certain grounds for challenging the validity of Claims 2, 4, 7, 9, 10, 11, and 18 of United States Patent No. 8,641,525 ("'525 Patent"). *See* Supp. Partial Judgment (docket no. 545). This Supplemental Partial Judgment reflects the rulings made by the Court in the Order entered May 3, 2024, docket no. 544, which addressed the only issue remanded by the Federal Circuit for further proceedings. The subject of defendant's monetary liability with respect to infringement of the '525 Patent, including the amounts of prejudgment and post-judgment interest, was determined with finality on appeal, and plaintiff's motion to amend the most recent Supplemental Partial Judgment, docket no. 545, to include new and different interest rates constitutes an improper attempt to alter the law of the case.

(2)   The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 28th day of June, 2024.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

---

[1] Plaintiff's reliance on <u>American Telephone & Telegraph Co. ("AT&T") v. United Computer Systems, Inc.</u>, 98 F.3d 1206 (9th Cir. 1996), is entirely misplaced. In that case, the district court entered a first judgment confirming an arbitration award and then, on a limited remand from the Ninth Circuit, vacated its own confirmation order. *Id.* at 1207–08. The Ninth Circuit reversed, concluding that the district court erred in vacating the confirmation order and the arbitration award. *Id.* at 1208. On remand, the district court again confirmed the arbitration award, and the issue became whether prejudgment and post-judgment interest calculations should be based on the date of the first judgment or the date of the later, enforceable judgment. *Id.* The *AT&T* case is factually and procedurally distinguishable, and it offers no support for plaintiff's position.

MINUTE ORDER - 2